IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA ) ) ) Plaintiff, ) ) ) v. ) ) BANYAN TREE MANAGEMENT, ) LLC; ALBANY DOWNTOWN HOTEL ) PARTNERS, LLC; and JANE DOE ) ) Defendants. ) | CIVIL ACTION NO.: _____ |

**PETITION FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff Citizens Insurance Company of America ("Citizens") and, pursuant to FED. R. CIV. P. 57 and 28 U.S.C. § 2201, submits this Petition for Declaratory Judgment against Defendants Banyan Tree Management, LLC; Albany Downtown Hotel Partners, LLC; and Jane Doe[1] and states as follows:

1. This is an action for declaratory relief for the purpose of resolving an actual controversy concerning the availability and scope of insurance coverage under the insurance policies described below.

---

[1] Jane Doe is proceeding anonymously in the lawsuit styled *Jane Doe v. Banyan Tree Management, LLC et al.*, Civil Action File No. 19-C-04673-S3 currently pending in the State Court of Gwinnett County, Georgia. She alleges that privacy violations have caused her to suffer humiliation and substantial damages, and she would be "harmed further by proceeding in her full name." Ex. A., n.1.

1

2. This declaratory action stems from an underlying lawsuit against Banyan Tree Management, LLC ("Banyan Tree"); Albany Downtown Hotel Partners, LLC ("Albany Partners"); and John Doe brought by Jane Doe captioned *Jane Doe v. Banyan Tree Management, LLC et al.*, Civil Action File No. 19-C-04673-S3, filed on July 2, 2019 in the State Court of Gwinnett County, Georgia (the "Underlying Action"). A copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A.**

3. Albany Partners and Banyan Tree have requested insurance coverage (defense and indemnity) from Citizens under certain policies of insurance for the claims asserted against them by Jane Doe in the Underlying Action.

4. Citizens is participating in the defense of Albany Partners and Banyan Tree in the Underlying Action pursuant to a full reservation of rights.

5. Citizens disputes it owes insurance coverage to Albany Partners and Banyan Tree for the Underlying Action under these policies and applicable law, as set forth more fully below.

## PARTIES

6. Citizens is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Howell, Michigan.

7. Banyan Tree is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business in Florida. For purposes of diversity of citizenship, Banyan Tree is a citizen of Georgia because members of Banyan Tree are citizens of Georgia.

8. Albany Partners is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Florida. For purposes of diversity of citizenship, Albany Partners is a citizen of Georgia because members of Albany Partners are citizens of Georgia.

9. Jane Doe is an adult citizen and resident of the State of Illinois. Jane Doe is the plaintiff in the Underlying Action. Therefore, she has an interest in the issues presented in this declaratory judgment action.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Citizens and each defendant, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

11. Jane Doe filed the Underlying Action in the State Court of Gwinnett County, Georgia; therefore, pursuant to O.C.G.A. § 9-10-91 ("Georgia's Long Arm

Statute"), this Court has personal jurisdiction over Jane Doe because she has purposefully availed herself to the benefits and protections of the State of Georgia.

12. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because all defendants are subject to the Court's personal jurisdiction.

## THE CITIZENS POLICIES

13. Citizens issued commercial insurance policies containing commercial general liability ("CGL") coverage parts to its Named Insured "Albany Downtown Partners, LCC" for consecutive annual policy periods from April 21, 2015 to April 21, 2017 as further described herein (collectively the "CGL Policies").

14. Subject to the CGL Policies' definitions, terms, and conditions, Banyan Tree qualifies as an additional insured under the CGL Policies.

15. Each of the CGL Policies includes a limit of $1,000,000 for each occurrence; a $1,000,000 personal and advertising injury limit; and a $2,000,000 general aggregate limit.

16. Citizens does not owe a duty to defend or indemnify Albany Partners or Banyan Tree for claims asserted in the Underlying Action under the CGL Policies because the requirements of the insuring agreements of the CGL Policies have not been met, and the CGL Policies contain exclusions that preclude coverage for the Underlying Action as further described herein.

## THE UNDERLYING ACTION

17. On or about July 2, 2019, Jane Doe filed the Underlying Action asserting claims against Banyan Tree and Albany Partners. [*See* Ex. A].

18. Jane Doe alleges that Albany Partners owns and Banyan Tree manages the Hampton Inn and Suites Albany-Downtown ("Hampton Inn"). [Ex. A. ¶ 1].

