**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **CITIZENS INSURANCE COMPANY OF AMERICA**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC; and JANE DOE,**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Action No: 1:19-cv-05292-MHC**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS BANYAN TREE MANAGEMENT, LLC'S AND
ALBANY DOWNTOWN HOTEL PARTNERS, LLC'S ANSWER
AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendants Banyan Tree Management, LLC ("Banyan") and Albany Downtown Hotel Partners, LLC ("Albany") (collectively "Albany/Banyan Defendants"), by and through counsel, respond as follows to the Complaint filed by Citizens Insurance Company of America ("Citizens" or "Plaintiff"):

**ANSWER**

**To Paragraph 1:** Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, the Albany/Banyan Defendants deny Plaintiff is entitled to any relief whatsoever.

**To Paragraph 2:** The Albany/Banyan Defendants admit this declaratory judgment lawsuit asserts allegations related to the Underlying Action as described in paragraph 2 of Plaintiff's Complaint.  The Albany/Banyan Defendants further admit that Plaintiff attached a copy of the original complaint filed in the Underlying Action as Exhibit A to Plaintiff's Petition for Declaratory Judgment.  For further response and for response to footnote 1 concerning the Underlying Action, the operative complaint in the Underlying Action speaks for itself.

**To Paragraph 3:** Admitted.

**To Paragraph 4:** The Albany/Banyan Defendants admit Citizens is participating in their defense in the Underlying Action. Except as expressly admitted in this paragraph, the allegations of Paragraph 4 are denied.

**To Paragraph 5:** To the extent Paragraph 5 seeks a response from the Albany/Banyan Defendants, these Defendants deny that Citizens is entitled to any relief against them whatsoever. The Albany/Banyan Defendants further deny the allegations of Paragraph 5 to the extent they assert a legal conclusion.

## PARTIES

**To Paragraph 6:** The Albany/Banyan Defendants lack sufficient knowledge or information to respond to the allegations of Paragraph 6 and, therefore, deny those allegations at this time.

2

**To Paragraph 7:** The Albany/Banyan Defendants admit that Banyan is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business in Florida.   The Albany/Banyan Defendants further admit that none of Banyan's members are citizens of Ohio or Michigan. The remaining allegations of Paragraph 7 assert a legal conclusion to which no further response is required.

**To Paragraph 8:** The Albany/Banyan Defendants admit that Albany is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Florida.   The Albany/Banyan Defendants further admit that none of Albany's members are citizens of Ohio or Michigan. The remaining allegations of Paragraph 8 assert a legal conclusion to which no further response is required.

**To Paragraph 9:** The Albany/Banyan Defendants lack sufficient knowledge or information to respond to the allegations of Paragraph 9 and, therefore, deny those allegations at this time.

## JURISDICTION AND VENUE

**To Paragraph 10:** The Albany/Banyan Defendants lack sufficient knowledge or information to respond to the allegations of Paragraph 10 and, therefore, deny those allegations at this time.

**To Paragraph 11:** The Albany/Banyan Defendants admit Jane Doe filed the Underlying Action, but lack sufficient knowledge or information to respond to the remaining allegations of Paragraph 11 and, therefore, deny those allegations at this time.

**To Paragraph 12:** The Albany/Banyan Defendants lack sufficient knowledge or information to respond to the allegations of Paragraph 12 and, therefore, deny those allegations at this time.

## THE CITIZENS POLICIES

**To Paragraph 13:** The Albany/Banyan Defendants admit that Citizens or affiliated companies of The Hanover Insurance Group issued commercial general liability insurance policies to Albany for consecutive annual policy periods from April 21, 2015 to April 21, 2017 (the "CGL Policies"), which policies speak for themselves. Except as expressly admitted in this Paragraph, the allegations of Paragraph 13 are denied.

**To Paragraph 14**: Admitted.

**To Paragraph 15:** Admitted.

**To Paragraph 16:** Denied.

## THE UNDERLYING ACTION

**To Paragraph 17:** The Albany/Banyan Defendants admit Jane Doe filed the complaint in the Underlying Action on July 2, 2019, which complaint speaks for itself.

