IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CITIZENS INSURANCE COMPANY OF AMERICA,** | |
| Plaintiff, | **CIVIL ACTION FILE** |
| v. | **NO. 1:19-CV-5292-MHC** |
| **BANYAN TREE MANAGEMENT, LLC, ALBANY DOWNTOWN HOTEL PARTNERS, LLC, and JANE DOE,** | |
| Defendants. | |

# **ORDER**

This is a declaratory judgment action filed by Citizens Insurance Company of America ("Citizens") arising out of a lawsuit filed by Jane Doe against Banyan Tree Management, LLC ("Banyan") and Albany Downtown Hotel Partners, LLC ("Albany Partners") in the State Court of Gwinnett County, Georgia. Compl. [Doc. 1] ¶ 2; see also Compl., Jane Doe v. Banyan Tree Management, LLC et al., Civil Action File No. 19-C-04673-S3 (St. Ct. of Gwinnett Cty. July 2, 2019) ("Underlying Lawsuit") [Doc. 1-1]. Jane Doe filed the Underlying Lawsuit on July 2, 2019, based on allegations that she was secretly recorded fully nude while showering in a hotel bathroom (the "Incident"). Compl. ¶ 19. Jane Doe alleges

that the Incident occurred in July 2015 while she was staying in the Hampton Inn and Suites ("Hampton Inn") in Albany, Georgia, and that Albany Partners owns and Banyan manages the Hampton Inn. Id. ¶¶ 18-19.

Albany Partners and Banyan have requested insurance coverage from Citizens for the claims asserted against them by Jane Doe in the Underlying Lawsuit. Id. ¶ 3. Citizens admits that it issued insurance policies containing commercial general liability coverage to Albany Partners for the time period of April 21, 2015, to April 21, 2017, and that Banyan qualifies as an additional insured under the policies. Id. ¶¶ 13-14. However, Citizens contends that it does not owe a duty to defend or indemnify Albany Partners or Banyan for the claims asserted in the Underlying Action under these policies because the requirements of the policies have not been met, and the policies contain exclusions that preclude coverage for the Underlying Lawsuit. Id. ¶ 16.

This case is currently before the Court on a Motion to Intervene [Doc. 12] filed by Westfield Insurance Company ("Westfield"). Westfield argues that it issued insurance policies to Banyan. Br. in Supp. of Mot. to Intervene ("Westfield's Br.") [Doc. 12-1] at 3. Westfield seeks to intervene in this lawsuit as a matter of right contending that it has an interest in this action because the insurance policies it issued to Banyan provide only excess coverage over other

2

collectible insurance and that it has no duty to defend or indemnify if another insurer is defending and no duty to indemnify until the primary coverage is extinguished. Id. at 4. No party has filed an opposition to Westfield's intervention either as a matter of right or permissively.

I.    **LEGAL STANDARD**

Rule 24 of the Federal Rules of Civil Procedure governs intervention, and provides for two methods upon which intervention may be granted: invention as of right and permissive intervention. FED. R. CIV. P. 24. A party may intervene as a matter of right if that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). The Eleventh Circuit has articulated a four-part test for intervention by right under Rule 24, requiring a movant (1) to timely file an application to intervene; (2) have an interest relating to the property or transaction which is the subject of the pending litigation; (3) be so situated that disposition of the action, as a practical matter, may impede or impair the movant's ability to protect that interest; and (4) demonstrate that movant's interest is not represented adequately

by the existing parties to the suit.  Worlds v. Dep't of Health & Rehabilitative Servs., 929 F.2d 591, 593 (11th Cir. 1991) (citation omitted).

## II.     ANALYSIS

### A.     Whether Westfield's Motion is Timely.

"The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene."  McDonald v. E. J. Lavino Co., 430 F.2d 1065, 1073 (5th Cir. 1970).[1]  "'Timeliness' is not a word of exactitude or of precisely measurable dimensions," rather it "must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice."  Id. at 1074.  Therefore, "the timely application requirement under Rule 24 [is] not intended to punish an intervenor for not acting more promptly but rather [is] designed to insure that the original parties should not be prejudiced by the intervener's failure to apply sooner."  Id. (quotations and citations omitted).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Westfield filed its Motion to Intervene on February 20, 2020, before Defendants answered the Complaint and prior to the commencement of discovery. The Court finds that there will be no prejudice to the original parties and that Westfield's Motion to Intervene is timely.

**B.     Whether Westfield Has an Interest Relating to the Property or Transactions Which are the Subject of this Lawsuit.**

In order to show a sufficient interest in the subject matter of this action, Westfield must show that it has a "direct, substantial, and legally protectable" interest in the proceeding. Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc., 425 F.3d 1308, 1311 (11th Cir. 2005) (quotation marks and citation omitted). This means that Westfield must have an interest that the "law recognizes as belonging to or being owned by [Westfield]." Id. (quotation marks and citation omitted). Further, the interest must relate "to the property or transaction which is the subject of the action." In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1246 (11th Cir. 2006) (quotation and emphasis omitted). The legal nature of that interest, however, need not be identical to the claims raised in the action. Ga. v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1251 (11th Cir. 2002).

Westfield contends that, like Citizens, it has a question as to whether or to what extent it owes coverage to Banyan in the Underlying Lawsuit. Westfield argues that it "has a direct, substantial and legally cognizable interest in the

5

outcome of this matter because a finding by this Court that the Citizens policy does not provide coverage for this matter may increase Westfield's financial exposure with respect to liability that may otherwise be shared." Westfield's Br. at 8-9. The Court finds that Westfield has a legally protectable interest in this proceeding.

### C. Whether Disposition of the Case Will Impede or Impair Westfield's Ability to Protect its Interest.

The third element a would-be intervenor must establish is that it "is situated so that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest." Angel Flight of Ga., Inc. v. Angel Flight Am., Inc., 272 F. App'x 817, 819 (11th Cir. 2008). Westfield argues that

> [d]isposition of this matter could impair Westfield's ability to protect its interests in the [Underlying Lawsuit] because it similarly questions coverage for the [Underlying Lawsuit] and this Court's ruling may foreclose certain legal arguments Westfield could otherwise raise in any settlement negotiations or in any subsequent action for contribution newly permitted between insurers under [applicable] law.

Westfield's Br. at 9. The Court finds that disposition of this case could impede Westfield's ability to protect its interest.

### D. Whether Westfield's Interest is Inadequately Represented by an Existing Party.

The fourth element the proposed intervenor must show is that its "interest is represented inadequately by the existing parties to the suit." Chiles v. Thornburgh,

6

865 F.2d 1197, 1213 (11th Cir. 1989).  The proposed intervenor can satisfy Rule 24(a)(2) if it "shows that representation of [its] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972).  Additionally, "[a]ny doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993) (citation omitted).

Westfield argues that its "interests are not adequately protected because Citizens and the State Court Action parties have no reason to contest coverage under the Westfield Policies as coverage can only be triggered by the absence of Citizen's coverage or the exhaustion of said limits, which is not represented by any party." Westfield's Br. at 9.  The Court agrees and finds that Westfield's interests are not adequately protected by any existing party.

The Court will allow the Westfield to intervene as of right because it has established each of the four requirements under Rule 24(a).  See Chiles, 865 F.2d at 1213.  Therefore, the Court need not consider Westfield's alternative request for permissive intervention pursuant to Rule 24(b).

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Westfield Insurance Company's Motion to Intervene [Doc. 12] is **GRANTED**.

**IT IS SO ORDERED** this 31st day of March, 2020.

_____
MARK H. COHEN
United States District Judge