**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **CITIZENS INSURANCE** ) | |
| **COMPANY OF AMERICA;** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **and,** ) | |
| ) | |
| ) | **CIVIL ACTION FILE** |
| **WESTFIELD INSURANCE** ) | |
| **COMPANY,** ) | **NO. 1:19-CV-05292-MHC** |
| ) | |
| **Plaintiff Intervenor,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **BANYAN TREE MANAGEMENT,** ) | |
| **LLC; ALBANY DOWNTOWN** ) | |
| **HOTEL PARTNERS, LLC; and** ) | |
| **JANE DOE,** ) | |
| ) | |
| **Defendants.** ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN[1]**

1.   **Description of Case:**

   (a)   **Describe briefly the nature of this action.**

   Plaintiff Citizens Insurance Company of America ("Citizens") and Plaintiff

---

[1] Defendant Jane Doe has neither consented nor objected to the Joint Preliminary Report and Discovery Plan. Once Defendant Jane Doe states her position, the Parties will supplement this Report to the extent necessary.

Intervenor Westfield Insurance Company ("Westfield") seek relief from this Court, including a declaration that Defendants Banyan Tree Management, LLC ("Banyan Tree" or "Banyan") and Albany Downtown Hotel Partners, LLC ("Albany") are not entitled to coverage under certain policies of insurance for the claims asserted against Banyan Tree and Albany by Defendant Jane Doe ("Doe") in the lawsuit styled *Jane Doe v. Banyan Tree Management, LLC et al.*, Civil Action File No. 19-C-04673-S3, filed on July 2, 2019 in the State Court of Gwinnett County, Georgia (the "Underlying Action").

Defendants Albany and Banyan maintain they are owed defense and indemnity coverage under the CGL Policies issued by Citizens and Westfield (collectively, "Plaintiff Insurers").   Further, Defendant Albany has asserted a Counterclaim against Citizens seeking to recover amounts Citizens agreed to pay as costs of defense of a prior lawsuit filed by Doe against Albany, Banyan, Hilton Franchise Holding LLC ("Hilton Franchise"), and Hilton Worldwide Holdings Inc. ("Hilton Worldwide") (Hilton Franchise and Hilton Worldwide are referred to collectively as "Hilton") in the Circuit Court of Fairfax County, Virginia, styled *Jane Doe v. Hilton Worldwide Holdings Inc.*, et al., CL-2018-16980 (the "Virginia Action"). Albany's Counterclaim includes claims for a declaratory judgment (Counts One and Two), Breach of Contract (Count Three), Implied Obligation to

2

Pay under O.C.G.A. § 9-2-7 (Count Four), and Quantum Meruit (Count Five).

**(b)      Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

The parties have submitted separate statements based on the facts and information currently available to them. The Parties make the following statements without waiving any defense and respectfully reserve their right to supplement their respective statements.

### i.      Citizens' Summary

Citizens and a subsidiary of The Hanover Insurance Company issued certain policies of insurance, containing CGL coverage parts to Albany for consecutive annual policy periods from April 21, 2015 to April 21, 2018 ("Citizens Policies"). Pursuant to the terms of the Citizens Policies, Banyan Tree qualifies as an additional insured under the Citizens Policies.

Citizens seeks relief from this Court, including a declaration that it does not owe a duty to defend or indemnify Albany or Banyan Tree under the Citizens Policies because the claims asserted in the Underlying Action do not meet the terms of the Citizens Policies insuring agreement and/or are excluded under the terms of the Citizens Policies.

Except as expressly admitted in Citzens' Answer to Albany's Counterclaim,

3

Citizens denies each and every allegation of Albany's Counterclaim and denies that Albany is entitled to any relief whatsoever. (*See* Doc. 37).

### ii.    Albany and Banyan's Summary

Defendants Albany and Banyan deny Plaintiffs are entitled to any relief against them whatsoever.   Coverage A of the Plaintiff Insurers' policies covers Albany and Banyan for allegations of "bodily injury" and "property damage" caused by an "occurrence," defined in the policy, in part, as an accident.   While Jane Doe's complaint includes some allegations of intentional conduct by the alleged perpetrator, it also alleges negligent and accidental conduct causing damage and injuries during the CGL policies.[2]   Among other things, Doe claims Defendants Albany and Banyan negligently failed to maintain a safe premises at Defendant Albany's Hampton Inn and Suites Albany-Downtown in Albany, New York, and, as a result, that she was filmed while showering nude in her hotel bathroom.   Doe further claims Defendants Albany and Banyan negligently failed to adequately train and supervise their employees or prevent access to guest information, and otherwise committed "various actions and inactions deemed negligent" causing Jane Doe's

