## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA AND MASSACHUSETTS BAY INSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| and | ) ) | |
| WESTFIELD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff Intervenor, | ) ) | |
| v. | ) ) | Civil Action No: 1:19-cv-05292-MHC |
| BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC; and JANE DOE, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS BANYAN TREE MANAGEMENT, LLC'S AND
ALBANY DOWNTOWN HOTEL PARTNERS, LLC'S ANSWER AND
DEFENSES TO HANOVER PLAINTIFFS' AMENDED PETITION,
AND ALBANY DOWNTOWN HOTEL PARTNERS, LLC'S
<u>AMENDED COUNTERCLAIM</u>**

Defendants Banyan Tree Management, LLC ("Banyan") and Albany

Downtown Hotel Partners, LLC ("Albany") (collectively "Albany/Banyan

Defendants"), by and through counsel, respond as follows to the Amended Petition

("Amended Petition" or "Complaint") filed by Citizens Insurance Company of America ("Citizens") and Massachusetts Bay Insurance Company ("Massachusetts Bay") (collectively "Hanover" or "Plaintiffs"):

## ANSWER

**To Paragraph 1:** The Albany/Banyan Defendants admit this declaratory judgment lawsuit asserts allegations related to the Underlying Action and the Virginia Action as described in paragraph 1 of Plaintiffs' Amended Petition.  The Albany/Banyan Defendants further admit that Plaintiffs attached a copy of the original complaint filed in the Underlying Action as Exhibit A, and a copy of the original complaint filed in the Virginia Action as Exhibit B, to Plaintiffs' Amended Petition.  For further response, the operative complaints in the Underlying Action and the Virginia Action speak for themselves.  For response to footnote 1 in the unnumbered introductory paragraph concerning the Underlying Action, the operative complaint in the Underlying Action speaks for itself. To the extent Paragraph 1 states a legal conclusion, no response is required.  To the extent a response is required, the Albany/Banyan Defendants deny Plaintiffs are entitled to any relief whatsoever.

**To Paragraph 2:** Admitted.

**To Paragraph 3:** Upon information and belief, the Albany/Banyan Defendants admit Citizens and/or Massachusetts Bay are participating in their defense in the Underlying Action. Except as expressly admitted in this paragraph, the allegations of Paragraph 3 are denied.

**To Paragraph 4:** The Albany/Banyan Defendants admit Albany has demanded repayment of attorney fees and expenses incurred by Hilton in its defense of the Virginia Action in accordance with the provisions of the applicable insuring agreements issued by Citizens and/or Massachusetts Bay. Except as expressly admitted in this paragraph, the allegations of Paragraph 4 are denied.

**To Paragraph 5:** Denied.

## <u>JURISDICTION AND VENUE</u>

**To Paragraph 6:** The Albany/Banyan Defendants lack sufficient knowledge or information to respond to the allegations of Paragraph 6 and, therefore, deny those allegations at this time.

**To Paragraph 7:** The Albany/Banyan Defendants admit Jane Doe filed the Underlying Action, but lack sufficient knowledge or information to respond to the remaining allegations of Paragraph 7 and, therefore, deny those allegations at this time.

**To Paragraph 8:** The Albany/Banyan Defendants lack sufficient knowledge or information to respond to the allegations of Paragraph 8 and, therefore, deny those allegations at this time.

## PARTIES

**To Paragraph 9:** The Albany/Banyan Defendants lack sufficient knowledge or information to respond to the allegations of Paragraph 9 and, therefore, deny those allegations at this time.

**To Paragraph 10:** The Albany/Banyan Defendants lack sufficient knowledge or information to respond to the allegations of Paragraph 10 and, therefore, deny those allegations at this time.

**To Paragraph 11:** The Albany/Banyan Defendants admit that Banyan is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business in Florida.   The Albany/Banyan Defendants further admit that none of Banyan's members are citizens of Michigan, Massachusetts, or New Hampshire.   The remaining allegations of Paragraph 11 assert a legal conclusion to which no further response is required.

**To Paragraph 12:** The Albany/Banyan Defendants admit that Albany is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Florida.   The Albany/Banyan

Defendants further admit that none of Albany's members are citizens of Michigan, Massachusetts, or New Hampshire. The remaining allegations of Paragraph 12 assert a legal conclusion to which no further response is required.

**To Paragraph 13:** The Albany/Banyan Defendants lack sufficient knowledge or information to respond to the allegations of Paragraph 13 and, therefore, deny those allegations at this time.

## FACTUAL ALLEGATIONS

**A.    The Hanover Policies**

**To Paragraph 14:** The Albany/Banyan Defendants admit that Citizens issued a commercial general liability insurance policy to Albany for the policy period from April 21, 2015 to April 21, 2016 (the "Citizens Policy"), which policy speaks for itself. Except as expressly admitted in this Paragraph, the allegations of Paragraph 14 are denied.

**To Paragraph 15:** The Albany/Banyan Defendants admit that Massachusetts Bay issued commercial general liability insurance policies to Albany for consecutive annual policy periods from April 21, 2016 to April 21, 2018 (the "Massachusetts Bay Policies"), which policies speak for themselves.

**To Paragraph 16**: Admitted.

**To Paragraph 17:** Admitted.

5

## Coverage A

**To Paragraph 18:** The Albany/Banyan Defendants admit Hanover has quoted, in part, the Coverage A Insuring Agreement under a certain policy form in the Policies, which provisions speak for themselves. The Albany/Banyan Defendants deny Paragraph 18 to the extent it misstates or incompletely states or quotes any policy provision.  Except as expressly admitted in this paragraph, the allegations of Paragraph 18 are denied.

**To Paragraph 19:** The Albany/Banyan Defendants admit Hanover has quoted the definition for "bodily injury" under a certain policy form in the Policies, which definition and policies speak for themselves.  The Albany/Banyan Defendants deny Paragraph 19 to the extent it misstates or incompletely states or quotes any policy provision.  Except as expressly admitted in this Paragraph, the allegations of Paragraph 19 are denied.

