IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CITENS INSURANCE COMPANY OF AMERICA; MASSACHUSETTS BAY INSURANCE COMPANY ) ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION FILE |
| ) v. ) ) | NO. 1:19-CV-05292-MHC |
| BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC; and JANE DOE, ) ) ) ) ) | |
| Defendants ) | |

### ANSWER TO AMENDED COUNTERCLAIM

COME NOW Plaintiffs/Counterclaim Defendants Citizens Insurance Company of America ("Citizens") and Massachusetts Bay Insurance Company ("Massachusetts Bay) (collectively, "Hanover"), and responds to Defendant/Counterclaim Plaintiff Albany Downtown Hotel Partners, LLC's ("Albany") Amended Counterclaim as follows:

### Parties, Jurisdiction, and Venue

1.  Upon information and belief, Hanover admits the allegations of Paragraph 1 of Albany's Counterclaim.

1

2. Admitted.

3. Admitted.

4. Hanover admits that complete diversity of citizenship exists between Albany and Hanover. To the extent Paragraph 4 states a legal conclusion, no response is required.

5. Hanover admits that it filed the above-captioned action in this Court. To the extent Paragraph 5 states a legal conclusion, no response is required.

6. Paragraph 6 states a legal conclusion to which no response is required.

## Factual Allegations

7. Hanover admits that Jane Doe filed a lawsuit against Albany, Banyan Tree Management, LLC; Hilton Franchise Holding, LLC; and Hilton Worldwide Holdings, Inc. in the Circuit Court of Fairfax County, Virginia styled *Jane Doe v. Hilton Worldwide Holdings Inc., et al.,* CL-2018-16980 (the "Virginia Action"). Hanover admits that Citizens issued Policy No. ZBY A617294 00 to Albany for the policy period of April 21, 2015 to April 21, 2016. Hanover admits that Massachusetts Bay issued to Albany Policy No. ZBY A617294 01 for the policy period of April 21, 2016 to April 21, 2017 and Policy No. ZBY A617294 02 for the policy period of April 21, 2017 to April 21, 2018, both of which contain commercial general liability coverage parts. Hanover denies that Albany is entitled to any relief.

2

Except as expressly admitted, Hanover denies the remaining allegations contained within Paragraph 7 and demands strict proof thereof.

8. Hanover admits that in the Virginia Action, Jane Doe asserted claims similar to those at issue in her civil lawsuit captioned *Jane Doe v. Banyan Tree Management LLC et al.*, Civil Action File No. 19-C-04673-S3, filed on July 2, 2019 in the State Court of Gwinnet County, Georgia ("Underlying Action"). The allegations contained in Paragraph 8 refer to written documents, the terms of which speak for themselves. To the extent Albany attempts to paraphrase, summarize, or characterize the content of written documents, Hanover denies the allegations contained in Paragraph 8. Except as expressly admitted, Hanover denies the remainder of the allegations contained within Paragraph 8 and demands strict proof thereof.

9. Hanover admits that Albany requested that it defend and indemnify Hilton for the claims asserted against Hilton in the Virginia Action. To the extent the allegations contained in Paragraph 9 are not directed to Hanover, no response is required. Except as expressly admitted, Hanover denies the remainder of the allegations contained within Paragraph 9 and demands strict proof thereof.

10. The allegations contained in Paragraph 10 refer to written documents, the terms of which speak for themselves. To the extent Albany attempts to

paraphrase, summarize, or characterize the content of written documents, Hanover denies the allegations contained in Paragraph 10. The allegations contained in Paragraph 10 are not directed to Hanover, no response is required from Hanover. To the extent a response is required, Hanover denies the allegations contained within Paragraph 10 and demands strict proof thereof.

11.  Hanover denies that Albany's defense and indemnity obligations to Hilton for the claims asserted in the Virginia Action are covered under the Policies. The allegations contained in Paragraph 11 refer to written documents, the terms of which speak for themselves. To the extent Albany attempts to paraphrase, summarize, or characterize the content of written documents, Hanover denies the allegations contained in Paragraph 11. Hanover denies the remainder of the allegations contained within Paragraph 11 and demands strict proof thereof.

