



| | |
|---|---|
| **Entity Name:** | **Banyan Tree Management, LLC** |
| **Jurisdiction:** | GA |
| **Date:** | 7/9/2019 |
| **Receipt Method:** | Process Server |
| **Case Number:** | 19-C-04673-S3 |
| **Plaintiff:** | JANE DOE |
| **Defendant:** | BANYAN TREE MANAGEMENT, LLC |
| **Document Type:** | Summons & Complaint |

EXHIBIT "B" - Page 1

FILED IN OFFICE ~
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG

**19-C-04673-S**

7/2/2019 10:58 AI

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

*[signature]*
CLERK OF STATE COUR

**Jane Doe**

_____

_____

_____

PLAINTIFF

VS.

**Banyan Tree Management, LLC**

_____

_____

_____

DEFENDANT

CIVIL ACTION **19-C-04673-S3**
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Charles L. Clay, Jr. - Pratt Clay, LLC

4401 Northside Parkway, Suite 520

Atlanta, GA 30327

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**2ND**_____ day of _____**JULY**_____, 20__**19**__.

Richard T. Alexander, Jr.,
**Clerk of State Court**

By *[signature: Nichole Norton]*
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

## EXHIBIT "B" - Page 2

E-FILED IN OFFICE - H
GWINNETT COUNTY, GEORGI
**19-C-04673-S**
**7/2/2019 10:58 AI**

CLERK OF STATE COUR

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JANE DOE,

  *Plaintiff,*

v.

BANYAN TREE MANAGEMENT, LLC;
ALBANY DOWNTOWN HOTEL
PARTNERS, LLC; and JOHN DOE,

  *Defendants.*

CIVIL ACTION FILE NO.
**19-C-04673-S3**

## COMPLAINT

COMES NOW Plaintiff Jane Doe in the above-styled action, and hereby files her Complaint as follows:

### I.

#### NATURE OF THE CASE

1.     Plaintiff, Jane Doe, was a paying guest at the Hampton Inn and Suites Albany-Downtown (hereinafter "Hampton Inn-Albany") in Albany, New York. While Plaintiff was in the privacy of her hotel room, she was secretly recorded fully nude showering in the bathroom. Plaintiff was then extorted and blackmailed with the videos. The videos were then published online to numerous pornographic websites, and viewed thousands of times. The videos were also sent to Plaintiff's colleagues, in an attempt to coerce her to pay money and/or send additional nude pictures and videos of herself to the extorter. During the relevant events, Banyan Tree Management, LLC managed the Hampton Inn-Albany, and Albany Downtown Hotel Partners, LLC owned the Hampton Inn-Albany. These egregious privacy violations have caused Plaintiff to

suffer humiliation and substantial damages, and as a consequence she brings this suit against Banyan Tree Management, LLC, and Albany Downtown Hotel Partners, LLC.

## II.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter pursuant to Section 14-2-510 of the Georgia Code because Defendant Banyan Tree Management, LLC's registered agent is located Gwinnett County and joint tortfeasor Albany Downtown Hotel Partners, LLC is run and operated out of Atlanta, Georgia in Fulton County. Additionally, the owners (members) of these entities reside here in Atlanta, Georgia, in Fulton County. Further, the nerve centers, where all decision makers are located for Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC are also here in Atlanta, Georgia, in Fulton County. Thus, both Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC are subject to the Court's general jurisdiction.   Specifically, the Operating Agreement for the Hampton Inn-Albany (executed between Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC) was executed by Rakesh Chauhan as the manager of Chapel ST MM Partners, LLC (the managing member of Albany Downtown Hotel Partners, LLC). Rakesh Chauhan is the President and CEO of Banyan Investment Group, is the manager for Banyan Tree Management, LLC, and is a resident of Fulton County, Georgia. Banyan Management and Albany Hotel Partners are largely owned and operated by the same group of individuals, many of which are located here in Atlanta, Georgia in Fulton County.

3.      Additionally, the direction, supervision, and operation of the Hampton Inn-Albany is performed by Banyan Tree Management, LLC through its executives and decision makers here in Atlanta, Georgia in Fulton County.

## EXHIBIT "B" - Page 4

4.     Removal of this case is not permitted because both Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC are forum defendants, since they have members who are Georgia citizens and therefore diversity of jurisdiction is lacking.

