## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA, et al., | ) ) ) | |
|      Plaintiffs, | ) ) ) | Civil Action No. |
| v. | ) ) | 1:19-cv-05292-MHC |
| BANYAN TREE MANAGEMENT, LLC; et al., | ) ) ) ) | |
|      Defendants. | ) ) | |
| BANYAN TREE MANAGEMENT, LLC; et al., | ) ) ) | |
|      Third-Party Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| STARR INDEMNITY & LIABILITY COMPANY, | ) ) ) ) | |
|      Third-Party Defendant. | ) | |

## STARR INDEMNITY & LIABILITY COMPANY'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON ITS THIRD-PARTY COUNTERCLAIM AND CROSSCLAIM

Pursuant to L.R. 56.1, Third-Party Counterclaim and Crossclaim Plaintiff

Starr Indemnity & Liability Company ("Starr") submits its Statement of Material

Facts to Which There Is No Genuine Issue to Be Tried in support of its Motion for

Summary Judgment on Its Third-Party Counterclaim and Crossclaim, showing the Court as follows:

**The Underlying Litigation**

1.      A true and accurate copy of the Complaint filed by Jane Doe in the civil action styled *Jane Doe v. Banyan Tree Management, LLC et al.*, Case No. 19-C-04673-S3, State Court Of Gwinnett County State of Georgia (the "Underlying Complaint") is attached as Exhibit 1 to Starr Indemnity & Liability Company's Memorandum of Law in Support of Its Motion for Summary Judgment on Its Third-Party Counterclaim and Crossclaim. (Jane Doe's Objections and Responses to Starr Indemnity's Requests for Admission, No. 2, Ex. B)

2.      In the Underlying Complaint, Jane Doe asserts claims for Negligence and Premises Liability against Banyan and Albany. (*See generally*, Underlying Complaint)

3.      Jane Doe's claims arise out of her being allegedly videotaped by a hidden camera while showering in her hotel room while staying at the Hampton Inn and Suites Albany-Downtown Hotel (the "Hotel") during July 2015 and subsequent extortion attempts by John Doe and his posting of the video on the internet. (Underlying Complaint, ¶¶ 9, 10, 21 and 28)

4.      In the Underlying Complaint, Jane Doe alleges that she did not consent to being recorded while fully nude in the shower and that she did not know that she was recorded until she received an email on September 30, 2018 from John Doe. (*Id*. at ¶¶ 10 and 11)

5.      In the Underlying Complaint, Jane Doe alleges that the September 30, 2018 email included a link to the video of Jane Doe showering, which was publicly available on the internet. (*Id*. at ¶¶ 11 and 12)

6.      In the Underlying Complaint, Jane Doe alleges that later that evening she received another email from John Doe which contained specific personal details about her. (*Id*. at ¶ 14)

7.      In the Underlying Complaint, Jane Doe alleges that she received subsequent emails from John Doe, including emails in which John Doe attempted to blackmail or extort money from her under threat of publishing the video. (*Id*. at ¶¶ 15-19)

8.      In the Underlying Complaint, Jane Doe alleges that as of October 11, 2018, the video was posted on multiple pornographic websites and that each posting included her full name in the video title. (*Id*. at ¶ 21)

9.     In the Underlying Complaint, Jane Doe alleges that on October 26, 2018 she received an email from John Doe in which he attempted to extort money from her, writing, *inter alia*, the following:

> *A little bit of money and it all goes away.*
>
> *$2,000 USD TODAY. Then $1,000 USD each month for one year. You pay some now, a little later, and some after that. First payment and I stop the videos. Second payment less money, stay quiet. Third payment, stay quiet. You're buying peace. Easy right? Reply and then you get the BITCOIN address. So easy.*

(*Id*. at ¶ 28) (italics in original)

10.     In the Underlying Complaint, Jane Doe alleges that the individual or individuals who recorded her "knew which room she stayed in, knew her full name, and knew her personal email address" and that such information was provided to the staff of the Hotel upon check-in to her room. (*Id*. at ¶ 41)

11.     In the Underlying Complaint, Jane Doe alleges that in order to have access to such personal information the person who recorded her, John Doe, would have had to have been an employee of the Hotel. (*Id*. at ¶ 43)

12.     In the Underlying Complaint, Jane Doe alleges that during the relevant time period, Banyan managed and operated the Hotel and that Albany owned the Hotel and that John Doe was an employee of Banyan and/or Albany at the time when she was recorded by the hidden camera. (*Id*. at ¶¶ 33, 34 and 45)

