UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA and MASSACHUSETTS BAY INSURANCE COMPANY, | * * * * | CIVIL ACTION NO. 1:19-cv-05292-MHC |
| Plaintiffs, | * * | |
| and, | * * | |
| WESTFIELD INSURANCE COMPANY, | * | |
| Plaintiff Intervenor, | * * | |
| vs. | * * | |
| BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC and JANE DOE, | * * * * | |
| Defendants. | * * | |
| BANYAN TREE MANAGEMENT, LLC and ALBANY DOWNTOWN HOTEL PARTNERS, LLC, | * * * * | |
| Third-Party Plaintiffs, | * * | |
| vs. | * * | |
| STARR INDEMNITY & LIABILITY COMPANY, | * * * | |
| Third-Party Defendant. | * * | |

## **MEMORANDUM OF LAW BY PLAINTIFF INTERVENOR WESTFIELD INSURANCE COMPANY**

Mabry & McClelland, LLP • Suite 1000, 2200    Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

COMES NOW, Westfield Insurance Company, and pursuant to Fed. R. Civ. P. 56, file its Memorandum of Law in Support of its Motion for Summary Judgment on the Complaint for Declaratory Relief by Intervenor Plaintiff Westfield Insurance Company, and respectfully shows this Court as follows:

## FACTUAL/PROCEDURAL BACKGROUND

This action for declaratory judgment arises out of a lawsuit styled <u>Jane Doe v. Banyan Tree Management, LLC, Albany Downtown Hotel Partners, LLC and John Doe</u>, Civil Action No. 19-C-04673-S3, filed on July 2, 2019, in the State Court of Gwinnett County, Georgia (the "Underlying Action"). (Complaint for Declaratory Judgment by Westfield, ¶ 1, Doc. 25; Exh. A, Doc. 25-1; Answer by Banyan, ¶ 1, Doc. 47). Jane Doe filed the Underlying Action asserting claims against Banyan and Albany, and an unknown John Doe alleged to be an employee of Banyan and/or Albany. (See Ex. A, Doc. 25-1).

Jane Doe alleges that she was blackmailed and extorted with videos of her "showering fully nude" that were "secretly recorded" without her knowledge while staying at the Hampton Inn and Suites Albany Downtown ("Hampton Inn") in Albany, New York, in July 2015. (Ex. A, ¶¶ 1 & 9, Doc. 25-1). Jane Doe alleges she did not know she was recorded until she received

emails with the video posted on pornographic websites from an unknown sender on September 30, 2018, which she first opened and read on October 1, 2018. (Ex. A, ¶ 11, Doc. 25-1; Deposition of Jane Doe, p.39, l.17-22).

Jane Doe alleges that she suffered emotional distress and "did not suffer from any type of remotely similar emotional distress until after she became aware" of the video, and her emotional distress has caused her significant gastrointestinal issues resulting in her losing over 30 pounds to date since learning of the recording. (Ex. A, ¶ 46, Doc. 25-1). Jane Doe's claimed injuries began to manifest on October 1, 2018. (Ex. A, ¶¶ 11 & 46, Doc. 25-1; Deposition of Jane Doe, p.66, l.1-4). There was no damage to any tangible, physical property that belongs to Jane Doe. (Deposition of Jane Doe, p.66, l.9-12).

Jane Doe asserts that Albany owns and Banyan manages the Hampton Inn, and John Doe, an alleged employee of Albany and/or Banyan, acted recklessly with the specific purpose of inflicting emotional distress or intended the conduct that would likely result in severe emotional distress, and Jane Doe alleges additional claims of negligence against the owner/manager of the hotel, Albany and Banyan. (Ex. A, ¶ 46, Doc. 25-1). Jane Doe generally alleges claims of premises liability, negligent hiring, retention, supervision,

entrustment and training and vicarious liability for the "illicit" video being recorded and distributed. (Ex. A, ¶¶ 49, 50, Doc. 25-1).  Jane Doe seeks "all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia law". (Ex. A, ¶ 80, Doc. 25-1).

