# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA and MASSACHUSETTS BAY INSURANCE COMPANY, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WESTFIELD INSURANCE COMPANY, | ) ) | |
| | ) | |
| Plaintiff Intervenor, | ) | |
| | ) | Civil Action No. |
| v. | ) | 1:19-cv-05292-MHC |
| | ) | |
| BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC; and JANE DOE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC | ) ) ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |

1

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, | ) |
| | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY | ) |
| | ) |
| | ) |
| Third-Party Counterclaim and Crossclaim Plaintiff, | ) |
| | ) |
| | ) |
| v | ) |
| | ) |
| BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC | ) |
| | ) |
| | ) |
| | ) |
| Third-Party Counterclaim Defendants | ) |
| | ) |
| and | ) |
| | ) |
| JANE DOE, | ) |
| | ) |
| Crossclaim Defendant. | ) |

## JANE DOE'S OBJECTIONS AND RESPONSES TO STARR INDEMNITY & LIABILITY COMPANY'S FIRST REQUESTS FOR ADMISSION

TO:    Starr Indemnity & Liability Company, by and through its counsel of record C. Michael Johnson and Thomas Wingfield, Hall Booth Smith, P.C., 191 Peachtree Street, NE, Suite 2900, Atlanta, Georgia 30303.

Jane Doe objects and responds to Starr Indemnity & Liability Company's First

Requests for Admission as follows:

2

## <u>GENERAL RESERVATIONS</u>

1.  Jane Doe submits these objections and responses without intending to waive and expressly reserve the right to change, modify, supplement, or clarify the objections and responses.

2.  In providing the information requested by Third-Party Counterclaim and Crossclaim Plaintiff, Jane Doe does not waive any objections as to the admissibility of such information in evidence.

3.  The inadvertent production of any privileged information or documents shall not be deemed to be a waiver of any applicable privilege with respect to such information, document, or the contents thereof.

## Requests for Admission

### *John Doe Filming Jane Doe Nude in the Shower of the Hotel*

**REQUEST NO. 1:**       A true and accurate copy of the Complaint filed by Jane Doe against, among others, Banyan and Albany in the Virginia Action is attached hereto as Exhibit A.

**Response: Jane Doe objects to this request in that it is not a request *per se*, but admits that Exhibit A is a true and correct copy of one of the Complaints.**

**REQUEST NO. 2:**       A true and accurate copy of the Complaint filed by Jane Doe against, among others, Banyan and Albany in the Virginia Action is attached hereto as Exhibit B.

**Response: Jane Doe objects to this request in that it is not a request *per se*, but admits that Exhibit A is a true and correct copy of one of the Complaints.**

**REQUEST NO. 3:**       In the Georgia Complaint and the Virginia Complaint, Jane Doe does not allege that John Doe made any physical contact with the body Jane Doe, causing any of Jane Doe's Injuries when John Doe filmed Jane Doe nude in the shower in 2015.

**Response:  Jane Doe objects that the Complaints she filed speak for themselves. Subject to those objections, Jane Doe is unaware of any physical contact with her body from John Doe.**

**REQUEST NO. 4:**      Jane Doe has no evidence that Banyan publishes information such as email addresses, hotel room numbers and the dates of stays of its guests at the Hotel.

**Response: Jane Doe does not have sufficient information to admit or deny this request.**

**REQUEST NO. 5:**      Jane Doe's email address, hotel room number and the dates of her stay at the Hotel is private information.

**Response: Jane Doe objects that the term "private information" as vague and ambiguous. Subject to these objections, Jane Doe admits she expects her information to be treated as private information but Jane Doe does not believe her information was kept private.**

**REQUEST NO. 6:**      Jane Doe has no evidence that Albany publishes information such as email addresses, hotel room numbers and the dates of stays of its guests at the Hotel.

**Response: Jane Doe does not have sufficient information to admit or deny this request.**

**REQUEST NO. 7:**      Jane Doe's name, email address, hotel room number and the dates of her stay at the Hotel are personal information.