19. Jane Doe alleges she was a guest at the Hampton Inn in July of 2015, and that, without her knowledge or consent, she was "secretly recorded fully nude showering in the [Hampton Inn] bathroom." [Ex. A. ¶ 1].

20. Jane Doe alleges that she "did not realize she was recorded until September 30, 2018, when she received an e[-]mail" from an unknown sender, which contained a link to the video of her fully nude in the Hampton Inn shower. [Ex. A. ¶¶ 11-12].

21. Jane Doe alleges that, following the September 30, 2018 e-mail, she received subsequent e-mails from the unknown sender on October 1, 2018; October 11, 2018; October 19, 2018; October 20, 2018; and October 26, 2018, and the video was posted on multiple pornographic and video-sharing websites. [*See* Ex. A ¶¶ 14-30].

22. Jane Dane alleges that these e-mails contained threats and were used to extort and blackmail her into cooperation with the unknown sender's demands.

23. Jane Doe alleges that the conduct "was reckless, meaning that John Doe [, the unknown sender, ] had the specific purpose of inflicting emotional distress or intended the conduct (recording . . . [Jane Doe] nude in the shower) would likely result in severe emotional distress to [Jane Doe]." [Ex. A. ¶ 46].

24. Jane Doe alleges that she has suffered emotional distress, and she "did not suffer from any type of remotely similar emotional distress until after she became aware" of the recording on September 18, 2018. [Ex. A. ¶¶ 14, 46].

25. Jane Doe further alleges that "[s]ince this incident she has sustained significant gastrointestinal issues and has lost over 30 pounds to date . . . [, and that she] did not have these problems prior to this incident." [Ex. A. ¶ 46].

26. Jane Doe does not allege that she suffered any "bodily injury" or "property damage" during the policy period of either of the CGL Policies.

27. Jane Doe seeks "all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia [l]aw." [Ex. A. ¶ 80].

### COUNT I:  DECLARATORY JUDGMENT –
### ANY ALLEGED "BODILY INJURY" OR "PROPERTY DAMAGE" OCCURRED AFTER THE CGL POLICIES' POLICY PERIODS

28. Citizens re-alleges and incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

29.    The Coverage A Insuring Agreement of the CGL Policies provides, in part, as follows:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

  a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

  **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and

  **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided under Supplementary Payments–Coverages **A** and **B**.

  b. This insurance applies to "bodily injury" and "property damage" only if:

  **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

7

> **(2)** The "bodily injury" or "property damage" occurs during the policy period; . . .

[Policy Form CG 00 01 12 07, p. 1 of 16].

30. Citizens has no duty to defend or indemnify Albany Partners or Banyan Tree because the claims asserted in the Underlying Action do not satisfy the requirements of the Coverage A insuring agreement of the CGL Policies.

31. Citizens has no duty to defend or indemnify Albany Partners or Banyan Tree under the CGL Policies because any alleged "bodily injury" or "property damage" did not occur during the policy period of either of the CGL Policies.

32. An actual controversy exists because Citizens contends that, pursuant to the terms of the CGL Policies, Citizens has no duty to defend Albany Partners or Banyan Tree in the Underlying Action or to indemnify Albany Partners or Banyan Tree for any damages resulting therefrom.

33. Under 28 U.S.C. § 2201, Citizens seeks a judicial declaration of the parties' respective rights and duties under the CGL Policies.

### COUNT II:  DECLARATORY JUDGMENT –
### CLAIMS ASSERTED IN THE UNDERLYING ACTION DO NOT ALLEGE DAMAGES BECAUSE OF "BODILY INJURY" OR "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE"

34. Citizens re-alleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

35. The CGL Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. 'Bodily injury' includes mental anguish or other mental injury resulting from 'bodily injury'." [As Amended by Policy Form 421-2915 12 14, p. 3 of 4].

36. The CGL Policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." [Policy Form CG 00 01 04 13, p. 15 of 16].

37. The CGL Policies define "property damage" as:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

[Policy Form CG 00 01 04 13, p. 15 of 16].

38. Citizens has no duty to defend or indemnify Albany Partners or Banyan Tree because the claims asserted in the Underlying Action do not satisfy the requirements of the Coverage A insuring agreement of the CGL Policies.

39. Citizens has no duty to defend or indemnify Albany Partners or Banyan Tree because the claims asserted in the Underlying Action do not allege damages

because of "bodily injury" or "property damage" caused by an "occurrence" as defined by the CGL Policies.