**To Paragraph 18:** The Albany/Banyan Defendants admit Jane Doe filed the complaint in the Underlying Action on July 2, 2019, making certain allegations against the Albany/Banyan Defendants and against defendant John Doe.   The Albany/Banyan Defendants deny Plaintiff's characterizations of the allegations in Jane Doe's complaint in the Underlying Action on the grounds that the complaint speaks for itself.

**To Paragraph 19:** The Albany/Banyan Defendants deny the allegations of Paragraph 19 of Plaintiff's Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 20:** The Albany/Banyan Defendants deny the allegations of Paragraph 20 of Plaintiff's Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 21:** The Albany/Banyan Defendants deny the allegations of Paragraph 21 of Plaintiff's Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 22:** The Albany/Banyan Defendants deny the allegations of Paragraph 22 of Plaintiff's Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 23:** The Albany/Banyan Defendants deny the allegations of Paragraph 23 of Plaintiff's Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 24:** The Albany/Banyan Defendants deny the allegations of Paragraph 24 of Plaintiff's Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 25:** The Albany/Banyan Defendants deny the allegations of Paragraph 19 of Plaintiff's Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 26:** Denied.

**To Paragraph 27:** The Albany/Banyan Defendants deny the allegations of Paragraph 27 of Plaintiff's Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

## <u>COUNT 1: DECLARATORY JUDGMENT</u>

**To Paragraph 28:** The Albany/Banyan Defendants adopt and incorporate by reference their response to Paragraphs 1 through 27 of Citizens' complaint as if fully

set forth herein.  The Albany/Banyan Defendants deny any allegations in the heading to Count I.

**To Paragraph 29:** The Albany/Banyan Defendants admit Citizens has quoted, in part, the Coverage A Insuring Agreement of the CGL Policies, which provisions speak for themselves. The Albany/Banyan Defendants deny Paragraph 29 to the extent it misstates or incompletely states or quotes any policy provision. Except as expressly admitted in this paragraph, the allegations of Paragraph 29 are denied.

**To Paragraph 30:**  Denied.

**To Paragraph 31:** Denied.

**To Paragraph 32:** Paragraph 32 is Plaintiff's attempt to characterize their own Complaint and asserts a legal conclusion.  To the extent further response is required of the Albany/Banyan Defendants, the allegations of Paragraph 32 are denied and these Defendants deny that Plaintiff is entitled to any relief against them whatsoever.

**To Paragraph 33:** To the extent Paragraph 33 seeks a response from the Albany/Banyan Defendants, these Defendants deny that Citizens is entitled to disclaim its duty to defend or indemnify the Albany/Banyan Defendants, or to any relief against them whatsoever.

## COUNT II: DECLARATORY JUDGMENT

**To Paragraph 34:** The Albany/Banyan Defendants adopt and incorporate by reference their response to Paragraphs 1 through 27 of Citizens' complaint as if fully set forth herein. The Albany/Banyan Defendants deny any allegations in the heading to Count II.

**To Paragraph 35:** The Albany/Banyan Defendants admit Citizens has quoted the definition for "bodily injury" under a certain policy form in the CGL policies, which definition and policies speak for themselves.  The Albany/Banyan Defendants deny Paragraph 35 to the extent it misstates or incompletely states or quotes any policy provision.  Except as expressly admitted in this Paragraph, the allegations of Paragraph 35 are denied.

**To Paragraph 36:** The Albany/Banyan Defendants admit Citizens has quoted the definition for "occurrence" under a certain policy form in the CGL policies, which definition and policies speak for themselves.  The Albany/Banyan Defendants deny Paragraph 36 to the extent it misstates or incompletely states or quotes any policy provision.  Except as expressly admitted in this Paragraph, the allegations of Paragraph 36 are denied.

**To Paragraph 37:** The Albany/Banyan Defendants admit Citizens has quoted the definition for "property damage" under a certain policy form in the CGL policies,

which definition and policies speak for themselves.  The Albany/Banyan Defendants deny Paragraph 37 to the extent it misstates or incompletely states or quotes any policy provision.  Except as expressly admitted in this Paragraph, the allegations of Paragraph 37 are denied.

**To Paragraph 38:** Denied.

**To Paragraph 39:** Denied.

**To Paragraph 40:** Paragraph 40 is Plaintiff's attempt to characterize their own Complaint and asserts a legal conclusion.  To the extent further response is required of the Albany/Banyan Defendants, the allegations of Paragraph 40 are denied and these Defendants deny that Plaintiff is entitled to any relief against them whatsoever.