---

[2] While Defendants Albany and Banyan dispute the allegations of the Underlying Georgia Action and deny all wrongdoing, Albany and Banyan contend that these allegations give rise to the Plaintiff Insurers' duties under their respective insurance policies to defend and indemnify Defendants Albany and Banyan.

alleged injuries.  Further, Jane Doe claims Albany and Banyan negligently allowed personal information she provided upon check-in to be taken causing her damage and injuries.

Likewise, Coverage B of the Plaintiff Insurers' policies covers Albany and Banyan for "personal and advertising injury" liability.  The terms "Personal and Advertising Injury" are defined to include, among other things:

> The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy by or on behalf of its owner, landlord, or lessor;
>
> Oral or written publication in any manner, of material, that violates a person's right of privacy; . . . .

Doe's complaint in the Underlying Action alleges, in part, that the perpetrator entered into her hotel room, filmed her naked using a hidden video camera, and published and shared this information with others.  Doe's complaint alleges the unidentified perpetrator published videos of her showering on-line to numerous pornographic websites and shared them with her colleagues.  Doe claims the alleged privacy violations caused her to suffer bodily injuries, invasion of privacy, and loss of her private property, among other damages.

Albany has filed a Counterclaim against Citizens seeking to recover amounts owed for Hilton's defense to the Virginia Action.  In the Virginia Action, Jane Doe asserted claims similar to those at issue in the Underlying Action against Albany,

Banyan and Hilton.  Soon after the filing of the Virginia Action, Hilton requested defense and indemnity from Albany for the claims against Hilton pursuant to the provisions of a Franchise Agreement entered into in April 2015.  Further, Albany and Hilton requested Citizens defend and indemnify Hilton and reimburse Albany any amounts owed Hilton for the claims in the Virginia Action under the CGL policy Citizens issued to Albany.

Albany maintains its defense and indemnity obligations to Hilton under the Franchise Agreement are covered by Citizens' policy.  Specifically, the policy insures Albany's contractual indemnity obligations and insures Hilton as an additional insured.   Hilton selected the law firm of McGuireWoods LLP ("McGuireWoods") to represent Hilton in the Virginia Action at Albany's expense. Citizens led Albany to believe Citizens would share with Albany's other liability insurer in reimbursing the McGuireWoods fees in defending the Virginia Action. Despite its agreement and prior representations, Citizens failed to provide its reimbursement share in violation of its policies.

In response to Albany's follow-up requests for reimbursement, Citizens' representative forwarded a March 18, 2018 letter addressed to Hilton with a copy shown to Banyan that Banyan has no record of receiving.  The March 18, 2018 letter purports to address the Virginia Action but is dated before the Virginia Action was

filed on November 30, 2018. Further, the letter incorrectly states an affiliate insurer, Massachusetts Bay Insurance Company, issued the Policy, when, in fact, the Policy referenced in the letter was issued by Citizens. The letter states it is "in response to Hilton's demand to assign McGuire Woods, LLP to represent the Hilton Corporate Defendants." It does not dispute an obligation to reimburse Hilton's fees, but states instead as follows:

> Massachusetts Bay's position that it has the right to choose counsel pursuant to the terms of its policy. Massachusetts Bay does not agree that it owes fees and costs incurred which would exceed the hourly rates charged by Sinnott, Nuckols & Logan [the originally assigned defense firm before McGuireWoods retention] in the defense of the Hilton Entities.

Citizens benefitted from the defense of Hilton that led to an Agreed Final Order of Nonsuit. However, Citizens has refused or failed to respond to Albany's requests for reimbursement, despite Albany's repeated requests. Citizens' failure to honor its Policy obligations, commitments and agreements is damaging to Albany's business relationship with Hilton and is causing Albany to suffer other damages including attorneys' fees and costs in bringing its Counterclaim.