**To Paragraph 20:** The Albany/Banyan Defendants admit Hanover has quoted the definition for "occurrence" under a certain policy form in the Policies, which definition and policies speak for themselves.  The Albany/Banyan Defendants deny Paragraph 20 to the extent it misstates or incompletely states or quotes any policy provision.  Except as expressly admitted in this Paragraph, the allegations of Paragraph 20 are denied.

6

**To Paragraph 21:** The Albany/Banyan Defendants admit Hanover has quoted the definition for "property damage" under a certain policy form in the CGL policies, which definition and policies speak for themselves. The Albany/Banyan Defendants deny Paragraph 21 to the extent it misstates or incompletely states or quotes any policy provision. Except as expressly admitted in this Paragraph, the allegations of Paragraph 21 are denied.

### Coverage B

**To Paragraph 22:** The Albany/Banyan Defendants admit Hanover has quoted, in part, the Coverage B Insuring Agreement under a certain policy form in the Policies, which provisions speak for themselves. The Albany/Banyan Defendants deny Paragraph 22 to the extent it misstates or incompletely states or quotes any policy provision. Except as expressly admitted in this paragraph, the allegations of Paragraph 22 are denied.

**To Paragraph 23:** The Albany/Banyan Defendants admit Hanover has quoted, in part, the definition for "personal and advertising injury" under a certain policy form in the Policies, which definition and policies speak for themselves. The Albany/Banyan Defendants deny Paragraph 23 to the extent it misstates or incompletely states or quotes any policy provision. Except as expressly admitted in this Paragraph, the allegations of Paragraph 23 are denied.

**B.     The Underlying Action**

**To Paragraph 24:** The Albany/Banyan Defendants admit Jane Doe filed the complaint in the Underlying Action on July 2, 2019, which complaint speaks for itself. The Albany/Banyan Defendants deny Plaintiffs' characterizations of the allegations in Jane Doe's complaint in the Underlying Action on the grounds that the complaint speaks for itself.

**To Paragraph 25:** The Albany/Banyan Defendants admit Jane Doe filed the complaint in the Underlying Action on July 2, 2019, making certain allegations against the Albany/Banyan Defendants and against defendant John Doe.   The Albany/Banyan Defendants deny Plaintiffs' characterizations of the allegations in Jane Doe's complaint in the Underlying Action on the grounds that the complaint in the Underlying Action speaks for itself.

**To Paragraph 26:** The Albany/Banyan Defendants deny the allegations of Paragraph 26 of Plaintiffs' Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 27:** The Albany/Banyan Defendants deny the allegations of Paragraph 27 of Plaintiffs' Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 28:** The Albany/Banyan Defendants deny the allegations of Paragraph 28 of Plaintiffs' Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 29:** The Albany/Banyan Defendants deny the allegations of Paragraph 29 of Plaintiffs' Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 30:** The Albany/Banyan Defendants deny the allegations of Paragraph 30 of Plaintiffs' Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 31:** The Albany/Banyan Defendants deny the allegations of Paragraph 31 of Plaintiffs' Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 32:** The Albany/Banyan Defendants deny the allegations of Paragraph 32 of Plaintiffs' Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 33:** The Albany/Banyan Defendants deny the allegations of Paragraph 33 of Plaintiffs' Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 34:** The Albany/Banyan Defendants deny the allegations of Paragraph 34 of Plaintiffs' Complaint on the grounds that Jane Doe's complaint in the Underlying Action speaks for itself.

**To Paragraph 35:** Upon information and belief, the Albany/Banyan Defendants admit Hanover agreed with Starr Indemnity & Liability Company to contribute to Starr's payment of the Albany/Banyan Defendants' defense costs in the Underlying Action, but otherwise deny the allegations of Paragraph 35 of Plaintiffs' Complaint.

**C.   The Virginia Action**

**To Paragraph 36:** The Albany/Banyan Defendants admit Jane Doe filed the complaint in the Virginia Action on November 30, 2018, which complaint speaks for itself.

**To Paragraph 37:** The Albany/Banyan Defendants admit the allegations of the Virginia Action are, in certain respects, similar to the allegations of the Underlying Action, but otherwise deny the allegations of Paragraph 37 of Plaintiffs' Complaint on the grounds that Jane Doe's complaints and allegations in the Underlying Action and Virginia Action speak for themselves.

**To Paragraph 38:** The Albany/Banyan Defendants admit that, after the filing of the Virginia Action, Hilton requested defense and indemnity from Albany for the claims against Hilton in the Virginia Action.

**To Paragraph 39:** The Albany/Banyan Defendants admit that Albany and Hilton requested defense and indemnity from, among other insurers, Hanover for the claims asserted in the Virginia Action.

**To Paragraph 40:** The Albany/Banyan Defendants admit that Hanover initially retained the law firm of Sinnott, Nuckols & Logan P.C. to defend some or all of the Albany/Banyan Defendants and Hilton in the Virginia Action.   The Albany/Banyan Defendants deny the remaining allegations in Paragraph 40 to the as they mischaracterize the insuring agreement and relationship between Hanover  and the Albany/Banyan Defendants. The Albany/Banyan Defendants expressly deny that Citizens, Massachusetts Bay, or any other Hanover affiliated insurance company effectively reserved their rights with regard to the Virginia Action.

**To Paragraph 41:** Denied, except that the Albany/Banyan Defendants admit that on February 12, 2019, Hilton Franchise wrote to Albany that Hilton was electing to assume the defense of Hilton at Albany's risk and expense pursuant to Section 15.3 of the Franchise Agreement between Albany and Hilton Franchise, and that Hilton Franchise selected the law firm of McGuireWoods LLP ("McGuireWoods")

to defend Hilton in the Virginia Action.   Except as expressly admitted in this Paragraph, the allegations of Paragraph 41 are denied.