12.  To the extent the allegations contained in Paragraph 12 are not directed to Hanover, no response is required. The allegations contained in Paragraph 12 refer to written documents, the terms of which speak for themselves. To the extent Albany attempts to paraphrase, summarize, or characterize the content of written documents, Hanover denies the allegations contained in Paragraph 12 and demands strict proof thereof.

13. Hanover denies that it is obligated to reimburse the McGuireWoods' fees and expenses incurred in defending the Virginia Action. To the extent the allegations contained in Paragraph 13 refer to written documents, the terms of which speak for themselves. To the extent Albany attempts to paraphrase, summarize, or characterize the content of written documents, Hanover denies the allegations contained in Paragraph 13. Hanover denies the remainder of the allegations contained within Paragraph 13 and demands strict proof thereof.

14. The allegations contained in Paragraph 14 are not directed to Hanover; therefore, no response is required from Hanover. To the extent that a response is required, Hanover denies the allegations contained in Paragraph 14 and demands strict proof thereof.

15. The allegations contained in Paragraph 15 refer to written documents, the terms of which speak for themselves. To the extent Albany attempts to paraphrase, summarize, or characterize the content of written documents, Hanover denies the allegations contained in Paragraph 15. To the extent the allegations contained in Paragraph 15 are not directed to Hanover, no response is required. Hanover denies the remainder of the allegations contained in Paragraph 15 and demands strict proof thereof.

16. The allegations contained in Paragraph 16 refer to written documents, the terms of which speak for themselves. To the extent Albany attempts to paraphrase, summarize, or characterize the content of written documents, Hanover denies the allegations contained in Paragraph 16 and demands strict proof thereof.

17. The allegations contained in Paragraph 17 and subparagraphs 17a. – 17e. refer to written documents, the terms of which speak for themselves. To the extent Albany attempts to paraphrase, summarize, or characterize the content of written documents, Hanover denies the allegations contained in Paragraph 17 and subparagraphs 17a. – 17e. and demands strict proof thereof.

18. The allegations contained in Paragraph 18 refer to a written document, the terms of which speak for itself. To the extent Albany attempts to paraphrase, summarize, or characterize the content of a written document, Hanover denies the allegations contained in Paragraph 18 and demands strict proof thereof. Hanover denies the remainder of the allegations contained in Paragraph 18 and demands strict proof thereof.

19. The allegations contained in Paragraph 19 refer to a written document, the terms of which speak for itself. To the extent Albany attempts to paraphrase, summarize, or characterize the content of a written document, Hanover denies the allegations contained in Paragraph 19 and demands strict proof thereof. Hanover

denies the remainder of the allegations contained in Paragraph 19 and demands strict proof thereof.

20.    Hanover admits that it had knowledge of McGuireWoods' defense of Hilton in the Virginia Action.  Except as expressly admitted, Hanover denies the allegations contained in Paragraph 20 and demands strict proof thereof.

21.    The allegations contained in Paragraph 21 refer to a written document, the terms of which speak for itself. To the extent Albany attempts to paraphrase, summarize, or characterize the content of a written document, Hanover denies the allegations contained in Paragraph 21 and demands strict proof thereof.

22.    Hanover admits that it issued a payment to Albany on June 4, 2020. The allegations contained in Paragraph 22 refer to a written document, the terms of which speak for itself. To the extent Albany attempts to paraphrase, summarize, or characterize the content of a written document, Hanover denies the allegations contained in Paragraph 22 and demands strict proof thereof.