### III.

#### THE PARTIES

5.     The Plaintiff, Jane Doe,[1] is resident of Chicago, Illinois.

6.     Defendant Banyan Tree Management, LLC ("Banyan Management") is a Florida limited liability company. The executives, decision makers, and owners of Banyan Management are located in Atlanta, Georgia. Banyan Management is run from Atlanta, Georgia, Fulton County. For purposes of diversity citizenship, Banyan Management is a citizen of Georgia because multiple members are from Georgia. Banyan Management can be served with process through its registered agent: Paracorp Incorporated, at 368 W. Pike Street, Suite #104, Lawrenceville, GA, 30046, USA (Gwinnett County, GA).

7.     Defendant Albany Downtown Hotel Partners, LLC ("Albany Hotel Partners") is a Delaware limited liability company. The executives, decision makers, and owners for Albany Hotel Partners are located in Atlanta, Georgia. Albany Hotel Partners is run from Atlanta, Georgia, Fulton County. For purposes of diversity citizenship, Albany Hotel Partners is a citizen of Georgia because multiple members are from Georgia. Albany Hotel Partners can be served with process

---

[1] Due to the significant privacy violations Plaintiff has already endured as a result of the negligent and grossly negligent conduct of Defendants, Plaintiff is bringing this suit as "Jane Doe." Proceeding as Jane Doe in this case comports with the analytical framework set forth in *Doe v. Archdiocese of Atlanta*, 761 S.E.2d 864 (Ga. Ct. App. 2014). Specifically, given the egregious and embarrassing nature of the underlying incident, Plaintiff will be harmed further by proceeding in her full name. Further, given the history of the harassment Plaintiff has already endured with escalating threats and posting of the video of her online, proceeding in her full name would pose a risk of retaliatory physical or mental harm to Plaintiff. Additionally, there is no unfairness to the parties by Plaintiff proceeding as Jane Doe because the Defendants are already aware of Plaintiff's full name and identity. In fact, the Defendants have been provided with copies of the videos taken of Plaintiff and are fully aware of the facts and circumstances alleged in this lawsuit. Finally, Plaintiff is willing to submit her full name to the Court under seal should the Court desire it.

through its registered agent: Paracorp Incorporated, at 2140 S. Dupont Hwy., Camden, Delaware 19934. Defendant Banyan Tree Management, LLC, Defendant Albany Downtown Hotel Partners, LLC and Defendant John Doe are joint-tortfeasors and may be subject to venue in any county in which one or more of them reside pursuant to O.C.G.A. § 9-10-31.

8.      Defendant John Doe is believed to be an employee or agent of Defendants with an unknown physical residential address.  At all material times referred to in this Complaint, John Doe was conducting himself in the normal course of business acting within the scope of his employment with one or more of the named Defendants.  Defendant Banyan Tree Management, LLC, Defendant Albany Downtown Hotel Partners, LLC and Defendant John Doe are joint-tortfeasors and may be subject to venue in any county in which one or more of them reside pursuant to O.C.G.A. § 9-10-31.

### IV.

#### FACTUAL BACKGROUND

##### *Facts Relating to the Unauthorized Recording of Plaintiff*

9.      In July of 2015, Plaintiff paid for a room at the Hampton Inn-Albany in Albany, New York. At the time, Plaintiff had just graduated from law school and was staying in Albany to prepare for and take the New York bar exam. Plaintiff was a registered guest staying at the Hampton Inn-Albany during her time in Albany during the bar exam.

10.      Unbeknownst to Plaintiff, and without her consent, Plaintiff was recorded by a hidden video camera while fully nude in the shower.

11.      Plaintiff did not realize that she was recorded until September 30, 2018, when she received an email stating "*this is you right?*" which included a link to a video posted on a pornographic video website smutr.com. The link went to a video publicly available on the Internet

### EXHIBIT "B" - Page 6

titled "[Jane Doe] Bathroom Voyeur Cam – 2." The title of the video contained Plaintiff's full name.

12.     Plaintiff viewed the video and it indeed was herself showering in the Hampton Inn-Albany. The video shows Plaintiff fully nude and is multiple minutes long.