4

13.     In the Underlying Complaint, Jane Doe alleges that the Banyan Defendants breached the duty of care owed to ensure that she was safe and that her privacy was maintained while she stayed at the Hotel. (*Id*. at ¶ 52 and 58)

14.     In the Underlying Complaint, Jane Doe alleges that the Banyan Defendants are vicariously liable for the acts of their employees. (*Id*. at ¶ 54 and 59)

15.     In the Underlying Complaint, Jane Doe alleges that as result of the John Doe's alleged conduct she suffered severe emotional distress and that the emotional distress resulted in physical manifestations: "Since the incident she has sustained significant gastrointestinal issues and has lost over 30 pounds to date. Plaintiff did not have these problems prior to the incident." (*Id*. at ¶ 46)

16.     In the Underlying Complaint, Jane Doe does not allege that either Albany or Banyan published the video recording of her showering nude. (*See generally* Underlying Complaint)

17.     In the Underlying Complaint, Jane Doe does not allege that either Albany or Banyan posted the video recording of her showering nude. (*Id.*)

18.     In the Underlying Complaint, Jane Doe does not allege that the video recording of her showering nude was posted on the internet or published at the direction of or on behalf of Albany or Banyan. (*Id.*)

19.    In the Underlying Complaint, Jane Doe does not allege that the video recording of her showering nude was posted on the internet or published as part of Albany or Banyan's business. (*Id.*)

20.    In addition to the allegations in the Underlying Complaint, Jane Doe does not contend that there was any physical contact between her and John Doe and that the only physical injuries she suffered as a result of John Does alleged conduct were weight loss, gastritis, insomnia and dermatological issues. (Jane Doe's Objections and Responses to Starr Indemnity's Requests for Admission, No. 50)

**The Starr Policy.**

21.    A certified copy of Policy No. 1000305221181 with a policy period of July 31, 2018 through July 31, 2019 issued by Starr to the Named Insured "Banyan Tree Management, LLC" (the "Starr Policy") is attached to Starr Indemnity & Liability Company's Memorandum of Law in Support of Its Motion for Summary Judgment on Its Third-Party Counterclaim and Crossclaim as Exhibit 3.

22.    Albany qualifies as an additional insured under the terms and conditions of the Starr Policy "but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and

shown in the Schedule[.]" (Ex. B, Additional Insured – Managers or Lessors of Premises endorsement)

23. The Commercial General Liability Coverage Form of the Starr Policy contains, *inter alia*, the following terms and conditions:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

 **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
  …

 **b.** This insurance applies to "bodily injury" and "property damage" only if:

  **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
  …

7

…

…

## 2. Exclusions

This insurance does not apply to:

### o. Personal And Advertising Injury

"Bodily injury" arising out of "personal and advertising injury".

…

…

## COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

### 1. Insuring Agreement

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

…

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

…

## 2. Exclusions

This insurance does not apply to:

### a. Knowing Violation Of Rights Of Another

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

### d. Criminal Acts

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

…

…

## SECTION V – DEFINITIONS

…

3.  "Bodily injury"[1] means physical injury, sickness or disease, including death resulting from any of these; or the following when accompanied by physical injury, sickness or disease: mental anguish; shock; or emotional distress.

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    …

    c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies,

---

[1] As amended by the Bodily Injury Definition Endorsement.

committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

…

(*Id*., Commercial General Liability Coverage Form)

24.    The Exclusion-Access Or Disclosure of Confidential Personal Information And Data-Related Liability – Limited Bodily Injury Exception Not Included endorsement the Starr Policy states the following:

**EXCLUSION-ACCESS OR DISCLOSURE OF CONFIDENTIAL PERSONAL INFORMATION AND DATA-RELATED LIABILITY – LIMITED BODILY INJURY EXCEPTION NOT INCLUDED**

**A**. Exclusion **2.p.** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**2. Exclusions**

This insurance does not apply to:

**p. Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

Damages arising out of:

**(1)** Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial

information, credit card information, health information or any other type of nonpublic information; or

…

**B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

### 2. Exclusions

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

…

(*Id.*, Exclusion-Access Or Disclosure of Confidential Personal Information And Data-Related Liability – Limited Bodily Injury Exception Not Included endorsement)