Jane Doe has no evidence that the camera or recording device was placed in her room at the direction of Albany or Banyan, testifying "That's correct.  I can only talk about what I know specifically and I'm not aware of whether it was placed there on their behalf." (Deposition of Jane Doe, p.60, l.9-21).  Likewise, Jane Doe has no evidence that the recording of her was made at the direction of Albany or Banyan, stating that "I don't have any personal knowledge on whose behalf or who made it.  So, that's correct." (Deposition of Jane Doe, p.60, l.22 to p.61, l.2).

Banyan has requested insurance coverage from Westfield under the Westfield Policy for the claims asserted by Jane Doe in the Underlying Action.  Westfield seeks a declaration that there is no duty to defend and/or indemnify Banyan in the Underlying Action under Coverage A, on the ground that Jane Doe's claimed injuries did not take place during the Westfield policy period, which is a requirement of the Westfield Policy and applicable law. Westfield seeks a declaration that there is no duty to defend and/or indemnify

Banyan under Coverage B, on the ground that the claimed offense did not arise out of Banyan's business, which is a requirement of the Westfield Policy and applicable law.  Additionally, Westfield seeks a declaration that there is no duty to defend and/or indemnify Banyan in the Underlying Action under Coverages A or B, on the ground that Exclusion "p. Recording and Distribution of Material or Information in Violation of Law" eliminates any purported coverage under the Westfield Policy.

### WESTFIELD INSURANCE POLICY

Westfield issued Insurance Policy No. CWP 6842110 to the named insured Banyan Tree Management, LLC with an initial policy period from August 30, 2014 through August 30, 2015, and renewal policy periods from August 30, 2015-2016 and August 30, 2016-2017.  The final Westfield Policy was cancelled on August 30, 2016.  True and correct copies of the Westfield Policy are attached to the Complaint for Declaratory Judgment as Exhibits "B-1", "B-2", and "B-3". (Complaint for Declaratory Judgment by Westfield, Verification of Kevin M. Adams, Doc. 25, pp. 28-29 of 30).

The Westfield Policy requires bodily injury or property damage caused by an occurrence to occur within the Policy period, and the Westfield Policy contains the following Part A insuring agreement:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

    **b.** **This insurance applies to "bodily injury" and "property damage" only if**:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** **The "bodily injury" or "property damage" occurs during the policy period**;

[Ex. B-1, CG 00 01 04 13, p. 1 of 16; see similar language in CU 00 01 04 13, p. 1 of 19, Doc. 25-1] (emphasis added).

As discussed in more detail below, no bodily injury or property damage occurred during the Westfield Policy period, so there can be no coverage under Coverage A in the Westfield Policy.

The Policy provides the following exclusion under coverage A:

**2.** **Exclusions**

This insurance does not apply to:

\* \* \*

**p.**     **Recording And Distribution Of Material Or Information In Violation Of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)**    The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)**    The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)**    The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

**(4)**    Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

[Ex. B, CG 00 01 04 13, p. 6 of 16; and CU 00 01 04 13, p. 5 of 19, Doc. 25-1].

As discussed below, the claimed bodily injury arose out of an alleged illicit act which violates a state statute, so any purported coverage under Coverage A is eliminated by Exclusion "p." in the Westfield Policy.

The Westfield Policy contains the following Coverage B insuring agreement:

> **COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> 1.    **Insuring Agreement**
>
> > **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may at our discretion investigate any offense and settle any claim or "suit" that may result. …
> >
> > * * *
> >
> > **b.**    This insurance applies to "personal and advertising injury" caused by an offense **<u>arising out of your business</u>** but only if the offense was committed in the "coverage territory" during the policy period.