**Response: Jane Doe objects that the term "personal information" as vague and ambiguous. Subject to these objections, Jane Doe admits she expects her information to be treated as private information but Jane Doe does not believe her information was kept private. Without further explanation as to what "personal information" means in this request Jane Doe is unable to answer further.**

**REQUEST NO. 8:**      Jane Doe's name, email address, hotel room number and the dates of her stay at the Hotel are not publicly available information.

**Response:  Jane Doe objects that this request is compound. Subject to this objection, Jane Doe admits her hotel room number and dates of her stay should not be publicly available, but Jane Doe is unsure whether that information was kept private. Jane Doe does not know for certain but believes her email address may have been available on her LinkedIn profile. Jane Doe's name at the time of the recording was publicly available on LinkedIn.**

**REQUEST NO. 9:**        Jane Doe has no evidence that Banyan's business includes placing cameras in the Hotel's bathrooms and filming guests of the Hotel nude in the shower.

**Response:   Jane Doe does not know the extent of "Banyan's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of placing cameras in bathrooms and filming guests nude in the shower. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 10:**        Jane Doe has no evidence that John Doe's alleged placement of a camera in the Hotel bathroom and filming Jane Doe nude in the shower in 2015 was part of Banyan's business.

**Response:   Jane Doe does not know the extent of "Banyan's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of placing cameras in bathrooms and filming guests nude in the shower. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 11:**        Jane Doe has no evidence that John Doe was acting on behalf of Banyan when he allegedly placed a camera in the Hotel bathroom and filmed Jane Doe nude in the shower in 2015.

7

**Response:   Jane Doe does not know the precise identity of John Doe. To the extent John Doe was an employee or agent of Banyan and working while he placed the camera, then it could be on behalf of Banyan.**

**REQUEST NO. 12:**     Jane Doe has no evidence that Albany's business includes placing cameras in the Hotel's bathrooms and filming guests of the Hotel nude in the shower.

**Response:   Jane Doe does not know the extent of "Abany's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of placing cameras in bathrooms and filming guests nude in the shower. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 13:**     Jane Doe has no evidence that John Doe's alleged placement of a camera in the Hotel bathroom and filming Jane Doe nude in the shower in 2015 was part of Albany's business.

**Response:   Jane Doe does not know the extent of "Abany's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of placing cameras in bathrooms and filming guests nude in the shower. However, that is what occurred to Jane Doe in this case.**

8

**REQUEST NO. 14:**     Jane Doe has no evidence that John Doe was acting on behalf of Albany when he allegedly placed a camera in the Hotel bathroom and filmed Jane Doe nude in the shower in 2015.

**Response:   Jane Doe does not know the precise identity of John Doe. To the extent John Doe was an employee or agent of Albany and working while he placed the camera, then it could be on behalf of Albany.**

**REQUEST NO. 15:**     In the Georgia and the Virginia Complaints, John Doe is not alleged to be the owner of the room in which Jane Doe was staying when she was filmed nude in the shower in 2015.

**Response:   Jane Doe objects that the Complaints speak for themselves. Subject to this objection, admit.**

**REQUEST NO. 16:**     In the Georgia and the Virginia Complaints, John Doe is not alleged to be the landlord of the room in which Jane Doe was staying when she was filmed nude in the shower in 2015.

**Response:   Jane Doe objects that the Complaints speak for themselves. Jane Doe also objects that the term "landlord" is vague and undefined. Subject to these objections, admit.**

9

**REQUEST NO. 17:**      In the Georgia and the Virginia Complaints, John Doe is not alleged to be the lessor of the room in which Jane Doe was staying when she was filmed nude in the shower in 2015.

**Response:   Jane Doe objects that the Complaints speak for themselves. Jane Doe also objects that to answer this question would require a legal admission on who was the lessor of the room. Based on these objections, Jane Doe cannot answer as this request is phrased.**

**REQUEST NO. 18:**      Jane Doe has no evidence that John Doe was Banyan and/or Albany's employee or independent contractor when John Doe filmed Jane Doe nude in the shower in 2015.