40. An actual controversy exists because Citizens contends that, pursuant to the terms of the CGL Policies, Citizens has no duty to defend Albany Partners or Banyan Tree in the Underlying Action or to indemnify Albany Partners or Banyan Tree for any damages resulting therefrom.

41. Under 28 U.S.C. § 2201, Citizens seeks a judicial declaration of the parties' respective rights and duties under the CGL Policies.

**COUNT III: DECLARATORY JUDGMENT**
**THE CGL POLICIES DO NOT PROVIDE COVERAGE**
**FOR THE UNDERLYING ACTION BECAUSE ANY CLAIMS**
**FOR DAMAGES BECAUSE OF "BODILY INJURY" OR "PROPERTY**
**DAMAGE" ARE EXCLUDED BY THE CGL POLICIES**

42. Citizens re-alleges and incorporates by reference Paragraphs 1 through 41 as if fully set forth herein.

43. Coverage A of the CGL Policies includes exclusions to coverage, including, but not limited to, the following:

**Exclusions**

This insurance does not apply to:

    **a.**    **Expected or Intended Injury**

        "Bodily injury" or "property damage" expected or

>>intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" [or "property damage"[2] resulting from the use of reasonable force to protect persons or property.
>
>. . .
>
>**o.    Personal and Advertising Injury**
>
>"Bodily injury" arising out of "personal and advertising injury".
>
>. . .
>
>**q.    Recording and Distribution of Material Or Information In Violation Of Law**
>
>"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate"
>
>. . .
>
>**(4)**    Any federal, state or local statute, ordinance, or regulation, other than the TCPA, CAN-SPAM ACT of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

[Policy Form CG 00 01 04 13, pp. 2, 5-6 of 16]

44. Citizens has no duty to defend or indemnify Albany Partners or Banyan

---

[2] [As Amended by Policy Form 421-2916 12 14, p. 3 of 5].

Tree under the CGL Policies because any alleged damages in the Underlying Action were expected or intended by the insured.

45. Citizens has no duty to defend or indemnify Albany Partners or Banyan Tree under the CGL Policies because any alleged damages because of "bodily injury" arose out of "personal and advertising injury."

46. Citizens has no duty to defend or indemnify Albany Partners or Banyan Tree under the CGL Policies because any alleged damages in the Underlying Action arose directly out of actions that violate federal, state or local statutes, which address, prohibit, or limit the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating, or distribution of material or information.

47. An actual controversy exists because Citizens contends that, pursuant to the terms of the CGL Policies, Citizens has no duty to defend Albany Partners or Banyan Tree in the Underlying Action or to indemnify Albany Partners or Banyan Tree for any damages resulting therefrom.

### COUNT IV: DECLARATORY JUDGMENT
**THE CGL POLICIES DO NOT PROVIDE COVERAGE FOR THE UNDERLYING ACTION BECAUSE THE INSURING AGREEMENT OF COVERAGE B IS NOT MET**

48. Citizens re-alleges and incorporates by reference Paragraphs 1 through 47 as if fully set forth herein.

49. The Coverage B Insuring Agreement of the CGL Policies provides, in part, as follows:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABIALITY**

**1. Insuring Agreement**
   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

   **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

   **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

   **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

[Policy Form CG 00 01 04 13, p. 6 of 16].

50. The CGL Policies define "personal and advertising injury" as follows:

> **14.** "Personal and advertising injury" means injury, including consequential "bodily injury" arising out of one or more of the following offenses:
>
>     **a.** False arrest, detention or imprisonment;
>
>     . . .
>
>     **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy by or on behalf of its owner, landlord, or lessor;
>
>     . . .
>
>     **e.** Oral or written publication in any manner, of material, that violates a person's right of privacy; . . . .

[Policy Form CG 00 01 04 13, p. 15 of 16].

51. Citizens has no duty to defend or indemnify Albany Partners or Banyan Tree in the Underlying Action because claims asserted therein do not satisfy the requirements of the Coverage B insuring agreement of the CGL Policies.

52. Citizens has no duty to defend or indemnify Albany Partners or Banyan Tree because the claims asserted in the Underlying Action do not allege "personal and advertising injury" as defined by the CGL Policies.

53. Citizens has no duty to defend or indemnify Albany Partners or Banyan Tree because, to the extent the claims asserted in the Underlying Action sufficiently

allege a "personal and advertising injury" as defined by the CGL Policies, those claims do not arise out of Albany Partners' or Banyan Tree's business.