**To Paragraph 41:** To the extent Paragraph 41 seeks a response from the Albany/Banyan Defendants, these Defendants deny that Citizens is entitled to disclaim its duty to defend or indemnify the Albany/Banyan Defendants, or to any relief against them whatsoever.

## COUNT III: DECLARATORY JUDGMENT

**To Paragraph 42:** The Albany/Banyan Defendants adopt and incorporate by reference their response to Paragraphs 1 through 27 of Citizens' complaint as if fully

set forth herein.  The Albany/Banyan Defendants deny any allegations in the heading to Count III.

**To Paragraph 43:** The Albany/Banyan Defendants admit the CGL policies include certain exclusions from coverage and that Citizens has quoted parts of exclusion a. (Expected or Intended Injury), o. (Personal and Advertising Injury), and q. (Recording and Distribution of Material or Information in Violation of Law) as contained in certain of the policies, but otherwise deny allegations of Paragraph 43. The Albany/Banyan Defendants expressly deny that any policy exclusions apply to the claims against them in the underlying lawsuit.

**To Paragraph 44:** Denied.

**To Paragraph 45:** Denied.

**To Paragraph 46:** Denied.

**To Paragraph 47:** Paragraph 47 is Plaintiff's attempt to characterize their own Complaint and asserts a legal conclusion.  To the extent further response is required of the Albany/Banyan Defendants, these Defendants deny that Citizens is entitled to disclaim its duty to defend or indemnify the Albany/Banyan Defendants, or to any relief against them whatsoever.

## COUNT IV: DECLARATORY JUDGMENT

**To Paragraph 48:** The Albany/Banyan Defendants adopt and incorporate by reference their response to Paragraphs 1 through 27 of Citizens' complaint as if fully set forth herein. The Albany/Banyan Defendants deny any allegations in the heading to Count IV.

**To Paragraph 49:** The Albany/Banyan Defendants admit Citizens has quoted, in part, the Coverage B Insuring Agreement of the CGL Policies, which provisions speak for themselves.  The Albany/Banyan Defendants deny Paragraph 49 to the extent it misstates or incompletely states or quotes any policy provision. Except as expressly admitted in this paragraph, the allegations of Paragraph 49 are denied.

**To Paragraph 50:** The Albany/Banyan Defendants admit Citizens has quoted, in part, the definition for "personal and advertising injury" under a certain policy form in the CGL policies, which definition and policies speak for themselves. The Albany/Banyan Defendants deny Paragraph 50 to the extent it misstates or incompletely states or quotes any policy provision.  Except as expressly admitted in this Paragraph, the allegations of Paragraph 50 are denied.

**To Paragraph 51:** Denied.

**To Paragraph 52:** Denied.

**To Paragraph 53:** Denied.

**To Paragraph 54:** Paragraph 54 is Plaintiff's attempt to characterize their own Complaint and asserts a legal conclusion. To the extent further response is required of the Albany/Banyan Defendants, the allegations of Paragraph 54 are denied and these Defendants deny that Plaintiff is entitled to any relief against them whatsoever.

**To Paragraph 55:** To the extent Paragraph 55 seeks a response from the Albany/Banyan Defendants, these Defendants deny that Citizens is entitled to disclaim its duty to defend or indemnify the Albany/Banyan Defendants, or to any relief against them whatsoever.

## COUNT V: DECLARATORY JUDGMENT

**To Paragraph 56:** The Albany/Banyan Defendants adopt and incorporate by reference their response to Paragraphs 1 through 27 of Citizens' complaint as if fully set forth herein. The Albany/Banyan Defendants deny any allegations in the heading to Count V.

**To Paragraph 57:** The Albany/Banyan Defendants admit the Coverage B provisions of the CGL policies include certain exclusions from coverage and that Citizens has quoted parts of exclusions a. (Knowing Violation of Rights of Another), d. (Criminal Acts), and p. (Recording and Distribution of Material Or Information

In Violation of Law) as contained in certain of the policies, but otherwise deny allegations of Paragraph 57. The Albany/Banyan Defendants deny Paragraph 57 to the extent it misstates or incompletely states or quotes any policy provision. The Albany/Banyan Defendants expressly deny that any policy exclusions apply to the claims against them in the underlying lawsuit.