### iii.    Westfield's Summary

Westfield Insurance Company issued insurance policies which include CGL coverage parts to Banyan Tree Management, LLC for the policy periods of August

30, 2014 through the date of cancellation on August 30, 2016 (the "Westfield Policies"). Westfield seeks a declaration from the Court that there is no duty to defend or indemnify Banyan Tree or Albany for the claims asserted in the Underlying Lawsuit under the Westfield Policies, on the grounds that Albany is not an Insured under the Westfield Policies and the claims asserted do not meet the terms of the Westfield Policies' insuring agreement and/or are excluded from coverage by one or more of the exclusions contained in the Westfield Policies. In the alternative, if the Court does find coverage under the Citizens Policies and the Westfield Policies, that such coverage under the Westfield Policies is excess and no duty to defend exists.

     **(c)**    **The legal issues to be tried are as follows:**

1.    Whether Citizens has a contractual duty to provide insurance coverage to Albany or Banyan Tree in the Underlying Action.

2.    Whether the claims asserted by Doe in the Underlying Action meet the terms of the Citizens Policies insuring agreement.

3.    Whether coverage is excluded under the Citizens Policies for the claims asserted by Doe in the Underlying Action.

4.    Whether Citizens has a duty to defend Banyan and Albany in the Underlying Action.

5.     Whether Citizens has a duty to indemnify Banyan and Albany for any judgment awarded in the Underlying Action.

6.     Whether Citizens is entitled to the relief sought in its Petition and any amendments thereto.

7.     Whether the bodily injury is alleged to have occurred during the Westfield Policy period.

8.     Whether property damage is alleged to have occurred during the policy period.

9.     Whether the Expected or Intended Injury Exclusion a. eliminates any coverage under Coverage A in the Westfield Policy.

10.     Whether the Contractual Liability Exclusion b. eliminates any coverage under Coverage A in the Westfield Policy.

11.     Whether the Personal and Advertising Injury Exclusion o. eliminates any coverage under Coverage A in the Westfield Policy.

12.     Whether the Recording and Distribution of Material or Information in Violation of Law Exclusion p. eliminates any coverage under Coverage A in the Westfield Policy.

13.     Whether the alleged personal and advertising injury was caused by an offense arising out of the Insured's business and was committed during the Westfield

Policy period.

14.     Whether the Knowing Violation of Rights of Another Exclusion a. eliminates any coverage under Coverage B in the Westfield Policy.

15.     Whether the Criminal Acts Exclusion d. eliminates any coverage under Coverage B in the Westfield Policy.

16.     Whether the Recording and Distribution of Material or Information in Violation of Law Exclusion p. eliminates any coverage under Coverage B in the Westfield Policy.

17.     Whether Albany is an insured under the Westfield Policy.

18.     Whether Westfield has a contractual duty to provide insurance coverage to Banyan Tree or Albany in the Underlying Action.

19.     Whether the claims asserted by Doe in the Underlying Action meet the terms of the Westfield Policies' insuring agreement.

20.     Whether coverage is excluded under the Westfield Policies for the claims asserted by Doe in the Underlying Action.

21.     If the Court does find coverage under the Policies, whether such coverage under the Westfield Policies is excess and no duty to defend exists for Westfield.

22.    Whether Citizens breached its obligations to cover Albany's obligations to pay or reimburse Hilton's attorneys' fees and defense costs in the Virginia Action.

23.    Whether Citizens breached its obligations to cover Hilton's defense costs as an additional insured.

24.    Whether Citizens, through its conduct, acts, and/or omissions, agreed or is obligated to pay or reimburse Albany the attorneys' fees and defense costs of Hilton in the Virginia Action.

**(d)    The cases listed below (include both style and action number) are:**

(1)    *Pending Related Cases*:

*Jane Doe v. Banyan Tree Management, LLC et al*., Civil Action File No. 19-C-04673-S3, pending in the State Court of Gwinnett County, Georgia.

(2)    *Previously Adjudicated Related Cases:*

*Jane Doe v. Hilton Worldwide Holdings Inc., et al.,* CL-2018-16980, Circuit Court of Fairfax County, Virginia

**2.    This case is complex because it possesses one or more of the features listed below  (please check):**

| | | |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| _____ | (5) | Extended discovery period is needed |

|        | (6)  | Problems locating or preserving evidence |
|--------|------|------------------------------------------|
| _____ | (7)  | Pending parallel investigations or action by government |
| _____ | (8)  | Multiple use of experts |
| _____ | (9)  | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| _____ | (11) | Unusually complex discovery of electronically stored information. |

**3.    Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

**For the Plaintiff Citizens Insurance Company of America:**

Joel S. Isenberg
Susan H. McCurry
Kenneth W. Boyles, Jr.
ELY & ISENBERG, LLC
2100-B SouthBridge Parkway
Suite 380
Birmingham, Alabama 35209
Phone: (205) 313-1200
Facsimile: (205) 313-1201
jisenberg@elylawllc.com
smcurry@elylawllc.com
kboyles@elylawllc.com