**To Paragraph 42:**  Denied, except that the Albany/Banyan Defendants admit Albany and Hilton requested Hanover pay the defense costs of the McGuireWoods firm in defending the Virginia Action against Hilton as Hanover was obligated to do under the Policies issued to Albany.  Except as expressly admitted in this Paragraph, the allegations of Paragraph 42 are denied.

## COUNT I: DECLARATORY JUDGMENT

**To Paragraph 43:** The Albany/Banyan Defendants adopt and incorporate by reference their response to Paragraphs 1 through 35 of Hanover's Amended Petition as if fully set forth herein.  The Albany/Banyan Defendants deny any allegations in the heading to Count I.

**To Paragraph 44:** Paragraph 44 is Plaintiffs' attempt to characterize their own Complaint and asserts a legal conclusion.  To the extent further response is required of the Albany/Banyan Defendants, the allegations of Paragraph 44 are denied and these Defendants deny that Plaintiff is entitled to any relief against them whatsoever.

**To Paragraph 45:**  Denied.

**To Paragraph 46:** Denied.

**To Paragraph 47:** Denied.

**To Paragraph 48:** To the extent Paragraph 48 seeks a response from the Albany/Banyan Defendants, these Defendants deny that Hanover is entitled to disclaim its duty to defend or indemnify the Albany/Banyan Defendants, or to any relief against them whatsoever.

## COUNT II: DECLARATORY JUDGMENT

**To Paragraph 49:** The Albany/Banyan Defendants adopt and incorporate by reference their response to Paragraphs 1 through 35 of Hanover's Amended Petition as if fully set forth herein. The Albany/Banyan Defendants deny any allegations in the heading to Count II.

**To Paragraph 50:** Denied.

**To Paragraph 51:** Denied.

**To Paragraph 52:** Denied.

**To Paragraph 53:** Denied.

**To Paragraph 54:** To the extent Paragraph 54 seeks a response from the Albany/Banyan Defendants, these Defendants deny that Hanover is entitled to disclaim its duty to defend or indemnify the Albany/Banyan Defendants, or to any relief against them whatsoever.

## COUNT III: DECLARATORY JUDGMENT

**To Paragraph 42\*[1]:** The Albany/Banyan Defendants adopt and incorporate by reference their response to Paragraphs 1 through 35 of Hanover's Amended Petition as if fully set forth herein.  The Albany/Banyan Defendants deny any allegations in the heading to Count III.

**To Paragraph 43\*:** The Albany/Banyan Defendants admit the Policies include certain exclusions from coverage and that Hanover has quoted parts of exclusion a. (Expected or Intended Injury), o. (Personal and Advertising Injury), and q. (Recording and Distribution of Material or Information in Violation of Law) as contained in certain of the Policies, but otherwise deny allegations of Paragraph 43\*. The Albany/Banyan Defendants expressly deny that any policy exclusions apply to the claims against them in the underlying lawsuit.

**To Paragraph 44\*:** Denied.

**To Paragraph 45\*:** Denied.

**To Paragraph 46\*:** Denied.

**To Paragraph 47\*:** Denied

---

[1]Plaintiffs' Amended Petition begins with Paragraphs 1-54, then the numbering reverts to Paragraph 42.  The second instance of Paragraphs 42-54 occur on pages 14-17 of Plaintiffs' Amended Petition. Hereinafter, the second occurrence of paragraphs 42-54 will be marked with an asterisk alongside the paragraph number incorrectly assigned in Plaintiffs' Amended Petition.

**To Paragraph 48\*:** Denied

**To Paragraph 49\*:** To the extent Paragraph 49\* seeks a response from the Albany/Banyan Defendants, these Defendants deny that Hanover is entitled to disclaim its duty to defend or indemnify the Albany/Banyan Defendants, or to any relief against them whatsoever.

## COUNT IV: DECLARATORY JUDGMENT

**To Paragraph 50\*:** The Albany/Banyan Defendants adopt and incorporate by reference their response to Paragraphs 1 through 35 of Hanover's Amended Petition as if fully set forth herein. The Albany/Banyan Defendants deny any allegations in the heading to Count IV.

**To Paragraph 51\*:** Denied.

**To Paragraph 52\*:** Denied.

**To Paragraph 53\*:** Denied.

**To Paragraph 54\*:** Denied.

**To Paragraph 55:** Denied.

**To Paragraph 56:** To the extent Paragraph 56 seeks a response from the Albany/Banyan Defendants, these Defendants deny that Hanover is entitled to disclaim its duty to defend or indemnify the Albany/Banyan Defendants, or to any relief against them whatsoever.

## COUNT V: DECLARATORY JUDGMENT

**To Paragraph 57:** The Albany/Banyan Defendants adopt and incorporate by reference their response to Paragraphs 1 through 35 of Hanover's Amended Petition as if fully set forth herein. The Albany/Banyan Defendants deny any allegations in the heading to Count V.

**To Paragraph 58:** The Albany/Banyan Defendants admit the Coverage B provisions of the Policies include certain exclusions from coverage and that Hanover has quoted parts of exclusions a. (Knowing Violation of Rights of Another), d. (Criminal Acts), and p. (Recording and Distribution of Material Or Information In Violation of Law) as contained in certain of the Policies, but otherwise deny allegations of Paragraph 58.  The Albany/Banyan Defendants deny Paragraph 58 to the extent it misstates or incompletely states or quotes any policy provision.  The Albany/Banyan Defendants expressly deny that any policy exclusions apply to the claims against them in the underlying lawsuit.

**To Paragraph 58\*[2]:** Denied.

**To Paragraph 59:** Denied.

---

[2] Plaintiffs' Amended Petition contains two paragraphs numbered Paragraph 58.  This response is to misnumbered Paragraph 58 on page 19 of Plaintiffs' Amended Petition.