23.    Hanover denies the allegations contained in Paragraph 23 and demands strict proof thereof.

24.    Hanover denies the allegations contained in Paragraph 24 and demands strict proof thereof.

25. Hanover denies the allegations contained in Paragraph 25 and demands strict proof thereof.

### COUNT ONE (DECLARATORY JUDGMENT)

26. Hanover adopts and incorporates its responses to the Paragraph 1 through 25 as if fully set forth herein.

27. Hanover denies the allegations contained in Paragraph 27 and demands strict proof thereof.

28. Hanover denies the allegations contained in Paragraph 28 and demands strict proof thereof.

29. Hanover denies the allegations contained in Paragraph 29 and demands strict proof thereof.

30. Hanover denies the allegations contained in Paragraph 30 and demands strict proof thereof.

31. Hanover denies the allegations contained in Paragraph 31 and demands strict proof thereof.

Hanover denies the prayer for relief following Paragraph 31 of Albany's Amended Counterclaim and demands strict proof thereof.

### COUNT TWO (DECLARATORY JUDGMENT)

32. Hanover adopts and incorporates its responses to the Paragraph 1 through 25 as if fully set forth herein.

33. Hanover denies the allegations contained in Paragraph 33 and demands strict proof thereof.

34. Hanover denies the allegations contained in Paragraph 34 and demands strict proof thereof.

35. Hanover denies the allegations contained in Paragraph 35 and demands strict proof thereof.

Hanover denies the prayer for relief following Paragraph 35 of Albany's Amended Counterclaim and demands strict proof thereof.

### COUNT THREE (DECLARATORY JUDGMENT)

36. Hanover adopts and incorporates its responses to the Paragraph 1 through 25 as if fully set forth herein.

37. Hanover admits that it is entitled to reimbursement of any amounts it paid in defense of the Virginia Action.

38. Hanover denies the allegations contained in Paragraph 38 and demands strict proof thereof.

39. Hanover denies the allegations contained in Paragraph 39 and demands strict proof thereof.

Hanover denies the prayer for relief following Paragraph 39 of Albany's Amended Counterclaim and demands strict proof thereof.

### COUNT FOUR (BREACH OF CONTRACT)

40. Hanover adopts and incorporates its responses to the Paragraph 1 through 25 as if fully set forth herein.

41. Hanover admits that it issued the Policies referenced in response to Paragraph 7.  Except as expressly admitted, Hanover denies the allegations contained in Paragraph 41 and demands strict proof thereof.

42. Hanover denies the allegations contained in Paragraph 42 and demands strict proof thereof.

43. Hanover denies the allegations contained in Paragraph 43 and demands strict proof thereof.

44. Hanover denies the allegations contained in Paragraph 44 and demands strict proof thereof.

45. Hanover denies the allegations contained in Paragraph 45 and demands strict proof thereof.

46. Hanover denies the allegations contained in Paragraph 46 and demands strict proof thereof.

Hanover denies the prayer for relief following Paragraph 46 and demands strict proof thereof.

## COUNT FIVE (IMPLIED OBLIGATION TO PAY UNDER O.C.G.A. § 9-2-7)

47. Hanover adopts and incorporates its responses to the Paragraph 1 through 25 as if fully set forth herein.

48. The allegations contained in Paragraph 48 are not directed to Hanover; therefore, no response is required from Hanover. To the extent a response is required, Hanover denies the allegations contained within Paragraph 48 and demands strict proof thereof.

49. Hanover denies the allegations contained in Paragraph 49 and demands strict proof thereof.

50. Hanover denies the allegations contained in Paragraph 50 and demands strict proof thereof.

Hanover denies the prayer for relief following Paragraph 50 of Albany's Amended Counterclaim and demands strict proof thereof.

## COUNT SIX (QUANTUM MERIUT)

51. Hanover adopts and incorporates its responses to the Paragraph 1 through 25 as if fully set forth herein.

52. The allegations contained in Paragraph 52 are not directed to Hanover; therefore, no response is required from Hanover. To the extent a response is required, Hanover denies the allegations contained within Paragraph 52 and demands strict proof thereof.