13.     The following is a screenshot from the video taken of Plaintiff and also another picture of the bathroom setup in the Hampton Inn-Albany. The two are a near-perfect match:

| Screenshot from Video of Plaintiff | Photo of Hampton Inn-Albany Bathroom |
|---|---|



14.     That same night, Plaintiff received another email from the same sender with specific personal details about Plaintiff including where she attended university, that she had taken

the New York bar exam, and where Plaintiff worked. In that same email the sender said, "*I don't want to embarrass you please reply*."

15.     On October 1, 2018, Plaintiff received another email from the same sender stating: "*I'm a perv. I don't hurt anyone. I like to watch. No need to worry about me I just like to watch and then I move on to the next*."

16.     Later that day on October 1, 2018, Plaintiff received another email from the same sender stating: "*Promise me my own show. That's the hottest. No need to show your face. Then I disappear and remove the videos forever before they get copied on every website*."

17.     Without responding, Plaintiff received another email from the same sender on October 1, 2018, stating: "*Are you here still? I know it's you. I don't want to embarrass you. Please reply before it's too late to stop it*."

18.     Just minutes later, the video of Plaintiff, once again with her full name, was posted on the website pornhub.com.

19.     In the early evening of October 1, 2018, Plaintiff received another email from the same sender now threatening: "*You have until midnight to send me something good. Or I will post videos, your name, info everywhere. Then I send to people you know. You can enjoy being famous*."

20.     Plaintiff did not respond to the threats.

21.     On October 11, 2018, the video of Plaintiff was posted to the following pornographic websites—each time with Plaintiff's full name in the video title:

> a.     redtube.com
>
> b.     xvideos.com
>
> c.     xnxx.com
>
> d.     pornhub.com (again)

22.     Throughout this time Plaintiff was trying to get the websites to remove the video. Some websites temporarily removed the video, others did not.

23.     On October 19, 2018, Plaintiff received another email from the same sender stating: "*Why'd you take down my video??? It's ok it's already up on a bunch of sites lol. You already hit 1000 views on one. Just sent you in to a new one. Want (sic) to know which one? Do you want me to stop?*"

24.     The next day, on October 20, 2018, Plaintiff received another email from the same sender stating: "*Round 2 starts today. This time I start by emailing people you know. You think you're better than other people but you're just a whore. Eiher (sic) we talk or this goes out. Either you be my bitch or [Jane Doe] will be everbody's (sic) bitch. Be smart.*" Attached to the email was a photo of Plaintiff fully nude in the shower.

25.     On October 26, 2018, in the afternoon Plaintiff began receiving emails from colleagues, friends, and former classmates. The emails being forwarded to her by her friends and work associates were sent by an email address set up in Plaintiff's name (but it was not Plaintiff's email address nor was it Plaintiff sending the emails), and the emails sent directly to Plaintiff's friends and colleagues said the following:

> *Subject: Help with Art Project*
> *Dear Friends,*
> *Hi all! Hope you are all well. As the subject line says, I am trying to recruit some friends to help out a friend's art project (for which I got to be the model!! ☺)))*
> *It's a little daring (trust me) but you can decide that. Let me know what you think and leave a like!*
> *Here is the vimeo link: vimeo.com[2]*

---

[2] Plaintiff has removed the specific link from the Complaint, but the video was posted to popular video-sharing website, vimeo.com.

**EXHIBIT "B" - Page 9**

26.     The emails sent to Plaintiff's friends and colleagues appeared to be sent from Plaintiff given that the new email address was set up in her name. Throughout the afternoon on October 26, 2018, Plaintiff was forwarded these emails from numerous friends and colleagues.

27.     The link included in these emails included a new version of the video of Plaintiff, and the video included Plaintiff's full name in both the video title and the video itself.

28.     On the evening of October 26, 2018, Plaintiff received another email from the same sender who had been communicating with her previously stating the following:

> *Time to talk yet?*
>
> *Maybe check out Vimeo for the video projects I uploaded of you. Search your name. All those views are people you know. HUNDREDS. Some maybe watched more than once ☺ You want this to stop. You want me to stop. Right? Do I need more from you?*
>
> *Maybe you're ready. I can do that.*
>
> *A little bit of money and it all goes away.*
>
> *$2,000 USD TODAY. Then $1,000 USD each month for one year. You pay some now, a little later, and some after that. First payment and I stop the videos. Second payment less money, stay quiet. Third payment, stay quiet. You're buying peace. Easy right? Reply and then you get the BITCOIN address. So easy.*