25.    The Violation of Statutes In Connection With Sending, Transmitting Or Communicating Any Material Or Information Exclusionary Endorsement of the Starr Policy states the following:

11

## VIOLATION OF STATUTES IN CONNECTION WITH SENDING, TRANSMITTING OR COMMUNICATING ANY MATERIAL OR INFORMATION EXCLUSIONARY ENDORSEMENT

### Commercial General Liability Coverage Form

1. **SECTION I – COVERAGES**, **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, **2. Exclusions** is amended to include the following:

   **Violation of Statutes in Connection with Sending, Transmitting or Communicating any Material or Information**

   "Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate any statute, ordinance, or regulation of any federal, state or local government, including any amendment of or addition to such laws, that addresses or applies to the sending, transmitting or communicating of any material or information, by any means whatsoever.

2. **SECTION I – COVERAGES**, **COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**, **2. Exclusions** is amended to include the following:

   **Violation of Statutes in Connection with Sending, Transmitting or Communicating any Material or Information**

   "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate any statute, ordinance, or regulation of any federal, state or local government, including any amendment of or addition to such laws, that addresses or applies to the sending, transmitting

12

or communicating of any material or information, by any means whatsoever.

(*Id.*, Violation of Statutes In Connection With Sending, Transmitting Or Communicating Any Material Or Information Exclusionary Endorsement)

Respectfully submitted this 23rd day of September, 2021.

HALL BOOTH SMITH, P.C.

_s/_ Thomas Wingfield
C. Michael Johnson
Georgia Bar No. 392550
Thomas Wingfield
Georgia Bar No. 770653

191 Peachtree Street, NE
Suite 2900
Atlanta, GA  30303-1775
Phone:  404-954-5000
mjohnson@hallboothsmith.com
twingfield@hallboothsmith.com

*Counsel for Starr Indemnity & Liability Company*

13

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this day I served the foregoing **STARR INDEMNITY & LIABILITY COMPANY'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON ITS THIRD-PARTY COUNTERCLAIM AND CROSSCLAIM** by serving all counsel of record via electronic filing through NextGen portal with the United States District Court for the Northern District of Georgia to the following:

Joel Scott Isenberg, Esq.
Kenneth W. Boyles, Jr., Esq.
Susan Haygood McCurry, Esq.
**ELY & ISENBERG, LLC**
Suite 380, 2100B SouthBridge Parkway
Birmingham, AL  35209
jisenberg@elylawllc.com
kboyles@elylawllc.com
smccurry@elylawllc.com

*Counsel for Citizens Insurance Company
of America – And – Massachusetts Bay
Insurance Company*

Spencer McCartney Taylor, I, Esq.
**BARZE TAYLOR NOLES
   LOWTHER LLC**
2204 Lakeshore Drive
Suite 330
Birmingham, AL  35209
staylor@htnllaw.com

*Counsel for Banyan Tree
Management, LLC – And – Albany
Downtown Hotel Partners, LLC*

Charles L. Clay, Jr., Esq.
**PRATT CLAY, LLC**
4401 Northside Parkway, N.W.
Suite 520
Atlanta, GA  30327
chuck@chuckclay.com




*Counsel for Jane Doe*

Shattuck Ely, Esq.
Derek Schwahn, Esq.
**FELLOWS LA BRIOLA, LLP**
225 Peachtree Street, N.E.
South Tower, Suite 2300
Atlanta, GA  30303-1731
dschwahn@fellab.com
tely@fellab.com

*Counsel for Banyan Tree
Management, LLC – And – Albany
Downtown Hotel Partners, LLC*

Richard Hoyle Hill, Jr., Esq.
**MABRY & MCCLELLAND**
2200 Century Parkway, N.E.
Tenth Floor
Atlanta, GA  30345-3105
rhill@m-mlegal.com


*Counsel for Westfield Insurance
Company*

Micajah D. Boatright, Esq.
Roland T. Christensen, Esq.
**ARNOLD & ITKIN- TX**
6009 Memorial Drive
Houston, TX 77007
Cboatright@arnolditkin.com
Rchristensen@arnolditkin.com

*Counsel for Jane Doe*

This 23rd day of September, 2021.

**HALL BOOTH SMITH, P.C.**

*/s/Thomas K. Wingfield*
Thomas K. Wingfield
Georgia Bar No. 770653

*Counsel for Starr Indemnity & Liability
    Company*

71323823-1

2