[Ex. B, CG 00 01 04 13, p. 6 of 16; see similar language in CU 00 01 04 13, pp. 6-7 of 19, Doc. 25-1] (emphasis added).

As further discussed below, the claimed illicit recording did not arise out of Albany or Banyan's business, so there can be no coverage under Coverage B in the Westfield Policy.

The Policy provides the following exclusion under Coverage B:

2.    **Exclusions**

This insurance does not apply to:

\* \* \*

p.    **Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1)    The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

(2)    The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

(3)    The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

(4)    Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

[Ex. B, CG 00 01 04 13, pp. 7-8 of 16; and CU 00 01 04 13, p. 9 of 19, Doc. 25-1].

Also as discussed below, the claimed illicit recording violates a state statute, so any purported coverage under Coverage B is eliminated by Exclusion "p." in the Westfield Policy.

## LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden of demonstrating that summary judgment is appropriate.  If the movant carries its burden, then the burden shifts to the non-moving party to set forth evidence showing that there is a genuine issue of material fact for trial.  *See* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.E.2d 265 (1986).

## LEGAL ARGUMENT

**A. <u>In Accordance with Florida or Georgia Law, There is No Duty to Defend or Indemnify Banyan Under the Westfield Insurance Policy.</u>**

Banyan Tree Management, LLC is a limited liability company organized and existing under the laws of the state of Florida with its principal office located in Florida. (Complaint for Declaratory Judgment by Westfield, ¶ 8, Doc. 25; Answer by Banyan, ¶ 8, Doc. 47).  The Westfield Insurance Policy was delivered to Banyan Tree Management, LLC in Florida via insurance agent Acentria Insurance located in Destin, Florida. (Exh. B1, Doc

25-2, p. 18 of 119; Exh. B2, Doc 25-3, p. 16 of 146; Exh. B3, Doc 25-4, p. 13 of 84).

Under Georgia law, a contract that is executed in a foreign State will be governed by the laws of the foreign State, unless the contract indicates by the place of performance or otherwise that it was intended to be construed as a Georgia contract. Clabo v. Tennessee Farmers Mutual Insurance Company, 202 Ga. App. 110, 413 S.E.2d 476 (1992); see also, General Tel. Co. of the Southeast v. Trimm, 252 Ga. 95, 311 S.E.2d 460 (1984). In Florida, the courts have long adhered to the rule of lex loci contractus as applied to insurance contracts, which provides that the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage. State Farm Mutual Automobile Insurance Company v. Roach, 945 So.2d 1160, 1163 (Fla. 2006); citing, Sturiano v. Brooks, 523 So.2d 1126, 1129 (Fla.1988).

The Westfield Policy does not have a choice of law clause and was executed and delivered in Florida. (Exh. B1, Doc 25-2, p. 18 of 119; Exh. B2, Doc 25-3, p. 16 of 146; Exh. B3, Doc 25-4, p. 13 of 84). Thus, the law of Florida applies to the coverage issues in the instant Westfield Declaratory Action.

Mabry & McClelland, LLP • Suite 1000, 2200        Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

Under Florida law, an insurer's duty to defend is separate and distinct from its duty to indemnify, and it is more extensive. <u>Advanced Systems, Inc. v. Gotham Insurance Company</u>, 272 So.3d 523, 526-527 (Fla. 3d DCA 2019); <u>First Am. Title Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.</u>, 695 So.2d 475, 476 (Fla. 3d DCA 1997) (citing <u>Klaesen Bros., Inc. v. Harbor Ins. Co.</u>, 410 So.2d 611, 612-13 (Fla. 4th DCA 1982)).  "A liability insurer's obligation, with respect to its duty to defend, is not determined by the insured's actual liability but rather by whether the alleged basis of the action against the insurer falls within the policy's coverage." <u>Id.</u>; citing <u>XL Specialty Ins. Co. v. Skystream, Inc.</u>, 943 So.2d 848, 849 (Fla. 3d DCA 2006).  Because the duty to indemnify is narrower than the duty to defend, the duty to indemnify cannot exist if there is no duty to defend.  <u>New Hampshire Insurance Company v. Hill</u>, 516 Fed.Appx. 803, 805 (11th Cir. 2013); *See* <u>WellCare of Fla., Inc. v. Am. Int'l Specialty Lines Ins. Co.</u>, 16 So.3d 904, 906 (Fla. 2d DCA 2009).