**Response:   Denied.**

**REQUEST NO. 19:**      John Doe recorded Jane Doe nude in the shower for at least one of the following reasons: John Doe, or another person's amusement, entertainment, profit, or sexual gratification, and/or to degrade or abuse Jane Doe.

**Response:   Jane Doe objects to the extent that this request requires her to legally admit to John Doe's motivations, which Jane Doe does not have personal knowledge of. Jane Doe cannot admit what John Doe's intentions were.**

**REQUEST NO. 20:**      Jane Doe contends that John Doe installed a hidden camera in the Hotel bathroom to surreptitiously view and/or record Jane Doe nude in the shower in 2015.

**Response: Jane Doe admits that either John Doe or individuals working with or for John Doe installed the camera to surreptitiously view and/or record her.**

**REQUEST NO. 21:**      The Hotel bathroom is a place where Jane Doe had a reasonable expectation of privacy.

**Response: Admit.**

**REQUEST NO. 22:**      The act of John Doe taking a video, picture or film of Jane Doe nude in the shower in 2015 was a crime and a criminal act

**Response: Jane Doe objects that this request is improper as it requires a legal conclusion.**

**REQUEST NO. 23:**      Jane Doe contends that John Doe filmed Jane Doe nude in the shower in 2015 without Jane Doe's knowledge or consent.

**Response: Admit.**

11

**REQUEST NO. 24:**      Jane Doe voluntarily granted access to her Hotel room to at least one other person during her stay in the Hotel in 2015, during which stay she was filmed nude in the shower.

     **Response: Admit.**

**REQUEST NO. 25:**      The person that Jane Doe voluntarily granted access to her Hotel room during her stay in the Hotel in 2015 had access to the shower area where she was filmed nude in the shower.

     **Response: Admit.**

**REQUEST NO. 26:**      Jane Doe has no evidence to disprove that the person she voluntarily granted access to her Hotel room during her stay in the Hotel in 2015 is John Doe.

     **Response:   Denied.**

*Publications of the Subject Video and Emails from John Doe*

**REQUEST NO. 27:**      Jane Doe has no evidence that Banyan's business includes publishing nude images and/or videos of its guests in the shower and transmitting extortionist emails to its guests.

**Response:   Jane Doe does not know the extent of "Banyan's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of publishing nude images or videos of its guests in the shower and transmitting extortionist emails to its guests. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 28:**      Jane Doe has no evidence that John Doe's alleged publication of the Subject Video and transmission of extortionist emails to Jane Doe was part of Banyan's business.

**Response:   Jane Doe does not know the extent of "Banyan's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of publishing nude images or videos of its guests in the shower and transmitting extortionist emails to its guests. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 29:**     Jane Doe has no evidence that John Doe was acting on behalf of Banyan when John Doe allegedly published the Subject Video and transmitted extortionist emails to Jane Doe.

**Response:  Denied.**

**REQUEST NO. 30:**     Jane Doe has no evidence that at the time John Doe published the Subject Video and transmitted emails to Jane Doe, John Doe was an employee or independent contractor of Banyan and/or Albany.

**Response:  Denied.**

**REQUEST NO. 31:**     Jane Doe has no evidence that Albany's business includes publishing nude images and/or videos of its guests in the shower and transmitting extortionist emails to its guests.

**Response:  Jane Doe does not know the extent of "Albany's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of publishing nude images or videos of its guests in the shower and transmitting extortionist emails to its guests. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 32:**     Jane Doe has no evidence that John Doe's alleged publication of the Subject Video and  sending of extortionist emails to Jane Doe was part of Albany's business.

**Response:  Jane Doe does not know the extent of "Albany's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of publishing nude images or videos of its guests in the shower and transmitting extortionist emails to its guests. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 33:**     Jane Doe has no evidence that John Doe was acting on behalf of Albany when John Doe allegedly published the Subject Video and transmitted extortionist emails to Jane Doe.