54. An actual controversy exists because Citizens contends that, pursuant to the terms of the CGL Policies, Citizens has no duty to defend Albany Partners or Banyan Tree in the Underlying Action or to indemnify Albany Partners or Banyan Tree for any damages resulting therefrom.

55. Under 28 U.S.C. § 2201, Citizens seeks a judicial declaration of the parties' respective rights and duties under the CGL Policies.

### COUNT V:  DECLARATORY JUDGMENT
### THE CGL POLICIES DO NOT PROVIDE COVERAGE FOR THE UNDERLYING ACTION BECAUSE ANY CLAIMS FOR "PERSONAL AND ADVERTISING" ARE EXCLUDED BY THE CGL POLICIES

56. Citizens re-alleges and incorporates by reference Paragraphs 1 through 55 as if fully set forth herein.

57. Coverage B of the CGL Policies includes exclusions to coverage, including, but not limited to, the following:

**2.    Exclusions**

This insurance does not apply to:

**a.    Knowing Violation Of Rights Of Another**

"Personal and advertising injury" cause by or at the direction of the insured with the knowledge that the act

        would violate the rights of another and would inflict "personal and advertising injury".

   . . .

  **d.**    **Criminal Acts**

        "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

   . . .

  **p.**    **Recording and Distribution of Material Or Information In Violation Of Law**

        "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate"

   . . .

    **(4)**    Any federal, state or local statute, ordinance, or regulation, other than the TCPA, CAN-SPAM ACT of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

[Policy Form CG 00 01 04 13, pp. 6-7 of 16]

    58.   Citizens has no duty to defend or indemnify Albany Partners or Banyan Tree under the CGL Policies because any alleged damages because of "personal and advertising injury" were caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal

and advertising injury."

59. Citizens has no duty to defend or indemnify Albany Partners or Banyan Tree under the CGL Policies because any alleged damages because of "personal and advertising injury" arose out of a criminal act committed by or at the direction of the insured.

60. Citizens has no duty to defend or indemnify Albany Partners or Banyan Tree under the CGL Policies because any alleged damages in the Underlying Action arose directly out of actions that violate federal, state or local statutes, which prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

61. An actual controversy exists in the Citizens contends that pursuant to the terms of the CGL Policies, Citizens has no duty to defend Albany Partners or Banyan Tree in the Underlying Action or to indemnify Albany Partners or Banyan Tree for any damages resulting therefrom.

62. Under 28 U.S.C. § 2201, Citizens seeks a judicial declaration of the parties' respective rights and duties under the CGL Policies.

**WHEREFORE PREMISES CONSIDERED,** Citizen respectfully requests the following relief:

(1) That this Honorable Court will take jurisdiction of this petition;

(2)     That this Honorable Court will ORDER, ADJUDGE, and DECREE that this is a proper case for declaratory judgment relief and that there is a bona fide controversy between the parties as to their legal rights, status, and liabilities;

(3)     That the process of this Honorable Court be issued to the Defendants as provided by law and the rules of this Court and that the Defendants be ordered to respond to this petition for declaratory judgment within the time prescribed by law or in the event of failure to do so, suffer a decree *pro confesso*;

(4)     That this Honorable Court will declare the rights, status, and legal relations of Citizens and the Defendants named in this petition under the CGL Policies;

(5)     That this Honorable Court will order, adjudge, declare, or decree that Citizens has no duty to defend, indemnify, or reimburse Albany Partners or Banyan Tree or otherwise pay for any damages, losses, claims, costs, or expenses arising out of the claims asserted in the Underlying Action;

(6)     That this Honorable Court will order reimbursement from Albany Partners and Banyan Tree of all costs paid by Citizens in connection with the defense of Albany Partners and Banyan Tree in the Underlying Action; and

(7)     For such other and further relief to which Citizens may be entitled, or as this Court may deem just and appropriate.

Respectfully submitted, this 21st day of November, 2019.

/s/ Joel S. Isenberg
Joel S. Isenberg (Ga. Bar No.: 108253)
Susan H. McCurry  (Ga. Bar No.: 340555)
Kenneth W. Boyles, Jr. (Ga. Bar No.: 183309)

*Attorneys for Plaintiff*
*Citizens Insurance Company of America*

**OF COUNSEL:**
ELY & ISENBERG, LLC
2100-B SouthBridge Parkway
Suite 380
Birmingham, Alabama 35209
Phone: (205) 313-1200
Facsimile: (205) 313-1201
jisenberg@elylawllc.com
smcurry@elylawllc.com
kboyles@elylawllc.com