**To Paragraph 58:** Denied.

**To Paragraph 59:** Denied.

**To Paragraph 60:** Denied.

**To Paragraph 61:** Paragraph 61 is Plaintiff's attempt to characterize their own Complaint and asserts a legal conclusion. To the extent further response is required of the Albany/Banyan Defendants, the allegations of Paragraph 61 are denied and these Defendants deny that Plaintiff is entitled to any relief against them whatsoever.

**To Paragraph 62:** To the extent Paragraph 62 seeks a response from the Albany/Banyan Defendants, these Defendants deny that Citizens is entitled to disclaim its duty to defend or indemnify the Albany/Banyan Defendants, or to any relief against them whatsoever.

For their answer to the *ad damnum* clause beginning WHEREFORE PREMISES CONSIDERED, including its subparts (1) through (7), the

Albany/Banyan Defendants deny that Citizens is entitled to any relief of any type or nature against them whatsoever.

Except as expressly admitted above in this Answer, all allegations of Citizens' Complaint are denied.

## DEFENSES

The Albany/Banyan Defendants submit the following defenses to the Complaint filed by Citizens:

### First Defense

Citizens' Complaint fails to state a claim against the Albany/Banyan Defendants upon which relief can be granted.

### Second Defense

The Albany/Banyan Defendants plead the general issue and deny each and every allegation of Citizens' Complaint that is not expressly admitted herein.

### Third Defense

Citizens' claims in its Complaint depend on the underlying evidence obtained through discovery and/or proven at a trial of the underlying *Jane Doe* lawsuit, and, therefore, cannot be determined or adjudicated until the parties' liabilities and obligations, if any, are determined in the Underlying Action.

## Fourth Defense

The terms of Citizens' policies are undefined, vague and ambiguous, and must be strictly construed against Citizens.

## Fifth Defense

The Albany/Banyan Defendants plead that to deny coverage would defeat their reasonable expectations under the policies.

## Sixth Defense

To the extent Citizens has breached the policies or its obligations with respect to defense, settlement, and indemnity, they are entitled to no relief under their Complaint.

## Seventh Defense

Citizens' claims are barred by the doctrine of waiver, consent, and ratification.

## Eighth Defense

Citizens' claims are barred by the doctrine of laches.

## Ninth Defense

Citizens' claims are barred by the doctrine of acquiescence.

## Tenth Defense

Citizens' claims are barred by the doctrine of estoppel.

**Eleventh Defense**

Citizens' payments of defense costs are voluntary payments that it is not entitled to recoup.

**Twelfth Defense**

Citizens or other insurers of The Hanover Insurance Group have failed to properly reserve their rights.

**Thirteenth Defense**

Some or all of the claims are due to be dismissed for failure to include a necessary and indispensable party to this lawsuit.

**Fourteenth Defense**

Citizens does not have standing or is not the proper party in interest to assert some of the claims in this lawsuit.

**Fifteenth Defense**

Citizens' Complaint constitutes a "shotgun" pleading with each substantive count improperly incorporating by reference every paragraph that precedes it. As a result, Citizens' Complaint violated Fed. R. Civ. P. 8 and impedes the orderly, efficient, and economic disposition of disputes.

## Sixteenth Defense

Citizens' claims are barred, in whole or in part, because Citizens does not have a contractual or other right for recoupment of defense costs, either express or implied.

## Seventeenth Defense

Citizens' request for recoupment of defense costs in its prayer for relief is improper because the Complaint does not bring a claim, or attempt to bring a claim, for recoupment under which its requested relief can be granted.

## Eighteenth Defense

The Albany/Banyan Defendants reserve the right to amend or supplement their Answer to assert other defenses as may become known to them or as discovery reveals are appropriate.