**For Defendants Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC:**

Shattuck Ely
Derek Schwahn
FELLOWS LABRIOLA LLP
225 Peachtree Street, NE
Suite 2300

Atlanta, Georgia 30303
Phone: (404) 586-9200
tely@fellab.com
dschwahn@fellab.com

Spencer M. Taylor
BARZE TAYLOR NOLES LOWTHER LLC
2204 Lakeshore Drive, Suite 330
Birmingham, AL 35209
Phone: (205) 872-1032
staylor@btnllaw.com

**For Defendant Jane Doe:**

Charles L. Clay, Jr.
PRATT CLAY LLC
4401 Northside Parkway, Suite 520
Atlanta, GA 30303
Phone: (404) 949-8118
chuck@prattclay.com

*Pro Hac Vice anticipated:*

Kurt Arnold
Caj Boatright
Roland Christensen
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
karnold@arnolditkin.com
cboatright@arnolditkin.com
rchristensen@arnolditkin.com

**For Plaintiff Intervenor Westfield Insurance Company:**

13

Richard H. Hill, Jr.
Amy M. Buzby
MABRY & McCLELLAND LLP
2200 Century Parkway, NE
Suite 1000
Atlanta, Georgia 30345
Phone: (404) 325-4800
rhill@m-mlegal.com
abuzby@m-mlegal.com

4.   **Jurisdiction:**

*Is there any question regarding this Court's jurisdiction?*

        Yes      X    No

*If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.*

5.   **Parties to This Action:**

*(a)  The following persons are necessary parties who have not been joined:*

Massachusetts Bay Insurance Company.[3]

*(b)  The following persons are improperly joined as parties:*

None.

(c)  *The names of the following parties are either inaccurately stated or*

necessary  portions of their names are omitted:

---

[3] *See infra* Section 6(a).

Defendant Jane Doe was identified with a pseudonym and is proceeding anonymously in the Underlying Action. Counsel for Defendant Jane Doe will address issues relating to their client's identity if requested by the Court.

(d) *The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

## 6.   Amendments to the Pleadings:

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of FED. R. CIV. P. 15. Further instructions regarding amendments are contained in LR 15.*

*(a)   List separately any amendments to the pleadings that the parties anticipate will be necessary:*

Citizens intends to file an Amended Petition for Declaratory Judgment adding Massachusetts Bay Insurance Company as a Plaintiff to this action and may address issues raised in Albany's counterclaim.

Pursuant to O.C.G.A. § 33-4-6, on April 7, 2020, Albany notified Citizens Albany intends to amend its Counterclaim to include a cause of action for bad faith if Citizens does not reimburse the attorneys' fees and defense costs it owes

in the Virginia Action within sixty days of Albany's notification.   Albany anticipates it will file an Amended Counterclaim adding a bad faith claim if the matter is not resolved by June 6, 2020.

**7.   Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2 F.

**8.      Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with FED. R. CIV. P. 26.[4]  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored  information.  Refer to FED. R. CIV. P. 26(a)(1)(B).

**9.      Request for Scheduling Conference:**

*Does any party request a scheduling conference with the Court?  If so, please state the  issues which could be addressed and the position of each party.*

Not at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance  of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery  period. A chart showing the assignment of cases to a  discovery  track by  filing  category  is contained in Appendix F. The track to

---

[4] The parties will serve initial disclosures on or before May 20, 2020 in accordance with the Court's March 18, 2020 Order (Doc. 19-1).

which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

*Please state below the subjects on which discovery may be needed:*

1.     The terms and conditions of the Citizens Policies.

2.     The terms and conditions of the Westfield Policies.

3.     The nature of the claims asserted by Doe against Albany and Banyan.

4.     The matters raised by Albany's Counterclaim against Citizens.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:*

The parties request a **five-month** discovery period to begin 30 days after the filing of this Report.

**11.     Discovery Limitation and Discovery of Electronically Stored Information.**

*(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

None.

18

*(b) Is any party seeking discovery of electronically stored information?*

<u>X</u>   Yes

___   No

*If "yes,"*

(1)  *The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:*

The parties do not expect any exceptional issues to arise relating to the production of ESI and, as such, do not believe any specific limitations are needed at this time. In the event such issue(s) arise, the parties have agreed to work together in good faith, and if possible, come to a mutual agreement as it relates to the production of ESI.