**To Paragraph 60:** Denied.

**To Paragraph 61:** Paragraph 61 is Plaintiffs' attempt to characterize its own complaint and asserts a legal conclusion.  To the extent further response is required of the Albany/Banyan Defendants, the allegations of Paragraph 61 are denied and these Defendants deny that Plaintiff is entitled to any relief against them whatsoever.

**To Paragraph 62:** To the extent Paragraph 62 seeks a response from the Albany/Banyan Defendants, these Defendants deny that Hanover is entitled to disclaim its duty to defend or indemnify the Albany/Banyan Defendants, or to any relief against them whatsoever.

### COUNT V[3]: RECOUPMENT

**To Paragraph 63:** The Albany/Banyan Defendants adopt and incorporate by reference their response to Paragraphs 1 through 35 of Hanover's Amended Petition as if fully set forth herein.

**To Paragraph 64:** The Albany/Banyan Defendants lack sufficient information to admit or deny the allegations of Paragraph 64, except that, on information and belief, the Albany/Banyan Defendants admit that Citizens and/or Massachusetts Bay agreed with Defendants' other liability insurer, Starr Indemnity

---

[3] Plaintiffs have misnumbered the Counts in the Amended Petition, there are two Count Vs in the petition.  This refers to the second Count V, titled Recoupment, on page 20 of Plaintiffs' Amended Petition.

& Liability Company, to contribute to Starr's payment of the Albany/Banyan Defendants' defense costs in the Underlying Action.  Except as expressly admitted in this Paragraph, the allegations of Paragraph 64 are denied.

**To Paragraph 65:** Denied.

**To Paragraph 66:** Denied.

### COUNT VI: RECOUPMENT

**To Paragraph 67:** The Albany/Banyan Defendants adopt and incorporate by reference their response to Paragraphs 1 through 42 of Hanover's Amended Petition as if fully set forth herein.

**To Paragraph 68:**  The Albany/Banyan Defendants lack sufficient information to admit or deny the allegations of Paragraph 68, except that, on information and belief, the Albany/Banyan Defendants admit that Citizens and/or Massachusetts Bay, possibly along with the Albany/Banyan Defendants' other liability insurers, retained counsel to defend the Albany/Banyan Defendants in the Virginia Action.  Except as expressly admitted in this Paragraph, the allegations of Paragraph 68 are denied.

**To Paragraph 69:** Denied.

**To Paragraph 70:** Denied.

**To Paragraph 71:** Denied.

For their answer to the *ad damnum* clause beginning WHEREFORE PREMISES CONSIDERED, including its subparts (1) through (9), the Albany/Banyan Defendants deny that Hanover is entitled to any relief of any type or nature against them whatsoever.

Except as expressly admitted above in this Answer, all allegations of Hanover's Amended Petition are denied.

## DEFENSES

The Albany/Banyan Defendants submit the following defenses to the Amended Petition filed by Hanover:

### First Defense

Hanover's Amended Petition fails to state a claim against the Albany/Banyan Defendants upon which relief can be granted.

### Second Defense

The Albany/Banyan Defendants plead the general issue and deny each and every allegation of Hanover's Amended Petition that is not expressly admitted herein.

### Third Defense

Hanover's claims in its Amended Petition depend on the underlying evidence obtained through discovery and/or proven at a trial of the underlying *Jane Doe* lawsuit, and, therefore, cannot be determined or adjudicated until the parties' liabilities and obligations, if any, are determined in the Underlying Action.

### Fourth Defense

The terms of Hanover's policies are undefined, vague and ambiguous, and must be strictly construed against Hanover.

### Fifth Defense

The Albany/Banyan Defendants plead that to deny coverage would defeat their reasonable expectations under the Policies.

### Sixth Defense

To the extent Hanover has breached the Policies or its obligations with respect to defense, settlement, and indemnity, they are entitled to no relief under their Amended Petition.

### Seventh Defense

Hanover's claims are barred by the doctrine of waiver, consent, and ratification.

### Eighth Defense

Hanover's claims are barred by the doctrine of laches.

### Ninth Defense

Hanover's claims are barred by the doctrine of acquiescence.

### Tenth Defense

Hanover's claims are barred by the doctrine of estoppel.

### Eleventh Defense

Citizens' and/or Massachusetts Bay's payments of defense costs, if any, are voluntary payments that they are not entitled to recoup.

### Twelfth Defense

Citizens and/or Massachusetts Bay failed to properly reserve their rights with respect to the defense of Albany/Banyan in the Underlying Action.

### Thirteenth Defense

Citizens and/or Massachusetts Bay failed to properly reserve their rights with respect to the defense of Albany/Banyan in the Virginia Action.

### Fourteenth Defense

Citizens and/or Massachusetts Bay failed to properly reserve their rights with respect to the defense of Hilton, the payment of Hilton's defense costs incurred by

the McGuireWoods law firm, and/or with respect to Albany's defense and indemnity obligations to Hilton in the Virginia Action.

### Fifteenth Defense

Hanover's claims are barred, in whole or in part, because Hanover does not have a contractual or other right for recoupment of defense costs, either express or implied.

### Sixteenth Defense

Citizens and/or Massachusetts Bay failed to properly reserve any right to recoupment, and/or no such right exists, with respect to any defense costs paid in either the Virginia Action or Underlying Action.

### Seventeenth Defense

The Albany/Banyan Defendants have expressly rejected and/or objected to any right of recoupment with respect to payment of defense costs in either the Virginia Action or the Underlying Action.

### Eighteenth Defense

Citizens and/or Massachusetts Bay are barred from recouping any amounts paid due to their unclean hands, their own inequitable conduct, and/or their agreement to share payment of these costs with other liability insurance carriers

### Nineteenth Defense

Citizens' and Massachusetts Bay's claim for recoupment of defense costs is improperly made against the Albany/Banyan Defendants where these insurers agreed with the Albany/Banyan Defendants' other insurer, Starr Indemnity & Liability Company to share in these costs.