53. Hanover denies the allegations contained in Paragraph 53 and demands strict proof thereof.

54. Hanover denies the allegations contained in Paragraph 54 and demands strict proof thereof.

Hanover denies the prayer for relief following Paragraph 54 of Albany's Amended Counterclaim and demands strict proof thereof.

### COUNT SEVEN (BAD FAITH REFUSAL TO PAY UNDER O.C.G.A. § 33-4-6)

55. Hanover adopts and incorporates its responses to the Paragraph 1 through 25 as if fully set forth herein.

56. Hanover admits that it issued the Policies referenced in response to Paragraph 7. Except as expressly admitted, Hanover denies the allegations contained in Paragraph 56 and demands strict proof thereof.

57. Hanover denies the allegations contained in Paragraph 57 and demands strict proof thereof.

58. Hanover denies the allegations contained in Paragraph 58 and demands strict proof thereof.

59. Hanover denies the allegations contained in Paragraph 59 and demands strict proof thereof.

60. Hanover denies the allegations contained in Paragraph 60 and demands strict proof thereof.

61. The allegations contained in Paragraph 61 refer to a written document, the terms of which speak for itself. To the extent Albany attempts to paraphrase, summarize, or characterize the content of a written document, Hanover denies the allegations contained in Paragraph 61 and demands strict proof thereof.

62. The allegations contained in Paragraph 62 refer to written documents, the terms of which speak for themselves. To the extent Albany attempts to paraphrase, summarize, or characterize the content of written documents, Hanover denies the allegations contained in Paragraph 62 and demands strict proof thereof. Hanover denies the remainder of the allegations contained in Paragraph 62.

Hanover denies the prayer for relief following Paragraph 62 of Albany's Amended Counterclaim and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Further answering by way of defense and affirmative defense, Hanover states as follows:

### FIRST AFFIRMATIVE DEFENSE

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Albany's Amended Counterclaim, and each purported cause of action alleged therein, fails to state a claim against Hanover upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Hanover states that Albany's Amended Counterclaim should be dismissed pursuant to Rule 19 of the Federal Rules of Civil Procedure for failure to join necessary and indispensable parties.

### THIRD AFFIRMATIVE DEFENSE

Albany lacks standing or is not the proper party in interest to assert some or all of the claims in its Amended Counterclaim.

### FOURTH AFFIRMATIVE DEFENSE

Albany's claims are barred because it does not have a contractual or any other right to recover.

### FIFTH AFFIRMATIVE DEFENSE

Hanover denies each and every allegation of Albany's Amended

Counterclaim not expressly admitted, and demands strict proof thereof.

## SIXTH AFFIRMATIVE DEFENSE

Hanover contests the existence and/or the amount of damages Albany seeks to recover and demands strict proof thereof.

## SEVENTH AFFIRMATIVE DEFENSE

Hanover denies that any representations were made to Albany; Albany did not rely on any representations to its detriment; and/or any reliance by Albany on any alleged representations was not reasonable.

## EIGHTH AFFIRMATIVE DEFENSE

Hanover denies that it breached any contract with Albany.

## NINTH AFFIRMATIVE DEFENSE

Albany's claims are barred or limited by any and all terms, conditions, and/or exclusions of the Policies identified in Paragraph 7. Hanover asserts that the requirements of the insuring agreement of the Policies are not satisfied; the conditions precedent to coverage are not satisfied; and/or the claims are excluded under the Policies.

## TENTH AFFIRMATIVE DEFENSE

Hanover asserts that Albany is not entitled to benefits under the Hanover Policies at issue.

## ELEVENTH AFFIRMATIVE DEFENSE

There is no causal connection between the allegations against Hanover and the injuries and damages alleged in Albany's Amended Counterclaim.

## TWELFTH AFFIRMATIVE DEFENSE

Hanover pleads the affirmative defenses of waiver and estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

Albany's causes of action are barred by the failure of consideration.

## FOURTEENTH AFFIRMATIVE DEFENSE

Hanover pleads the doctrine of voluntary payment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Hanover strictly denies Albany's claim for damages, and demands strict proof thereof.