29.     Plaintiff did not give in to the demands, and the video of Plaintiff has continued to be posted online on various websites. At present, the video of Plaintiff (each time with her full name) has been posted on the following websites at least once (and in many instances multiple times):

      a.      Pornhub.com (numerous postings)

      b.      Pornhub.com (Spanish)

      c.      Redtube.com

      d.      Xvideos.com

      e.      Xnxx.com

    f.    Smutr.com

    g.    Thumbzilla.com

    h.    Pornado.co

    i.    Sexer.cz

    j.    Big-boob-porn.com

    k.    Alohatube.com

    l.    Motherless.com

    m.    Tubesafari.com

30.    Many of these websites pay for user-generated and user-posted content. Those who post videos to the sites receive monetary compensation, often in proportion to the number of views the video generates. Because the videos of Plaintiff have been viewed many times (over a thousand) it is highly probable the posters of the videos have received monetary compensation based on the videos of Jane Doe.

31.    In an exhausting cycle of humiliation, Plaintiff has been, and continues to be, forced to constantly monitor online sites (including pornographic sites) for when additional postings are made online to attempt to remove the video.

### Relationship of Defendants

32.    The Defendants are related in the following manner:

33.    The Hampton Inn-Albany—where the unauthorized video recording occurred—is a Hilton property that is managed and operated by Defendant Banyan Management. Banyan Management is the hotel management company that provides management services, training, and oversight to the hotel.

EXHIBIT "B" - Page 11

34.     Albany Hotel Partners is the ownership entity that owns the actual Hampton Inn-Albany hotel.

35.     Albany Hotel Partners hired Banyan Management to operate, direct, and supervise the activities at the Hampton Inn-Albany where the incident occurred. Banyan Management had the sole and exclusive right to operate, direct, and supervise the operations of the Hampton Inn-Albany at the time of the incident.

36.     Some of Banyan Management's responsibilities as the supervisor, operator, and manager of the Hampton Inn-Albany were to:

a.   Determine and create all personnel policies and procedures;

b.   Oversee the hiring, recruiting, and discharge of all employees necessary to operate the Hampton Inn-Albany;

c.   Establish all pricing for guest rooms;

d.   Negotiate contracts for the hotel for services like utilities, cable, internet, cleaning, and elevator maintenance, among other things;

e.   Procure and maintain all required licenses to allow for the operation of the hotel;

f.   Establish administrative policies for the operation of the Hampton Inn-Albany;

g.   Procure all necessary operating equipment and supplies to operate the Hampton Inn-Albany;

h.   Perform advertising and promotions for the Hampton Inn-Albany;

i.   Open and maintain bank accounts for the Hampton Inn-Albany;

j.   Plan, execute, and supervise maintenance at the Hampton Inn-Albany;

k.   Operate the Hampton Inn-Albany in compliance with the franchise agreement between the Hampton Inn-Albany and Hilton;

37.     The management and operation of the Hampton Inn-Albany was under the supervision and control of Banyan Management.

38.     Banyan Management also had absolute discretion and control over all personnel matters and over personnel employed at the Hampton Inn-Albany. Banyan Management even had discretion and control over the hotel employees who were employed by Albany Hotel Partners at the Hampton Inn-Albany.

39.     Banyan Management had total control over decisions regarding hiring, promoting, transferring, compensating, supervising, terminating, directing, and training all employees at the Hampton Inn-Albany. Banyan Management also had control over, and was responsible for, establishing and maintaining all policies and procedures relating to employment of individuals at the Hampton Inn-Albany.  In fact, Banyan Management's control was so extensive over the employees at the Hampton Inn-Albany that even Albany Hotel Partners was prohibited from directly exercising authority over or interfering with any personnel employed at the Hampton Inn-Albany other than approving the hiring of the general manager and sales director for the hotel. Everything else regarding the employees at the Hampton Inn-Albany was under the control of Banyan Management.

### *John Doe and the Recording of Plaintiff and Others*

40.     Plaintiff was recorded by a hidden camera in the bathroom of the private hotel room she paid to stay in at the Hampton Inn-Albany.

41.     The individual or individuals who recorded Plaintiff knew which room she stayed in, knew her full name, and knew her personal email address. This information was provided to the Hampton Inn-Albany upon check-in to Plaintiff's room.