Georgia law provides that the insurer's duty to defend is separate from the insurer's duty to indemnify.  To determine whether the insurer has a duty to defend, the insurer must consider the language of the insurance contract and the allegations of the complaint asserted against the insured.  <u>See</u> <u>City of</u>

Atlanta v. St. Paul Fire & Marine Ins., 231 Ga. App. 206, 498 S.E.2d 782 (1998).  In addition, the insured is owed a defense if the complaint alleges uncovered claims but there are true facts that would show that the claim is in fact covered.  Colonial Oil Industries v. Underwriters Subscribing, 268 Ga. 561, 491 S.E.2d 337 (1997).

Under Georgia law, insurance is a matter of contract and the rules of contract interpretation apply.  Rothell v. Continental Cas. Co., 198 Ga. App. 545, 402 S.E.2d 283 (1991).  Insurance contract construction is a question of law for the Court to decide.  Transamerica Ins. Co. v. Thrift Mart, Inc., 159 Ga. App. 874, 880-881, 285 S.E.2d 566 (1981); O.C.G.A. §13-2-1.   An insurance contract, like any other contract must be interpreted according to its plain language and express terms.  Giles v. Nationwide Mut. Fire Ins. Co., 199 Ga. App. 483, 405 S.E.2d 112 (1991); Ga. Farm Bureau Mut. Ins. Co. v. Fire & Cas. Ins. Co. of Conn., 180 Ga. App. 777, 350 S.E.2d 325 (1986).  The language of an insurance contract in its entirety should be given a reasonable construction, not beyond that fairly intended by the terms.  Cherokee Credit Life Ins. Co. v. Baker, 119 Ga.App. 579, 168 S.E.2d 171 (1969).

Where the insurance contract is unambiguous, it must be construed to mean what it says.  Id.  If an insurance contract unambiguously and lawfully

Mabry & McClelland, LLP • Suite 1000, 2200          Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

limits coverage with exclusions, the coverage cannot be expanded beyond what is fairly within its plain terms.  Ryder Truck Rental Inc. v. St. Paul Fire & Marine Ins. Co., 540 F.Supp. 66 (N.D. Ga. 1982); Ranger Ins. Co. v. Columbus-Muscogee Aviation, Inc., 130 Ga. App. 742, 204 S.E.2d 474 (1974).

As shown herein, there is no duty to defend or indemnity Banyan under the Westfield Insurance Policy, whether the law of Florida or Georgia is applied.

**B.** **The claimed Bodily Injury did not Manifest during the Westfield Policy Period, so There is No Coverage under Coverage A Bodily Injury and Property Damage Liability.**

In order for there to be coverage under "Coverage A Bodily Injury and Property Damage Liability", the claimed "Bodily Injury" must take place during the Policy Period.  Jane Doe asserts that in July 2015, "[u]nbeknownst to [Jane Doe], and without her consent, [Jane Doe] was recorded by a hidden camera while fully nude in the shower." (Complaint, ¶ 10).  "[Jane Doe] did not realize that she was recorded until September 30, 2018, when she received an email stating 'this is you right?' which included a link to a video posted on a pornographic video website smutr.com."  (Complaint, ¶ 11).  [Jane Doe] alleges that she "did not suffer from any type of remotely similar emotional

distress until after she became aware of John Doe's recording of her fully nude in her hotel bathroom." (Complaint, ¶ 46).