**Response:  Denied.**

**REQUEST NO. 34:**     John Doe intentionally disseminated the Subject Video by publishing the same on the internet.

**Response:  Jane Doe objects that she does not know the intent of John Doe, but it appears the video was not disseminated by accident.**

15

**REQUEST NO. 35:**       When John Doe published the Subject Video, John Doe was aware that the Subject Video was obtained by unlawfully filming Jane Doe nude in the shower in 2015 through the use of a hidden camera.

**Response: Jane Doe objects that this request seeks a legal admission on whether the conduct was unlawful and thus is improper. Jane Doe also objects that this request requires Jane Doe to legally admit John Doe's knowledge.**

**REQUEST NO. 36:**       John Doe's transmission of emails to Jane Doe and publications of the Subject Video was an attempt to extort from Jane Doe monetary payment, or for compensation.

**Response:  Jane Doe does not know the full reason why John Doe transmission of each email but admits at least some emails contain evidence of extortion.**

**REQUEST NO. 37:**       Jane Doe contends that John Doe attempted to receive compensation in exchange for not publishing the Subject Video to Jane Doe's family and friends.

**Response: Admit.**

**REQUEST NO. 38:**       John Doe published the Subject Video, linking Jane Doe's naked image to her name, without Jane Doe's consent.

16

**Response: Admit.**

**REQUEST NO. 39:** Jane Doe contends that John Doe attempted to induce Jane Doe to provide John Doe additional nude photographs and/or videos of Jane Doe and monetary payment by threatening further publication of the Subject Video.

**Response: Admit.**

**REQUEST NO. 40:** Jane Doe contends that John Doe transmitted emails and published the Subject Video with the intent of extorting from Jane Doe additional nude photographs and/or videos of Jane Doe and monetary payment.

**Response: Jane Doe objects that this request requires Jane Doe to legally admit to John Doe's intent, which Jane Doe does not know.**

**REQUEST NO. 41:** Through emails to Jane Doe, John Doe transmitted a communication in interstate commerce containing a threat to injure Jane Doe's reputation.

**Response: Jane Doe objects that this request requires a legal conclusion. Jane Doe does not know where John Doe was when he sent emails or whether or not that would amount to "interstate commerce."**

**REQUEST NO. 42:**     The act of John Doe publishing on the internet or any other public venue a video, picture or film of Jane Doe nude in the shower in 2015 was a crime and a criminal act.

**Response:   Jane Doe objects that this request requires a legal conclusion and is thus improper.**

**REQUEST NO. 43:**     The act of John Doe publishing on the internet or any other public venue information as to which room Jane Doe stayed in the Hotel, the dates of her stay in the Hotel, and her personal information was a crime and a criminal act

**Response: Jane Doe objects that this request requires a legal conclusion and is thus improper.**

**REQUEST NO. 44:**     Prior to the publications of the Subject Video, Jane Doe's naked image linked to her name was not publicly available.

**Response:   Jane Doe does not have sufficient information to admit or deny.**

**REQUEST NO. 45:**     By publishing the Subject Video, John Doe disclosed information that was not publicly available.

**Response: Admit.**

**REQUEST NO. 46:**     The Subject Video linked Jane Doe's naked image to her name.

**Response: Admit.**

**REQUEST NO. 47:**     In the Georgia Complaint and the Virginia Complaint, Jane Doe does not allege that John Doe made any physical contact with the body Jane Doe, causing any of Jane Doe's Injuries, when John Doe transmitted emails to Jane Doe and published the Subject Video.

**Response:  Jane Doe objects that the Complaints speak for themselves.**

**REQUEST NO. 48:**     A video, picture or film of Jane Doe nude in the shower in 2015 was first published on the internet prior to July 31, 2018.

**Response:  Jane Doe does not have sufficient information to admit or deny.**

**REQUEST NO. 49:**     Jane Doe has no evidence that during the period of July 31, 2018 to July 31, 2019 John Doe was acting on behalf of the business of Albany or Banyan when he committed the acts that Jane Doe claims caused Jane Doe's Injuries.