## Prayer for Relief

WHEREFORE, the Albany/Banyan Defendants respectfully request the Court to:

1. Enter a final judgment on the merits dismissing, with prejudice, all of Citizens' claims;

2. Declare that Citizens and other insurers of The Hanover Insurance Group have a duty to defend and indemnify the Albany/Banyan defendants under

17

the CGL Policies, with regard to claims made in the underlying *Jane Doe* lawsuit;

3.  Declare that Citizens is not entitled to recover monetary damages claimed in the Complaint;

4.  Award the Albany/Banyan Defendants their attorneys' fees and other costs associated with defense of this Declaratory Judgment action; and

5.  Award the Albany/Banyan Defendants such other and further relief to which they may be entitled in law and in equity.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff Albany Downtown Hotel Partners, LLC ("Albany"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, asserts the following Counterclaim against Plaintiff/Counterclaim Defendant Citizens Insurance Company of America ("Citizens"):

### Parties, Jurisdiction, and Venue

1.      Defendant/Counterclaim Plaintiff Albany Downtown Hotel Partners, LLC ("Albany") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Florida.  Albany does not have any members who are residents of Michigan.

2.     Upon information and belief, and based on its complaint filed in the above-styled lawsuit, Citizens is a corporation organized and existing under the laws of the State of Michigan and with its principal place of business in Michigan.

3.     This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Albany and Citizens, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.     Citizens filed the above-referenced lawsuit in this Court, and as such, this Court has personal jurisdiction over Citizens because it has purposefully availed itself of the benefits and protections of the State of Georgia.

5.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Citizens is subject to the Court's personal jurisdiction.

**<u>Factual Allegations</u>**

6.     In this Counterclaim, Albany seeks to recover from Counterclaim Defendant Citizens amounts it agreed to pay as costs of defense of a prior lawsuit filed by Jane Doe against Albany, Banyan Tree Management, LLC ("Banyan"), Hilton Franchise Holding LLC ("Hilton Franchise"), and Hilton Worldwide Holdings Inc. ("Hilton Worldwide") in the Circuit Court of Fairfax County, Virginia, styled *Jane Doe v. Hilton Worldwide Holdings Inc., et al.*, CL-2018-16980 (the

"Virginia Action").  Albany seeks to recover these amounts under a commercial general liability insurance policy Citizens issued to Albany, Policy No. ZBY A617294 00, for the period April 21, 2015 to April 21, 2016, as well as any successive policies issued by Citizens ("the Policy").

7.     In the Virginia Action, Jane Doe asserted claims similar to those at issue in her civil lawsuit captioned *Jane Doe v. Banyan Tree Management LLC et al.*, Civil Action File No. 19-C-04673-S3, filed on July 2, 2019 in the State Court of Gwinnett County, Georgia ("the Georgia Action" or "Underlying Action"), that forms the basis of Citizens' complaint in the above-referenced lawsuit before this Court.  The Virginia Action was dismissed without prejudice as to Albany and Banyan.  Further, Jane Doe filed a Motion to Nonsuit her claims against Hilton Franchise and Hilton Worldwide (collectively, "Hilton").  Claimant Jane Doe's Motion to Nonsuit her claims against Hilton was granted, but not until after Hilton already had incurred substantial expenses in its defense of the Virginia Action that it seeks to recoup from Albany and for which Citizens is responsible under the Policy.

8.     Soon after the filing of the Virginia Action, Hilton requested defense and indemnity from Albany for the claims against Hilton pursuant to the provisions of a Franchise Agreement between Albany and Hilton Franchise entered into in April

20

2015 ("Franchise Agreement").   Further, Hilton and Albany requested Citizens defend and indemnify Hilton for the claims in the Virginia Action under the Policy.

9.      Under the Franchise Agreement, Albany agreed to indemnify and hold Hilton harmless from all losses, costs, liabilities, damages, claims, and expenses, including reasonable attorneys' fees, expert fees, costs and other expenses of litigation arising out of or resulting from, among other things, the alleged events at the Hampton Inn & Suites Albany-Downtown, where claimant Jane Doe claims she suffered the injuries at issue in the Virginia Action, including personal injury or property damage.  Further, Albany agreed to indemnify Hilton for additional matters at issue in the Virginia Action.

10.     Albany's defense and indemnity obligations to Hilton under the Franchise Agreement are covered by the Policy.  Citizens is obligated under the Policy to pay Albany's costs to defend and indemnify Hilton, and to pay Hilton's reasonable attorney fees in defense of the Virginia Action or to reimburse Albany for its obligations to Hilton.  In addition, Hilton is an additional insured under the Policy entitled to defense and indemnity from Citizens for the claims under the Virginia Action.