(2)  *The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files, JPEG, Computer Automated Design native and drawing files), Portable Document Format (PDF), or native), method of production (e.g., paper and electronic medium or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:*

The parties do not anticipate an unusually voluminous production of electronically stored information (ESI) in this case, nor do they currently foresee any

specific concerns or issues relating to ESI. Any ESI produced in discovery will be in .PDF format where possible. If conversion of files to .PDF format cannot be reasonably achieved, ESI will be produced in the format in which it is maintained by the party in the ordinary course of business. The parties agree that no party waives the right to request production of ESI in native format or the right to object to any such request. The parties will maintain relevant ESI.

### **Inadvertent Production of Privileged Documents or Information**

The parties agree that inadvertent production of documents or information (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of immunity or privilege as to that document or any other document, provided that the producing party notifies the receiving party in writing within fourteen (14) days of discovery of the inadvertent production.

If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the producing party, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other databases.

No use shall be made of such Inadvertently Produced Documents, including during depositions, at trial, or other proceedings, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them, in the absence of an order by the Court permitting the use of such Inadvertently Produced Documents. The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent production, move the Court to dispute the claim of privilege or immunity, but the motion shall not assert the fact or circumstances of the inadvertent production as grounds for the motion.

*In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.*

**12. Other Orders:**

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

None at this time, although the Parties may need to submit a consent protective order if confidential documents must be exchanged. Additionally, Counsel for Defendant Jane Doe may file motions to maintain their client's privacy.

**13. Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on May 4, 2020, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff Citizens:**

s/Susan H. McCurry
Susan H. McCurry

**For the Defendant Albany and Banyan:**

s/Spencer M. Taylor
Spencer M. Taylor

**For Plaintiff-Intervenor Westfield:**

s/Richard H. Hill
Richard H. Hill

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.
( X ) A possibility of settlement after discovery.
(___) A possibility of settlement, but a conference with the judge is needed.
(___) No possibility of settlement.

(c)    Counsel (X) do or (_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

The proposed date of the next settlement conference is undetermined at this time.

(d)     The following specific problems have created a hindrance to settlement of this case:

None at this time.

**14.  Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (__) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this day____, of __ __ 20.

(b)     The parties (X) **do not** consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 20th day of May, 2020.

| | |
|---|---|
| s/Kenneth W. Boyles, Jr. | s/Spencer M. Taylor |
| Joel S. Isenberg | Spencer M. Taylor (*Pro Hac Vice*) |
| Georgia Bar No. 108253 | BARZE TAYLOR NOLES |
| Susan H. McCurry | LOWTHER LLC |
| Georgia Bar No. 340555 | 2204 Lakeshore Drive, Suite 330 |
| Kenneth W. Boyles, Jr. | Birmingham, AL 35209 |
| Georgia Bar No. 183309 | Phone: (205) 872-1032 |
| ELY & ISENBERG, LLC | staylor@btnllaw.com |
| 2100-B SouthBridge Parkway | |

Suite 380
Birmingham, AL 35209
Phone: (205) 313-1200
jisenberg@elylawllc.com
smcurry@elylawllc.com
kboyles@elylawllc.com

*Counsel for Plaintiff Citizens
Insurance Company of America*

s/Richard H. Hill, Jr.
Richard H. Hill, Jr.
Amy M. Buzby
MABRY & McCLELLAND LLP
2200 Century Parkway, NE, Suite 1000
Atlanta, Georgia 30345
Phone: (404) 325-4800
rhill@m-mlegal.com
abuzby@m-mlegal.com

*Counsel for Intervenor Plaintiff
Westfield Insurance Company*

Shattuck Ely
Georgia Bar No. 246944
Derek Schwahn
Georgia Bar No. 910299
FELLOWS LABRIOLA LLP
Suite 2300, South Tower
225 Peachtree Street, NE
Atlanta, Georgia 30303
Phone: 404-586-9200
tely@fellab.com
dschwahn@fellab.com

*Counsel for Defendants Banyan Tree
Management, LLC and Albany
Downtown Hotel Partners, LLC*

24

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and accurate copy of the foregoing has been filed with the Clerk of Court and served on all parties of record via the CM/ECF electronic filing system on this the 20th day of May, 2020.

s/ Kenneth W. Boyles, Jr.
**OF COUNSEL**