### Twentieth Defense

Some or all of the claims are due to be dismissed for failure to include a necessary and indispensable party to this lawsuit.

### Twenty-First Defense

The Albany/Banyan Defendants reserve the right to amend or supplement their Answer to assert other defenses as may become known to them or as discovery reveals are appropriate.

### Prayer for Relief

WHEREFORE, the Albany/Banyan Defendants respectfully request the Court to:

1. Enter a final judgment on the merits dismissing, with prejudice, all of Hanover's claims;

2. Declare that Citizens and Massachusetts Bay have a duty to defend and indemnify the Albany/Banyan defendants under the Policies, with regard to claims made in the Underlying Action;

3. Declare that Citizens and Massachusetts Bay have a duty to indemnify the Albany/Banyan defendants under the Policies, with regard to the Virginia Action;

4. Declare that Hanover is not entitled to recoup any payments of any kinds or to otherwise recover monetary damages claimed in the Amended Petition;

5. Award the Albany/Banyan Defendants their attorneys' fees and other costs associated with defense of this Declaratory Judgment action; and

6. Award the Albany/Banyan Defendants such other and further relief to which they may be entitled in law and in equity.

## AMENDED COUNTERCLAIM

Defendant/Counterclaim Plaintiff Albany Downtown Hotel Partners, LLC ("Albany"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, asserts the following Counterclaim against Plaintiffs/Counterclaim Defendants Citizens

Insurance Company of America ("Citizens") and Massachusetts Bay Insurance Company ("Massachusetts Bay") (collectively, "Hanover"):

**Parties, Jurisdiction, and Venue**

1.     Defendant/Counterclaim Plaintiff Albany Downtown Hotel Partners, LLC ("Albany") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Florida.  Albany does not have any members who are residents of Michigan, Massachusetts, or New Hampshire.

2.     Upon information and belief, and based on its Amended Petition filed in the above-styled lawsuit, Citizens is a corporation organized and existing under the laws of the State of Michigan and with its principal place of business in Massachusetts.

3.     Upon information and belief, and based on its Amended Petition filed in the above-styled lawsuit, Massachusetts Bay is a corporation organized and existing under the laws of the State of New Hampshire and with its principal place of business in Massachusetts.

4.     This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists

between Albany and Hanover, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.     Hanover filed the above-styled lawsuit in this Court, and as such, this Court has personal jurisdiction over Hanover because it has purposefully availed itself of the benefits and protections of the State of Georgia.

6.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because Hanover is subject to the Court's personal jurisdiction.

### Factual Allegations

7.     In this Amended Counterclaim, Albany seeks to recover from Counterclaim Defendants Citizens and Massachusetts Bay amounts it agreed to pay as costs of defense of a prior lawsuit filed by Jane Doe against Albany, Banyan Tree Management, LLC ("Banyan"), Hilton Franchise Holding LLC ("Hilton Franchise"), and Hilton Worldwide Holdings Inc. ("Hilton Worldwide") in the Circuit Court of Fairfax County, Virginia, styled *Jane Doe v. Hilton Worldwide Holdings Inc., et al.*, CL-2018-16980 (the "Virginia Action").  Albany seeks to recover these amounts under a commercial general liability insurance policy Citizens issued to Albany, Policy No. ZBY A617294 00, for the period April 21, 2015 to April 21, 2016 (the "Citizens Policy"), as well as successive CGL policies issued by Massachusetts Bay to Albany, Policy Nos. ZDY A617294 01 for the policy period

April 21, 2016 to April 21, 2017 and ZDY A617294 02 for the policy period April 21, 2017 to April 21, 2018 (the "Massachusetts Bay Policies") (collectively, "the Policies").

8.       In the Virginia Action, Jane Doe asserted claims similar to those at issue in her civil lawsuit captioned *Jane Doe v. Banyan Tree Management LLC et al.*, Civil Action File No. 19-C-04673-S3, filed on July 2, 2019 in the State Court of Gwinnett County, Georgia ("the Georgia Action" or "Underlying Action"), which, along with the Virginia Action, forms the basis of Hanover's Amended Petition in the above-styled lawsuit before this Court.  The Virginia Action was dismissed without prejudice as to Albany and Banyan.  Further, Jane Doe filed a Motion to Nonsuit her claims against Hilton Franchise and Hilton Worldwide (collectively, "Hilton").  Claimant Jane Doe's Motion to Nonsuit her claims against Hilton was granted, but not until after Hilton already had incurred substantial expenses in its defense of the Virginia Action that it seeks to recoup from Albany and for which Citizens and Massachusetts Bay are responsible under the Policies.

9.       Soon after the filing of the Virginia Action, Hilton requested defense and indemnity from Albany for the claims against Hilton pursuant to the provisions of a Franchise Agreement between Albany and Hilton Franchise entered into in April

2015 ("Franchise Agreement").   Further, Hilton and Albany requested Hanover defend and indemnify Hilton for the claims in the Virginia Action under the Policy.

10.     Under the Franchise Agreement, Albany agreed to indemnify and hold Hilton harmless from all losses, costs, liabilities, damages, claims, and expenses, including reasonable attorneys' fees, expert fees, costs and other expenses of litigation arising out of or resulting from, among other things, the alleged events at the Hampton Inn & Suites Albany-Downtown, where claimant Jane Doe claims she suffered the injuries at issue in the Virginia Action, including "personal injury" or "property damage."   Further, Albany agreed to indemnify Hilton for additional matters at issue in the Virginia Action.

11.     Albany's defense and indemnity obligations to Hilton under the Franchise Agreement are covered by the Policies.   Citizens and Massachusetts Bay are obligated under the Policies to pay Albany's costs to defend and indemnify Hilton, and to pay Hilton's reasonable attorney fees in defense of the Virginia Action or to reimburse Albany for its obligations to Hilton.   In addition, Hilton is an additional insured under the Policy entitled to defense and indemnity from Citizens and Massachusetts Bay for the claims under the Virginia Action.