## SIXTEENTH AFFIRMATIVE DEFENSE

Hanover pleads the affirmative defense of laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Hanover pleads the defense of setoff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Hanover pleads the defense of accord and satisfaction.

### NINETEENTH AFFIRMATIVE DEFENSE

Hanover pleads the defense of payment.

### TWENTIETH AFFIRMATIVE DEFENSE

Hanover pleads the defense of release.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Hanover pleads the defense of statute of frauds.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

None of the facts relating to any action, determination, or conduct of Hanover involved in this dispute give rise to, or support, any claim or cause of action for contractual or extra-contractual liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

All determinations made by Hanover regarding this dispute were made in good faith based on the legitimate reading and application of the terms, provisions, exclusions, and obligations as defined in the applicable insurance policy.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Hanover affirmatively pleads that Albany is entitled to no further benefits or coverage under the Policies for any claimed loss at issue.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Hanover affirmatively asserts that it had reasonable basis, factual and legal

justification for its coverage decision regarding Albany's claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Hanover denies it is liable for punitive damages and demands strict proof thereof.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

With respect to any claims for punitive damages, Hanover incorporates by reference all standards and limitations regarding the determination, limitation, and enforceability of punitive damage awards under state and federal statutory and case law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any award of punitive damages would violate Hanover's due process rights and other constitution safeguards under the United States Constitution and applicable state law, including but not limited to the following provisions, jointly and individually:

(a) The Eighth Amendment of the Constitution of the United States.

(b) The Fourteenth Amendment of the Constitution of the United States.

(c) The Fifth Amendment of the Constitution of the United States.

(d) The Tenth Amendment of the Constitution of the United States.

(e) The Fourth Amendment of the Constitution of the United States.

    (f)    Sixth Amendment to the Constitution of the United States

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Hanover reserves the right to assert such additional defenses as they are ascertained through discovery.

WHEREFORE, Hanover requests this Court dismiss Albany's Amended Counterclaim, enter judgment in favor of Hanover, including costs and fees, and all other relief this Court deems appropriate.

                                    Respectfully submitted,

                                    /s/ Kenneth W. Boyles, Jr.
                                  Joel S. Isenberg
                                  Georgia Bar No.: 108253
                                  Susan H. McCurry
                                  Georgia Bar No.: 340555
                                  Kenneth W. Boyles
                                  Georgia Bar No.: 183309

                                  Counsel for Plaintiffs
                                  Citizens Insurance Company of America
                                  and Massachusetts Bay Insurance Company

**OF COUNSEL:**
ELY & ISENBERG, LLC
2100-B SouthBridge Parkway
Suite 380
Birmingham, Alabama 35209
Phone: (205) 313-1200
Facsimile: (205) 313-1201
jisenberg@elylawllc.com
smcurry@elylawllc.com
kboyles@elylawllc.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and accurate copy of the foregoing has been filed with the Clerk of Court and served on all parties of record via the CM/ECF electronic filing system and/or U.S. Mail on this the 27th day of July, 2020.

Shattuck Ely
Derek Schwahn
FELLOWS LABRIOLA LLP
225 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30303
Phone: (404) 586-9200
tely@fellab.com
dschwahn@fellab.com

Spencer M. Taylor
BARZE TAYLOR
NOLES LOWTHER LLC
2204 Lakeshore Drive, Suite 330
Birmingham, AL 35209
Phone: (205) 872-1032
staylor@btnllaw.com

Richard H. Hill, Jr.
MABRY & McCLELLAND LLP
2200 Century Parkway, NE, Suite 1000
Atlanta, Georgia 30345
Phone: (404) 325-4800
rhill@m-mlegal.com

Charles L. Clay, Jr.
PRATT CLAY LLC
4401 Northside Parkway, Suite 520
Atlanta, GA 30303
Phone: (404) 949-8118
chuck@prattclay.com

    /s/ Kenneth W. Boyles, Jr.
    **OF COUNSEL**