42.     Plaintiff has discovered evidence that other individuals were also recorded in the same room at the Hampton Inn-Albany. Some of these individuals may have become aware of the recording after interactions like Plaintiff experienced above. However, many of these individuals are likely not yet aware that they were recorded in the bathroom and shower of the same room that Plaintiff stayed in.

43.     To have access to personal information (full name, email address, etc.) the individual performing the unauthorized recording would have to be an employee of the hotel or someone with direct access to the rooms.

44.     As neither Plaintiff nor Defendants have identified the precise identity of the perpetrator at this time, Plaintiff brings claims against John Doe.

45.     John Doe at the time of the recording of Plaintiff was an employee of one or more of the Defendants named in this suit.

46.     The conduct of John Doe was reckless, meaning that John Doe had the specific purpose of inflicting emotional distress or intended the conduct (recording Plaintiff nude in the shower) would likely result in severe emotional distress to Plaintiff. John Doe's conduct in this regard was outrageous and intolerable and it offends the generally accepted standards of decency and morality. Specifically, filming someone nude, without their consent, in their hotel room is repulsive and offensive behavior and is not at all accepted by society. Additionally, there is a causal connection between John Doe's conduct and Plaintiff's emotional distress. Namely, Plaintiff did not suffer from any type of remotely similar emotional distress until after she became aware of John Doe's recording of her fully nude in her hotel bathroom. Additionally, the emotional distress suffered by Plaintiff severe. She has had numerous instances where she has not been able to leave her apartment after this incident because of the emotional distress she is in. Further, Plaintiff has

12

been physically harmed as well. Since the incident she has sustained significant gastrointestinal issues and has lost over 30 pounds to date. Plaintiff did not have these problems prior to this incident.

## V.

### CLAIMS

#### *General Allegations*

47.     At all material times, Defendants Banyan Management and Albany Hotel Partners owned, controlled, operated, and/or managed the premises of the Hampton Inn-Albany, and had the legal duty to keep the premises in a state consistent with due regard for the safety of its invitees, including Plaintiff.

48.     Defendants breached the duty owed to Plaintiff by failing to exercise ordinary care to keep the premises safe.

49.     Prior to when the illicit recordings of Plaintiff occurred, the Hampton Inn-Albany premises was negligently maintained, inspected, secured, patrolled, and managed. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage the premises, but failed to exercise ordinary care.

50.     Defendants were negligent in failing to maintain, inspect, secure, patrol, and manage the premises, and negligently hired, retained, supervised, entrusted, and trained employees at the property, thereby creating an unreasonable risk of injury to invitees, including Plaintiff.

#### COUNT I: *Negligence Against Banyan Tree Management, LLC*

51.     Plaintiff re-alleges and re-affirms the allegations contained in the paragraphs set forth above.

52.     Defendant Banyan Management owed a non-delegable duty of reasonable care to Plaintiff to ensure that Plaintiff was safe and her privacy was maintained while she stayed at the Hampton Inn-Albany.

53.     Defendant Banyan Management was negligent and breached the duty owed to Plaintiff in several respects, and is directly liable for those acts including but not limited to:

a.     Failed to provide Plaintiff with a safe room;

b.     Failed to perform adequate inspections of the rooms to ensure hidden cameras were not present;

c.     Failed to perform adequate training of personnel to ensure that hazards like the hidden cameras would be identified;

d.     Failed to identify that there was a hazardous situation where the privacy of guests could be severely violated at the hotel;

e.     Failed to enforce its adequate privacy policies at the hotel to protect Plaintiff's information she used to check into the hotel with;

f.     Failed to properly train its employees;

g.     Failed to properly train its employees of Albany Hotel Partners, including failure to adequately train the general manager of the hotel in question;

h.     Failed to properly supervise its employees and the employees of Albany Hotel Partners;

i.     Failed to properly supervise the hotel;

j.     Negligently hired John Doe;

k.     Negligently trained John Doe;

l.     Negligently supervised John Doe;

EXHIBIT "B" - Page 16

      m.      Failed to provide adequate safety and security equipment and measures for the rooms at the Hampton Inn-Albany;

      n.      Failed to maintain the Hampton Inn-Albany in a safe condition;

      o.      Failed to require Albany Hotel Partners to maintain the Hampton Inn-Albany in a safe condition;

      p.      Had either actual or constructive knowledge of the unsafe conditions at the hotel;

      q.      Failed to institute adequate policies and procedures that would have prevented this incident from occurring;

      r.      Violated applicable industry standards and regulations with regard to maintaining a safe hotel premises for a paying guest; and

      s.      Other various actions and inactions deemed negligent and grossly negligent.