"Florida courts follow the general rule that the time of occurrence within the meaning of an indemnity policy is the time at which the plaintiff's injury first manifests . . . .  The Florida courts have also stated that bodily injury or other identifiable event must occur during the policy period." North River Insurance v. Broward County Sheriffs, 428 F.Supp.2d 1284, 1289 (S.D. Fla. 2006); citing American Motorists Insurance Co. v. Southern Security Life Insurance Co., 80 F.Supp.2d 1280, 1284 (M.D.Ala.2000) (declining to extend insurance coverage to plaintiffs' alleged mental anguish, which occurred after the policy period had expired, and after the alleged fraud that caused the mental anguish occurred); see also Travelers Insurance Co. v. C.J. Gayfers & Co., 366 So.2d 1199, 1202 (Fla. App. 1979) (refusing to extend coverage "to include liability for the consequences of an occurrence beyond the policy period"); Auto Owners Insurance Co. v. Travelers Casualty & Surety Co., 227 F.Supp.2d 1248, 1266 (M.D. Fla. 2002) ("[I]t is the damage itself which must occur during the policy period for coverage to be effective . . . [T]he 'trigger' for coverage [under the] policies is when the damage occurs and if damage is

Mabry & McClelland, LLP • Suite 1000, 2200          Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

continuously occurring, the 'trigger' is the time the damage 'manifests' itself or is discovered").

In Georgia, in order for there to be coverage, the bodily injury or property damage must occur during the Policy Period. The relevant question in determining coverage for a property damage case is when the property damage occurred, rather than when the event causing that damage occurred. Owners Insurance Company v. James, 295 F.Supp.2d 1354, 1362 (N.D. Ga. 2003). In the instant matter, there is no property damage, and the claimed bodily injury did not occur until at least October 1, 2018, after the Westfield Policy ended.

Westfield issued the initial Policy to Banyan Tree Management, LLC for the policy period from August 30, 2014 through August 30, 2015, which was renewed from August 30, 2015 through August 30, 2016, and the Westfield Policy was cancelled on August 30, 2016. The Plaintiff's alleged "Bodily Injury" did not occur until at least October 1, 2018, which was more than two (2) years after the Westfield Policy was in place. There is no alleged Bodily Injury during the Westfield Policy period, thus there can be no "Coverage A Bodily Injury and Property Damage Liability" under the Westfield Policy.

Mabry & McClelland, LLP • Suite 1000, 2200        Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

**C. The claimed Bodily Injury is Excluded by the Recording and Distribution of Material in Violation of Law Exclusion "p." of Coverage A Bodily Injury and Property Damage Liability.**

Exclusion "p. Recording and Distribution of Material or Information in Violation of Law" applies to eliminate coverage for "bodily injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, prohibiting the recording or distribution of material.

The alleged illicit recording of Jane Doe while showering nude was performed in New York.  (Ex. A, ¶¶ 9 & 10, Doc. 25-1).  Under New York Penal Statute § 250.45 it is a Class E felony to intentionally use or install or permit the utilization or installation of an imaging device to surreptitiously view, broadcast or record a person dressing or undressing or the sexual or other intimate parts of such person at a place and time when such person has a reasonable expectation of privacy, without such person's knowledge or consent for his or her own, or another person's amusement, entertainment, or profit, or for the purpose of degrading or abusing a person.

In the instant matter, the unauthorized recording of Jane Doe and distribution of the videos violates federal and state statutes.  Thus, Exclusion "p. Recording and Distribution of Material or Information in Violation of

Law" applies to further eliminate any "Coverage A Bodily Injury and Property Damage Liability" under the Westfield Policy.