**Response:  Jane Doe does not know of all of John Doe's activities during this time period. Thus, Jane Doe cannot admit or deny.**

19

*Jane Doe's Injuries*:

**REQUEST NO. 50:**      During the period from July 31, 2018 to July 31, 2019 Jane Doe suffered no unwanted physical contact by John Doe or anyone else causing Jane Doe's Injuries.

**Response:  Jane Doe does not know the identity of John Doe with certainty so Jane Doe has difficulty admitting or denying. Jane Doe also objects that the term "physical contact" is vague and ambiguous. Subject to these objections, admit to the extent Jane Doe understands this request.**

**REQUEST NO. 51:**      John Doe's actions that caused Jane Doe's Injuries were intentional and not accidental.

**Response:   Jane Doe does not know what the intent of John Doe was so she cannot admit or deny. Jane Doe states that based on the facts she is aware, it did not seem accidental.**

**REQUEST NO. 52:**      Jane Doe is asserting that Albany and Banyan are vicariously liable for Jane Doe's Injuries caused by intentional wrongful acts of John Doe acting within the scope of his employment for Albany and Banyan.

**Response:  Jane Doe is asserting Albany and Banyan are vicariously liable for John Doe's wrongful acts.**

20

**REQUEST NO. 53:**     Jane Doe has no evidence that during the period of July 31, 2018 to July 31, 2019 John Doe was acting within the scope of his employment for either Albany or Banyan when he committed the acts that Jane Doe claims caused Jane Doe's Injuries.

**Response:   Denied.**

**REQUEST NO. 54:**     Jane Doe's Injuries are based entirely on her learning that she had been filmed nude in the shower in 2015 and from emails by John Doe.

**Response:   Denied.**

**REQUEST NO. 55:**     Jane Doe was not physically injured when John Doe allegedly filmed her nude in the shower in 2015.

**Response:   Jane Doe's physical injuries were sustained after she became aware of the videos as stated in the Complaints.**

**REQUEST NO. 56:**     Jane Doe was not physically injured when John Doe allegedly transmitted emails to Jane Doe and published the Subject Video.

**Response:   Denied.**

**REQUEST NO. 57:**     Jane Doe's Injuries only include mental anguish followed by gastrointestinal issues and weight loss.

**Response:   Denied.**

**REQUEST NO. 58:**     Jane Doe did not suffer gastrointestinal issues and weight loss prior to suffering mental anguish as a result of John Doe's transmission of emails to Jane Doe and publication of the Subject Video.

**Response:   Jane Doe did not suffer similar gastrointestinal issues prior to this incident.**

**REQUEST NO. 59:**     Jane Doe's Injuries do not include physical injury to or loss of use of tangible property, not including electronic data.

**Response:   To the extent Jane Doe understands this request, denied.**

December 18, 2020                                  Respectfully Submitted,

                                                  */s/ Roland Christensen*
                                                  Kurt Arnold *pro hac vice*
                                                  karnold@arnolditkin.com
                                                  Caj Boatright *pro hac vice*
                                                  cboatright@arnolditkin.com
                                                  Roland Christensen *pro hac vice*
                                                  rchristensen@arnolditkin.com
                                                  Arnold & Itkin LLP
                                                  6009 Memorial Drive
                                                  Houston, Texas 77007
                                                  Tel. 713.222.3800
                                                  Fax. 713.222.3850

                                                  -and-

                                                  Charles L. Clay, Jr.
                                                  Pratt Clay, LLC
                                                  4401 Northside Parkway, Suite 520
                                                  Atlanta, Georgia 30327

404-949-8118
404-949-8159 (Facsimile)
chuck@prattclay.com
*Counsel for Plaintiff Jane Doe*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 18, 2020 a true and correct copy of the foregoing was served by E-Mail.

*/s/Roland Christensen*
Roland Christensen

23