11.     On February 12, 2019, Hilton Franchise wrote to Albany that Hilton was electing to assume the defense of Hilton at Albany's risk and expense pursuant

to Section 15.3 of the Franchise Agreement.  Hilton Franchise advised Albany that Hilton selected the law firm of McGuireWoods LLP ("McGuireWoods") to represent Hilton in the Virginia Action at Albany's expense.

12.     In response to the Virginia Action and Hilton's February 12, 2019 correspondence, Albany requested Citizens and Albany's subsequent insurer, Starr Indemnity & Liability Company ("Starr"), reimburse the fees of McGuireWoods in defending the Virginia Action against Hilton as those insurers were obligated to do under their insurance policies issued to Albany.  In response to this request, Citizens and Starr agreed to share in the reimbursement of McGuireWoods' fees, expenses, and costs in defending the Virginia Action.  Further, Citizens led both Albany and Hilton to believe that Citizens would share in the reimbursement of the McGuireWoods fees in defending the Virginia Action.

13.     On August 30, 2019, the court in the Virginia action granted Jane Doe's motion to non-suit all of the claims against Hilton.  For the period beginning in February 2019 through and shortly after the Agreed Final Order of Nonsuit, Hilton incurred attorney fees in defending the Virginia Action.

14.     On December 16, 2019, Hilton submitted the invoice it received from McGuireWoods to, among others, Starr, Citizens, and Banyan in its management capacity for Albany.  Hilton asked that it be advised of any issues with payment

before year-end.  Starr reimbursed a share of the McGuireWoods invoices with the expectation that Citizens would reimburse the remaining amounts owed.  Despite its agreement and prior representations, Citizens failed to provide its reimbursement share in violation of the Policy and without any reasonable basis or excuse.

15.   On January 23, 2019, having received no payment from Citizens, Albany's insurance broker, McGriff, Seibels & Williams, Inc., wrote to Mr. Terrence Chew, the Citizens' adjuster assigned to the defense of the claims against Hilton, as follows:

> Terrance [sic],
>
> What is going on with this?  Starr paid ½ of the Hilton defense bill and Hilton relayed to you said the Hilton bills were rejected by the prior adjuster/Steve.  Steve NEVER sent anything to this effect to the insured.  The last email I have regarding the bill is attached.
>
> Banyan needs and [sic] explanation on this.  As the policy holder, they should be kept apprised of decisions on the case, especially of this magnitude.   I have copied the insured on this email. I don't understand why Hanover is not paying their part, when coverage counsel for Starr felt it was due.
>
> I look forward to receiving a prompt response about 1) what was discussed with Hilton, 2) a copy of any written communication to the insured advising them of the position in advance of this email and 3) and explanation as to why Hanover feels they are not responsible for those fees.

16.     Mr. Chew, the Citizens' adjuster assigned to the defense of the Virginia Action, forwarded the invoice to another Citizens' representative, Mr. Stephen Colville.   Mr. Colville responded by advising he was handling "the coverage portion" and forwarded a March 18, 2018 letter addressed to Hilton with a copy shown to Banyan that neither Hilton nor Banyan has any record of receiving.   The March 18, 2018 letter purports to address the Virginia Action but is dated before the Virginia Action was filed on November 30, 2018.   Further, the letter incorrectly states another insurer, Massachusetts Bay Insurance Company, issued the Policy, when, in fact, the Policy was issued by Citizens.   The letter states it is "in response to Hilton's demand to assign McGuire Woods, LLP to represent the Hilton Corporate Defendants."   It does not dispute an obligation to reimburse Hilton's fees, but states instead as follows:

> Massachusetts Bay's position that it has the right to choose counsel pursuant to the terms of its policy. Massachusetts Bay does not agree that it owes fees and costs incurred which would exceed the hourly rates charged by Sinnott, Nuckols & Logan in the defense of the Hilton Entities.[1]

---

[1] Sinnott, Nuckols & Logan is the law firm Citizens retained to represent Albany, Banyan, and Hilton, before Hilton elected to assume its own defense and retained McGuireWoods to defend it in the Virginia Action pursuant to the Franchise Agreement.