12.     On February 12, 2019, Hilton Franchise wrote to Albany that Hilton was electing to assume the defense of Hilton at Albany's risk and expense pursuant

to Section 15.3 of the Franchise Agreement.  Hilton Franchise advised Albany that Hilton selected the law firm of McGuireWoods LLP ("McGuireWoods") to represent Hilton in the Virginia Action at Albany's expense.

13.     In response to the Virginia Action and Hilton's February 12, 2019 correspondence, Albany requested that Hanover, along with Albany's subsequent insurer, Starr Indemnity & Liability Company ("Starr"), reimburse the fees of McGuireWoods in defending the Virginia Action against Hilton as those insurers were obligated to do under their insurance policies issued to Albany.  In response to this request, Citizens and/or Massachusetts Bay agreed to share with Starr in the reimbursement of McGuireWoods' fees, expenses, and costs in defending the Virginia Action.  Further, Hanover led both Albany and Hilton to believe that Citizens and/or Massachusetts Bay would share in the reimbursement of the McGuireWoods fees in defending the Virginia Action.

14.     On August 30, 2019, the court in the Virginia action granted Jane Doe's motion to non-suit all of the claims against Hilton.  For the period beginning in February 2019 through and shortly after the Agreed Final Order of Nonsuit, Hilton incurred attorney fees in defending the Virginia Action.

15.     On December 16, 2019, Hilton submitted the invoice it received from McGuireWoods to, among others, Starr, Hanover, and Banyan in its management

capacity for Albany.  Hilton asked that it be advised of any issues with payment

before year-end.  Starr reimbursed a share of the McGuireWoods invoices with the

expectation that Hanover would reimburse the remaining amounts owed.  Despite

its agreement and prior representations, Hanover failed to provide its reimbursement

share in violation of the Policy and without any reasonable basis or excuse.

16.    On January 23, 2019, having received no payment from Hanover,

Albany's insurance broker, McGriff, Seibels & Williams, Inc., wrote to Mr.

Terrence Chew, the Hanover adjuster assigned to the defense of the claims against

Hilton, as follows:

> Terrance [sic],
>
> What is going on with this?  Starr paid ½ of the Hilton
> defense bill and Hilton relayed to you said the Hilton bills
> were rejected by the prior adjuster/Steve.  Steve NEVER
> sent anything to this effect to the insured.  The last email I
> have regarding the bill is attached.
>
> Banyan needs and [sic] explanation on this.  As the policy
> holder, they should be kept apprised of decisions on the
> case, especially of this magnitude.    I have copied the
> insured on this email. I don't understand why Hanover is
> not paying their part, when coverage counsel for Starr felt
> it was due.
>
> I look forward to receiving a prompt response about 1)
> what was discussed with Hilton, 2) a copy of any written
> communication to the insured advising them of the
> position in advance of this email and 3) and explanation as

to why Hanover feels they are not responsible for those
fees.

17.    Mr. Chew, the Hanover adjuster assigned to the defense of the Virginia
Action, forwarded the invoice to another Hanover representative, Mr. Stephen
Colville.  Mr. Colville responded by advising he was handling "the coverage
portion" and forwarded a letter purporting to assess the coverage issues, dated March
18, 2018 and signed by Mr. Colville in his capacity as Regional Liability Adjuster
for Massachusetts Bay.  The March 18, 2018 letter was addressed to Hilton and
indicates Banyan was copied on the correspondence.  The letter was found to be
irregular in several ways:

    a.    Neither Hilton nor Banyan has any record of receiving the
March 18, 2018 letter before it was forwarded by Mr. Colville in early
2019.

    b.    The March 18, 2018 letter purports to address the Virginia
Action but is dated over eight months before the Virginia Action was
filed on November 30, 2018.

    c.    The March 18, 2018 letter states it is "in response to Hilton's
demand to assign McGuire Woods, LLP to represent the Hilton
Corporate Defendants", but is dated more than ten months before

Hilton's February 12, 2019 correspondence informing Albany that Hilton had engaged McGuireWoods.

      d.    The letter only addresses the Massachusetts Bay Policies, but purports to cover the policy term of the Citizens Policy.

      e.    The March 18, 2018 letter is not printed on letterhead.

18.    The March 18, 2018 letter states it is "in response to Hilton's demand to assign McGuire Woods, LLP to represent the Hilton Corporate Defendants."  It does not dispute an obligation to reimburse Hilton's fees, but states instead as follows:

> It is Massachusetts Bay's position that it has the right to choose counsel pursuant to the terms of its policy. Massachusetts Bay does not agree that it owes fees and costs incurred which would exceed the hourly rates charged by Sinnott, Nuckols & Logan in the defense of the Hilton Entities.[4]

19.    The March 18, 2018 letter is silent on Citizens' coverage position and fails to state any reservation of rights of any kind on behalf of Citizens.  The letter, which may not have even been sent, is not an effective reservation of rights on behalf of any insurer.

---

[4] Sinnott, Nuckols & Logan is the law firm Hanover retained to represent Albany, Banyan, and Hilton, before Hilton elected to assume its own defense and retained McGuireWoods to defend it in the Virginia Action pursuant to the Franchise Agreement.

20.    As alleged above, McGuireWoods' defense of Hilton in the Virginia Action proceeded with full knowledge of Hanover.  Hanover benefitted from the defense of Hilton that led to the Agreed Final Order of Nonsuit.  Throughout this defense, Albany understood Citizens and/or Massachusetts Bay had agreed with Starr to pay or reimburse McGuireWoods' fees and expenses in defending Hilton. Despite its Policy obligations to cover Albany's defense and indemnity requirements to Hilton under the Franchise Agreement, and despite its obligations to pay Hilton's defense costs as an additional insured under the Policy, Hanover has failed to honor its commitments and obligations and has breached the Policy.