54.    Additionally, Banyan Management was negligent, breached the duty owed to Plaintiff in several respects, and thus is vicariously liable for those acts including but not limited to:

      a.      Is vicariously liable for its employees' negligence;

      b.      Is vicariously liable for Albany Hotel Partners' negligence;

      c.      Is vicariously liable for John Doe's conduct that occurred during the course and scope of his employment with the Banyan Management; and

      d.      Had actual and/or constructive notice of its unsafe premises.

55.    As a direct and proximate result of the Banyan Management's negligence, both direct and vicarious, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress and other damages recognized and provided

for under Georgia law. Further, as a direct and proximate result of the Banyan Management's negligence, Plaintiff also incurred past, present and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future. Finally, Plaintiff has suffered physical injury as well from the underlying event. She has sustained severe gastrointestinal issues and to date has lost over 30 pounds.

COUNT 2: <b><i>Negligence Against Albany Downtown Hotel Partners, LLC</i></b>

56.     Plaintiff re-alleges and re-affirms the allegations contained in the paragraphs set forth above.

57.     Albany Hotel Partners owed a non-delegable duty of reasonable care to Plaintiff to ensure that Plaintiff was safe and her privacy was maintained while she stayed at the Hampton Inn-Albany.

58.     Albany Hotel Partners was negligent and breached the duty owed to Plaintiff in several respects, and is directly liable for those acts, including but not limited to:

        a.     Failed to provide Plaintiff with a safe room;

        b.     Failed to perform adequate inspections of the rooms to ensure hidden cameras were not present;

        c.     Failed to perform adequate training of personnel to ensure that hazards like the hidden cameras would be identified;

        d.     Failed to identify that there was a hazardous situation where the privacy of guests could be severely violated at the hotel;

        e.     Failed to enforce its adequate privacy policies at the hotel to protect Plaintiff's information she used to check into the hotel with;

EXHIBIT "B" - Page 18

f.     Failed to properly train its employees, including the general manager of the hotel in question;

g.     Failed to properly supervise its employees;

h.     Failed to properly supervise the hotel;

i.     Negligently hired John Doe;

j.     Negligently trained John Doe;

k.     Negligently supervised John Doe;

l.     Failed to provide adequate safety and security equipment and measures for the rooms at the Hampton Inn-Albany;

m.     Failed to maintain the Hampton Inn-Albany in a safe condition;

n.     Had either actual or constructive knowledge of the unsafe conditions at the hotel;

o.     Failed to institute adequate policies and procedures that would have prevented this incident from occurring;

p.     Violated applicable industry standards and regulations with regard to maintaining a safe hotel premises for a paying guest; and

q.     Other various actions and inactions deemed negligent and grossly negligent.

59.     Additionally, Albany Hotel Partners was negligent and breached the duty owed to Plaintiff in several respects, and is vicariously liable for those acts, including but not limited to:

a.     Is vicariously liable for its employees' negligence;

b.     Is vicariously liable for John Doe's conduct that occurred during the course and scope of his employment with Albany Hotel Partners; and

c.     Had actual and/or constructive notice of its unsafe premises.

60.     As a direct and proximate result of Albany Hotel Partners' negligence, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress and other damages recognized and provided for under Georgia law.  Further, as a direct and proximate result of the Albany Hotel Partners' negligence, Plaintiff also incurred past, present and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future. Finally, Plaintiff has suffered physical injury as well from the underlying event. She has sustained severe gastrointestinal issues and to date has lost over 30 pounds.

**COUNT 3:** *Premises Liability – Banyan Management and Albany Hotel Partners*

61.     Plaintiff re-alleges and re-affirms the allegations contained in the paragraphs set forth above.

62.     Defendants Banyan Management and Albany Hotel Partners are liable to Plaintiff under a theory of premises liability.

63.     Banyan Management and Albany Hotel Partners had knowledge, actual or constructive, that a defect existed on their property—specifically the camera in Plaintiff's bathroom at the Hampton Inn-Albany.

64.     Albany Hotel Partners had a non-delegable duty to Plaintiff to exercise ordinary care in keeping the premises safe.  O.C.G.A. § 51-3-1.