**D. The claimed Personal Injury was not Caused by an Offense Arising out of Banyan's Business, so there is no Coverage under Coverage B Personal and Advertising Injury Liability.**

Jane Doe contends that John Doe committed the acts (recording her nude while in the hotel bathroom) while in the course and scope of his employment with Defendants Banyan and Albany and while acting as an employee of one or more of the Defendants.  In order for an employee's conduct to be considered "within the scope of his employment," Florida law requires that the conduct (1) must have been the kind for which the employee was employed to perform; (2) must have occurred within the time and space limits of his employment; and (3) must have been activated at least in part by a purpose to serve the employment.  Spencer v. Assurance Company of America, 39 F.3d 1146, 1150 (11th Cir. 1994); citing Morrison Motor Co. v. Manheim Services Corp., 346 So.2d 102 (Fla. 2d DCA 1977).  Under special circumstances, an employee's intentional battery of another may be said to have occurred within the employee's scope of employment.  Id.; See, e.g., Forster v. Red Top Sedan Service, Inc., 257 So.2d 95 (Fla. 3d DCA 1972) (directed verdict in favor of employer reversed where employee bus driver

forced plaintiff's car off the road and then assaulted and battered the car's occupants after plaintiff allegedly delayed the employee from performing his job-related duties); <u>Columbia by the Sea, Inc. v. Petty</u>, 157 So.2d 190 (Fla. 2d DCA 1963) (jury question created as to scope of employment question when maitre d' struck a customer after customer failed to pay his bill and called maitre d' a "bastard").

However, when an employee's battery of another is undertaken for reasons that are purely personal to an employee, summary judgment for the employer is appropriate as a matter of law.  <u>Id.</u>; citing <u>DeJesus v. Jefferson Stores, Inc.</u>, 383 So.2d 274 (Fla. 3d DCA 1980).  In <u>Spencer</u>, the court noted that the employee's job was to perform road-paving activities, not to batter individuals, and that the employee's attack on another individual was based on a purely personal motivation.  <u>Id.</u>, 39 F.3d at 1150.  Thus, the employee was not an "insured" for purposes of the insurance policy, and the policy offered no coverage for the employee's intentional battery of another individual.  <u>Id.</u>

In the instant matter, the alleged acts of Defendant John Doe were purely personal to John Doe, as opposed to any purpose to serve his alleged employment by Defendants Banyan or Albany.  Jane Doe has testified that

Mabry & McClelland, LLP • Suite 1000, 2200          Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

she has no evidence that the camera or recording device was placed in her room at the direction of Albany or Banyan, or that the recording of her was made at the direction of Albany or Banyan.  The alleged offense did not "arise out of" Banyan's business, so there can be no "Coverage B Personal and Advertising Injury Liability" under the Westfield Policy.

**E.** **The claimed Personal Injury is Excluded by the Recording and Distribution of Material in Violation of Law Exclusion "p." of Coverage B Personal and Advertising Injury Liability.**

Exclusion "p. Recording and Distribution of Material or Information in Violation of Law" will apply to eliminate coverage for "Personal and Advertising Injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, prohibiting the recording or distribution of material.

The alleged illicit recording of Jane Doe while showering nude was performed in New York. (Ex. A, ¶¶ 9 & 10, Doc. 25-1).  Under New York Penal Statute § 250.45 it is a Class E felony to intentionally use or install or permit the utilization or installation of an imaging device to surreptitiously view, broadcast or record a person dressing or undressing or the sexual or other intimate parts of such person at a place and time when such person has a reasonable expectation of privacy, without such person's knowledge or

Mabry & McClelland, LLP • Suite 1000, 2200          Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

consent for his or her own, or another person's amusement, entertainment, or profit, or for the purpose of degrading or abusing a person.

In the instant matter, the unauthorized recording of Jane Doe and distribution of the videos violates federal and state statutes. Thus, Exclusion "p. Recording and Distribution of Material or Information in Violation of Law" applies to further eliminate any "Coverage B Personal and Advertising Injury Liability" under the Westfield Policy, and summary judgment should be granted to Westfield Insurance Company.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Intervenor Westfield Insurance Company respectfully requests that this Court grant its Motion for Summary Judgment on its Complaint for Declaratory Judgment, finding that there is no coverage or duty to defend Banyan Tree Management, LLC in the underlying lawsuit.