17.     As alleged above, McGuireWoods' defense of Hilton in the Virginia Action proceeded with full knowledge of Citizens.  Citizens benefitted from the defense of Hilton that led to the Agreed Final Order of Nonsuit.  Throughout this defense, Albany understood Citizens and Starr had agreed to pay or reimburse McGuireWoods' fees and expenses in defending Hilton.  Despite its Policy obligations to cover Albany's defense and indemnity requirements to Hilton under the Franchise Agreement, and despite its obligations to pay Hilton's defense costs as an additional insured under the Policy, Citizens has failed to honor its commitments and obligations and has breached the Policy.

18.     As a result of Citizens' failures as described in this Counterclaim, Albany has suffered damages.   Hilton has demanded Albany reimburse the remainder of the defense costs that Citizens has failed to pay.  Citizens has refused or failed to respond to Albany's requests for reimbursement, despite Albany's repeated requests.  Citizens' failure to honor its Policy obligations, commitments and agreements is damaging to Albany's business relationship with Hilton and is causing Albany to suffer other damages.

## COUNT ONE (DECLARATORY JUDGMENT)

19.     Albany adopts and incorporates by reference its allegations set forth in Paragraphs 1 through 18 of its Counterclaim as if fully set forth herein.

20.     Under the Policy, Citizens is obligated to pay the attorneys fees owed by Albany to Hilton under the Franchise Agreement with respect to Hilton's defense provided by the McGuireWoods law firm in the Virginia Action.

21.     Hilton's attorneys fees incurred in the Virginia Action are covered by the Policy.

22.     Citizens also is obligated to pay Hilton's defense costs in the Virginia Action as an additional insured under the Policy.  Albany paid for this additional insured coverage under the Policy in order to fulfill its obligations under the Franchise Agreement.

23.     Albany has performed all of its obligations under the Policy.

24.     Citizens has failed or refused to pay Hilton's attorneys fees incurred in the Virginia Action or to acknowledge its obligation to reimburse Albany in violation and breach of the Policies.

WHEREFORE, Albany requests the Court declare that Citizens is obligated under the Policy to pay all of the attorneys fees incurred by Hilton in the Virginia Action and that it has demanded of Albany under the Franchise Agreement and the Policy.  Albany further requests that the Court enter such other additional or different declaratory or equitable relief that the Court deems just and proper.

## COUNT TWO (DECLARATORY JUDGMENT)

25.     Albany adopts and incorporates by reference its allegations set forth in Paragraphs 1 through 18 of its Counterclaim as if fully set forth herein.

26.     Through its conduct, acts, representations, and/or omissions, Citizens agreed, promised, or led Albany to believe that Citizens would reimburse the legal fees charged by the McGuireWoods law firm to defend Hilton in the Virginia Action.

27.     Citizens has failed or refused to pay Hilton's attorneys fees incurred in the Virginia Action or to reimburse Albany in violation of its agreements and promises.

28.     Albany has performed all of its obligations under the Policy.

WHEREFORE, Albany requests the Court declare that Citizens is obligated as a result of its agreement, promises, and conduct to pay the attorneys fees incurred by Hilton in the Virginia Action and that Hilton has demanded of Albany under the Franchise Agreement and the Policy.  Albany further requests that the Court enter such other additional or different declaratory or equitable relief that the Court deems just and proper.

## COUNT THREE (BREACH OF CONTRACT)

29.     Albany adopts and incorporates by reference its allegations set forth in Paragraphs 1 through 18 of its Counterclaim as if fully set forth herein.

30.     Citizens issued the Policy to Albany under which Citizens is obligated to pay the attorneys fees owed by Albany to Hilton under the Franchise Agreement with respect to Hilton's defense provided by the McGuireWoods law firm in the Virginia Action.

31.     Hilton's attorneys fees incurred in the Virginia Action are covered by the Policy.

32.     Citizens also is obligated to pay Hilton's defense costs in the Virginia Action as an additional insured under the Policy.  Albany paid for this additional insured coverage under the Policy in order to fulfill its obligations under the Franchise Agreement.

33.     Albany has performed all of its obligations under the Policy.

34.     Citizens has breached the Policy by failing or refusing to pay Hilton's attorneys fees incurred in the Virginia Action or by failing or refusing to reimburse or agree to reimburse Albany for payment of Hilton's attorneys fees under the Franchise Agreement.