21.    On April 7, 2020, Albany's counsel sent a Demand for Payment Pursuant to O.C.G.A. § 33-4-6 to counsel for Hanover regarding its failure to pay defense costs in the Virginia Action despite repeated requests.  The April 7, 2020 letter formally demanded reimbursement of the legal fees and expenses incurred on behalf of the Hilton defendants in the Virginia Action that Hanover has failed to pay without any reasonable basis or excuse.

22.    After receiving the Demand for Payment Pursuant to O.C.G.A. § 33-4-6, and within days of its expiration, on June 4, 2020, Hanover issued payment of less than one-third of the amounts it owed for reimbursement of the Hilton fees.  The payment was sent contemporaneously with a letter from Hanover counsel

maintaining that Hanover agreed to defend Hilton in the Virginia Action under a full reservation of rights and that payment was based on the hourly fees charged by Sinnot, Buckols & Logan. Hanover acknowledged, through its counsel, that Albany objected to any reservation or claim to recoupment of payments of these amounts.

23.     Despite Albany's request that Hanover provide any evidence that it sent the purported "March 18, 2018" letter or that it otherwise issued a reservation of rights with respect to Hilton's defense costs incurred in the Virginia Action, or with respect to Albany's defense and indemnity obligations to Hilton for its defense costs in the Virginia Action, none has been provided.

24.     To date, Hanover has failed to pay the full amounts owed with respect to Hilton's defense costs in the Virginia Action.

25.     As a result of Hanover's failures as described in this Amended Counterclaim, Albany has suffered damages. Hilton has demanded Albany reimburse the remainder of the defense costs that Hanover has failed to pay. Hanover has refused or failed to respond to Albany's requests for reimbursement, despite Albany's repeated requests. Hanover's failure to honor its Policy obligations, commitments and agreements is damaging to Albany's business relationship with Hilton and is causing Albany to suffer other damages.

## COUNT ONE (DECLARATORY JUDGMENT)

26.   Albany adopts and incorporates by reference its allegations set forth in Paragraphs 1 through 25 of its Amended Counterclaim as if fully set forth herein.

27.   Under the Policies, Hanover is obligated to pay the attorneys' fees owed by Albany to Hilton under the Franchise Agreement with respect to Hilton's defense provided by the McGuireWoods law firm in the Virginia Action.

28.   Hilton's attorneys fees incurred in the Virginia Action are covered by the Policies.

29.   Hanover also is obligated to pay Hilton's defense costs in the Virginia Action as an additional insured under the Policies.  Albany paid for this additional insured coverage under the Policies in order to fulfill its obligations under the Franchise Agreement.

30.   Albany has performed all of its obligations under the Policies.

31.   Hanover has failed or refused to pay in full Hilton's attorneys fees incurred in the Virginia Action or to acknowledge its obligation to reimburse Albany in violation and breach of the Policies.

WHEREFORE, Albany requests the Court declare that Hanover is obligated under the Policies to pay all of the attorneys' fees incurred by Hilton in the Virginia Action and that it has demanded of Albany under the Franchise Agreement and the

Policies.  Albany further requests that the Court enter such other additional or different declaratory or equitable relief that the Court deems just and proper.

## COUNT TWO (DECLARATORY JUDGMENT)

32.    Albany adopts and incorporates by reference its allegations set forth in Paragraphs 1 through 25 of its Amended Counterclaim as if fully set forth herein.

33.    Through its conduct, acts, representations, and/or omissions, Hanover agreed, promised, or led Albany to believe that Hanover would reimburse the legal fees charged by the McGuireWoods law firm to defend Hilton in the Virginia Action.

34.    Hanover has failed or refused to pay in full Hilton's attorneys' fees incurred in the Virginia Action or to reimburse Albany in violation of its agreements and promises.

35.    Albany has performed all of its obligations under the Policies.

WHEREFORE, Albany requests the Court declare that Hanover is obligated as a result of its agreement, promises, and conduct to pay the attorneys' fees incurred by Hilton in the Virginia Action and that Hilton has demanded of Albany under the Franchise Agreement and the Policy.  Albany further requests that the Court enter such other additional or different declaratory or equitable relief that the Court deems just and proper.

## COUNT THREE (DECLARATORY JUDGMENT)

36.     Albany adopts and incorporates by reference its allegations set forth in Paragraphs 1 through 25 of its Amended Counterclaim as if fully set forth herein.

37.     Hanover maintains it is entitled to a right to seek reimbursement of any amounts paid in defense of the Virginia Action.

38.     Neither Citizens nor Massachusetts Bay properly reserved their rights with respect to the defense of Hilton or with respect to reimbursement of their defense costs in the Virginia Action.

39.     The right to reimbursement purportedly reserved by Citizens and Massachusetts Bay is not provided for by the Policies, nor is such a right allowed by applicable law.  Albany has expressly rejected any purported reservation of rights or claim to reimbursement by Hanover.

WHEREFORE, Albany requests the Court declare that Hanover has no right to reimbursement or recoupment of the defense costs in the Virginia Action.  Albany further requests that the Court enter such other additional or different declaratory or equitable relief that the Court deems just and proper.

## COUNT FOUR (BREACH OF CONTRACT)

40.     Albany adopts and incorporates by reference its allegations set forth in Paragraphs 1 through 25 of its Amended Counterclaim as if fully set forth herein.

41.   Hanover issued the Policies to Albany under which Hanover is obligated to pay the attorneys' fees owed by Albany to Hilton under the Franchise Agreement with respect to Hilton's defense provided by the McGuireWoods law firm in the Virginia Action.