65.     The camera in Plaintiff's bathroom created an unsafe condition on the property.

66.     The camera in Plaintiff's bathroom was one of the proximate causes of Plaintiff's injuries.

67.     As a direct and proximate result of the negligence of Banyan Management and Albany Hotel Partners under a premises liability theory, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress and

other damages recognized and provided for under Georgia law. Further, as a direct and proximate result of the negligence of Banyan Management and Albany Hotel Partners, Plaintiff also incurred past, present and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future. Finally, Plaintiff has suffered physical injury as well from the underlying event. She has sustained severe gastrointestinal issues and to date has lost over 30 pounds.

### COUNT 4: *Negligence – John Doe*

68.    Plaintiff re-alleges and re-affirms the allegations contained in the paragraphs set forth above.

69.    John Doe was an employee of one or more of the Defendants named in this case at the time the videos were recorded of Plaintiff and other individuals at the Albany hotel.

70.    John Doe, in his capacity as an employee or agent of one or more of the Defendants, had access to Plaintiff's personal information and assigned Plaintiff to the room in which the video camera was placed in the bathroom.

71.    John Doe either directly recorded or facilitated the recording of Plaintiff and numerous others at the Hampton Inn-Albany while in the course and scope of his employment for one or more of the Defendants.

72.    John Doe committed each of these acts while in the course and scope of his employment with Defendants and while acting as an employee of one or more of the Defendants.

73.    As a direct and proximate result of the negligence of John Doe, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress, and other damages recognized and provided for under Georgia law. Further, as a direct and proximate result of the negligence of John Doe, Plaintiff also incurred past, present

**EXHIBIT "B" - Page 21**

and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future. Finally, Plaintiff has suffered physical injury as well from the underlying event. She has sustained severe gastrointestinal issues and to date has lost over 30 pounds.

74.     John Doe's conduct in all regards was reckless, outrageous, and unacceptable to general society.

## VI.

### DEMAND FOR JURY TRIAL

75.     Plaintiff hereby demands a jury trial on all claims.

## VII.

### PUNITIVE DAMAGES

76.     Plaintiff re-alleges and re-affirms the allegations contained in the paragraphs set forth above.

77.     Defendants' conduct showed willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to the consequences of their actions, and entitles Plaintiff to an award of punitive damages.

## VIII.

### EXPENSES AND ATTORNEY'S FEES

78.     Plaintiff re-alleges and re-affirms the allegations contained in the paragraphs set forth above.

79.     Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses

required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

## IX.

### DAMAGES

80.     Plaintiff brings each and every claim permissible under Georgia law against Defendants, joint and severally, for her injuries suffered as a result of the incident at issue, and seeks to recover all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, general and punitive damages permissible under Georgia law. Plaintiff seeks all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a.   All special and general damages allowed under the law;

b.   Past and future physical pain and suffering;

c.   Past and future mental anguish;

d.   Past and future medical expenses;

e.   Past and future lost wages and earning capacity;

f.   Past and future loss of enjoyment of life;

g.   Exemplary or punitive damages for Defendants' grossly negligent conduct;

h.   Costs of litigation and attorney's fees;

i.   Pre-judgment interest as provided by law;

j.   Post-judgment interest as provided by law; and

k.   For any such other and further relief as the Court may deem just and equitable.

EXHIBIT "B" - Page 23

## X.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jane Doe, demands judgment for her damages against the

Defendants Banyan Tree Management, LLC; Albany Downtown Hotel Partners, LLC; and John

Doe, jointly and severally.

This 2nd say of July, 2019.

Respectfully Submitted,

_____
Charles L. Clay, Jr.
GA Bar No. 129505
chuck@prattclay.com
4401 Northside Parkway, Suite 520
Atlanta, GA 30303
Phone: 404.949.8118

-and-

Kurt Arnold
Texas Bar No. 24036150
karnold@arnolditkin.com
Caj Boatright
Texas Bar No. 24036237
cboatright@arnolditkin.com
Roland Christensen
Texas Bar No. 24101222
rchristensen@arnolditkin.com
Alison Baimbridge
Texas Bar No. 24040160
abaimbridge@arnolditkin.com
6009 Memorial Drive
Houston, Texas  77007
Telephone: (713) 222-3800
Facsimile:  (713) 222-3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**