This 23rd day of September, 2021.

MABRY & McCLELLAND, LLP

/s/ Richard H. Hill, Jr.
Richard H. Hill, Jr., Esq.
Georgia Bar No. 354422
Amy B. Knight, Esq.
Georgia Bar No. 331349
Attorneys for Westfield Insurance Company

2200 Century Parkway, N.E.
Suite 1000
Atlanta, Georgia 30305
(404) 325-4800
(404) 325-0596
rhill@m-mlegal.com
aknight@m-mlegal.com

Mabry & McClelland, LLP • Suite 1000, 2200        Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## <u>CERTIFICATION OF TYPE AND FONT</u>

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel certifies that the foregoing document was prepared using Times New Roman, 14-point font, which complies with Local Rule 5.1B regarding typefaces and fonts.

SO CERTIFIED this 23rd day of September, 2021.

MABRY & McCLELLAND, LLP

/s/ Richard H. Hill, Jr.
Richard H. Hill, Jr., Esq.
Georgia Bar No. 354422
Attorney for Westfield Insurance Company

(404)  325-4800 - telephone
(404)  325-0596 - facsimile
rhill@m-mlegal.com

Mabry & McClelland, LLP • Suite 1000, 2200        Century Parkway, N.E. • Atlanta, GA 30345 • 404-325-4800

## <u>CERTIFICATE OF SERVICE</u>

**THIS IS TO CERTIFY** that I have electronically filed the foregoing MEMORANDUM OF LAW BY PLAINTIFF INTERVENOR WESTFIELD INSURANCE COMPANY with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

**ATTORNEYS FOR PLAINTIFFS**
**CITIZENS INSURANCE COMPANY OF AMERICA**
**AND MASSACHUSETTS BAY INSURANCE COMPANY**

Joel Scott Isenberg, Esq.
Kenneth W. Boyles, Jr., Esq.
Susan Haygood McCurry, Esq.
ELY & ISENBERG, LLC
2100-B Southbridge Parkway, Suite 380
Birmingham, AL 35209
jisenberg@elylawllc.com
kboyles@elylawllc.com
smccurry@elylawllc.com

**ATTORNEYS FOR DEFENDANTS BANYAN TREE**
**MANAGEMENT, LLC AND ALBANY DOWNTOWN**
**HOTEL PARTNERS, LLC**

Shattuck Tucker Ely, Esq.
Derek Schwahn, Esq.
FELLOWS LABRIOLA, LLP
Suite 2300, South Tower
225 Peachtree Street, N.W.
Atlanta, Georgia 30303
tely@fellab.com
dschwahn@fellab.com

Spencer M. Taylor, Esq.
BARZE TAYLOR NOLES LOWTHER, LLC
2204 Lakeshore Drive, Suite 330
Birmingham, AL 35209
staylor@btnllaw.com

**ATTORNEY FOR DEFENDANT JANE DOE**

Charles L. Clay, Jr.
PRATT CLAY LLC
4401 Northside Parkway, Suite 520
Atlanta, GA 30303
chuck@prattclay.com

**ATTORNEYS FOR THIRD-PARTY DEFENDANT STARR INDEMINTY & LIABILITY COMPANY**

C. Michael Johnson, Esq.
Thomas K. Wingfield, Esq.
HALL BOOTH SMITH, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, Georgia 30303
mjohnson@hallboothsmith.com
twingfield@hallboothsmith.com

This 23rd day of September, 2021.

MABRY & McCLELLAND, LLP


/s/ Richard H. Hill, Jr.
Richard H. Hill, Jr., Esq.
Georgia Bar No. 354422
Amy B. Knight, Esq.
Georgia Bar No. 331349
Attorneys for Westfield Insurance Company