35.     As a result of Citizens' breach of the Policy, Albany has suffered damages.

WHEREFORE, Albany requests the Court enter judgment against Citizens for all compensatory damages allowed by law and determined by a jury to be just and proper, as well as interest and costs.

### COUNT FOUR (IMPLIED OBLIGATION TO PAY UNDER O.C.G.A. § 9-2-7)

36.     Albany adopts and incorporates by reference its allegations set forth in Paragraphs 1 through 18 of its Counterclaim as if fully set forth herein.

37.     Albany agreed to defend and indemnify Hilton including payment of the McGuireWoods' defense costs in the Virginia Action based on its understanding that Citizens would reimburse Albany for these costs.

38.     Through its conduct, acts, and/or omissions, Citizens accepted the defense provided to Hilton, benefitted from it, and impliedly promised to pay the reasonable value of the defense provided.

39.     The remaining amounts owed for the McGuireWoods defense costs are due to be reimbursed by Citizens under O.C.G.A. § 9-2-7.

WHEREFORE, Albany requests the Court enter judgment against Citizens for the attorneys fees incurred by Hilton in the Virginia Action and that Hilton has demanded of Albany under the Franchise Agreement, as well as interest and costs.

## COUNT FIVE (QUANTUM MERUIT)

40.     Albany adopts and incorporates by reference its allegations set forth in Paragraphs 1 through 18 of its Counterclaim as if fully set forth herein.

41.     Albany agreed to defend and indemnify Hilton including payment of the McGuireWoods' defense costs in the Virginia Action based on its understanding that Citizens would reimburse Albany for these costs.

42.     Through its conduct, acts, and/or omissions, Citizens knowingly accepted the defense provided to Hilton by McGuireWoods and benefitted from it, such that Citizens' failure to pay for the defense is unjust.

43.     The remaining amounts owed for the McGuireWoods are due to be reimbursed by Citizens on a quantum meruit basis.

WHEREFORE, Albany requests the Court enter judgment against Citizens for the attorneys fees incurred by Hilton in the Virginia Action and that Hilton has demanded of Albany under the Franchise Agreement, as well as interest and costs.

## ALBANY REQUESTS A TRIAL BY JURY AS TO ALL ISSUES RAISED BY ITS COUNTERCLAIM

Respectfully submitted this 6th day of March, 2020.

                                    s/ Shattuck Ely
                                    Shattuck (Tucker) Ely
                                    Georgia Bar No. 246944
                                    Derek Schwahn
                                    Georgia Bar No. 910299
                                    FELLOWS LABRIOLA LLP
                                    Suite 2300, South Tower
                                    225 Peachtree Street, NE
                                    Atlanta, Georgia 30303
                                    Phone: 404-586-9200
                                    tely@fellab.com
                                    dschwahn@fellab.com

Spencer M. Taylor (*Pro Hac Vice* to be filed)
BARZE TAYLOR NOLES LOWTHER LLC
2204 Lakeshore Drive, Suite 330
Birmingham, AL 35209
Phone: (205) 872-1032
staylor@btnllaw.com

*Attorneys for Defendants Banyan Tree*
*Management, LLC and Albany Downtown*
*Hotel Partners, LLC*

## **<u>TYPE AND FONT CERTIFICATION</u>**

The undersigned certifies, pursuant to Local Rule 7.1(D), that the foregoing was prepared in Times New Roman, 14 point font, which complies with Local Rule 5.1 regarding typefaces and fonts.

s/Shattuck Ely_____
Shattuck Ely

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system and service will be perfected upon the following

this 6th day of March, 2020:

> Mr. Joel S. Isenberg
> Ms. Susan H. McCurry
> Mr. Kenneth W. Boyles, Jr
> ELY & ISENBERG, LLC
> 2100-B SouthBridge Parkway
> Suite 380
> Birmingham, AL 35209
>
> Mr. Richard H. Hill, Jr.
> Ms. Amy H. Buzby, Esq.
> MABRY & MCCLELLAND, LLP
> 2200 Century Parkway, N.E.
> Suite 1000
> Atlanta, Georgia 30305

> s/Shattuck Ely
> Shattuck Ely