42.   Hilton's attorneys fees incurred in the Virginia Action are covered by the Policies.

43.   Hanover also is obligated to pay Hilton's defense costs in the Virginia Action as an additional insured under the Policies.  Albany paid for this additional insured coverage under the Policies in order to fulfill its obligations under the Franchise Agreement.

44.   Albany has performed all of its obligations under the Policy.

45.   Hanover has breached the Policy by failing or refusing to pay in full Hilton's attorneys fees incurred in the Virginia Action or by failing or refusing to reimburse or agree to reimburse Albany for payment of Hilton's attorneys fees under the Franchise Agreement.

46.   As a result of Hanover's breach of the Policy, Albany has suffered damages.

WHEREFORE, Albany requests the Court enter judgment against Hanover for all compensatory damages allowed by law and determined by a jury to be just and proper, as well as interest and costs.

## COUNT FIVE (IMPLIED OBLIGATION TO PAY UNDER O.C.G.A. § 9-2-7)

47.     Albany adopts and incorporates by reference its allegations set forth in Paragraphs 1 through 25 of its Amended Counterclaim as if fully set forth herein.

48.     Albany agreed to defend and indemnify Hilton including payment of the McGuireWoods' defense costs in the Virginia Action based on its understanding that Hanover would reimburse Albany for these costs.

49.     Through its conduct, acts, and/or omissions, Hanover accepted the defense provided to Hilton, benefitted from it, and impliedly promised to pay the reasonable value of the defense provided.

50.     The remaining amounts owed for the McGuireWoods defense costs are due to be reimbursed by Hanover under O.C.G.A. § 9-2-7.

WHEREFORE, Albany requests the Court enter judgment against Hanover for the attorneys' fees incurred by Hilton in the Virginia Action and that Hilton has demanded of Albany under the Franchise Agreement, as well as interest and costs.

## COUNT SIX (QUANTUM MERUIT)

51.     Albany adopts and incorporates by reference its allegations set forth in Paragraphs 1 through 25 of its Amended Counterclaim as if fully set forth herein.

52.     Albany agreed to defend and indemnify Hilton including payment of the McGuireWoods' defense costs in the Virginia Action based on its understanding that Hanover would reimburse Albany for these costs.

53.     Through its conduct, acts, and/or omissions, Hanover knowingly accepted the defense provided to Hilton by McGuireWoods and benefitted from it, such that Hanover's failure to pay for the defense is unjust.

54.     The remaining amounts owed for the McGuireWoods fees are due to be reimbursed by Hanover on a quantum meruit basis.

WHEREFORE, Albany requests the Court enter judgment against Hanover for the attorneys' fees incurred by Hilton in the Virginia Action and that Hilton has demanded of Albany under the Franchise Agreement, as well as interest and costs.

## COUNT SEVEN (BAD FAITH REFUSAL TO PAY UNDER O.C.G.A § 33-4-6)

55.     Albany adopts and incorporates by reference its allegations set forth in Paragraphs 1 through 25 of its Amended Counterclaim as if fully set forth herein.

56.     Hanover issued the Policies to Albany under which Hanover is obligated to pay the attorneys' fees owed by Albany to Hilton under the Franchise

Agreement with respect to Hilton's defense provided by the McGuireWoods law firm in the Virginia Action.

57.    Hilton's attorneys fees incurred in the Virginia Action are covered by the Policies.

58.    Hanover also is obligated to pay Hilton's defense costs in the Virginia Action as an additional insured under the Policies.  Albany paid for this additional insured coverage under the Policies in order to fulfill its obligations under the Franchise Agreement.

59.    Neither Citizens nor Massachusetts Bay effectively reserved their rights in any way with regard to the Virginia Action.

60.    Albany's claim for payment is covered by the Policies.

61.    Albany made its demand for payment in a letter to Hanover counsel on April 7, 2020, more than sixty (60) days before the date of the filing of this Amended Counterclaim.

62.    Under the terms of the Policies upon which the demand was made and under the facts surrounding Hanover's inadequate response to that demand and failure to pay the amounts owed, Hanover lacked good cause for resisting and delaying payment.

WHEREFORE, Albany requests the Court enter judgment against Hanover for the attorneys' fees incurred by Hilton in the Virginia Action and that Hilton has demanded of Albany under the Franchise Agreement, as well as interest and costs, along with bad faith penalties and reasonable attorneys' fees for the prosecution of this action against Hanover as authorized by O.C.G.A § 33-4-6.

**ALBANY REQUESTS A TRIAL BY JURY AS TO ALL ISSUES RAISED BY ITS AMENDED COUNTERCLAIM**

Respectfully submitted this 13th day of July, 2020.

/s/ Shattuck Ely
Shattuck (Tucker) Ely
Georgia Bar No. 246944
Derek Schwahn
Georgia Bar No. 910299
FELLOWS LABRIOLA LLP
Suite 2300, South Tower
225 Peachtree Street, NE
Atlanta, Georgia 30303
Phone: 404-586-9200
tely@fellab.com
dschwahn@fellab.com

Spencer M. Taylor (*pro hac vice* to be filed)
BARZE TAYLOR NOLES LOWTHER LLC
2204 Lakeshore Drive, Suite 330
Birmingham, AL 35209
Phone: (205) 872-1032
staylor@btnllaw.com

*Attorneys for Defendants Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this 13th day of July, 2020:

Mr. Joel S. Isenberg
Ms. Susan H. McCurry
Mr. Kenneth W. Boyles, Jr
ELY & ISENBERG, LLC
2100-B SouthBridge Parkway
Suite 380
Birmingham, AL 35209

Mr. Richard H. Hill, Jr.
Ms. Amy H. Buzby, Esq.
MABRY & MCCLELLAND, LLP
2200 Century Parkway, N.E.
Suite 1000
Atlanta, Georgia 30305

Mr. Charles L. Clay, Jr.
PRATT CLAY LLC
4401 Northside Parkway, Suite 520
Atlanta, GA 30303

/s/ Shattuck Ely
Shattuck Ely