# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:19-cv-05292-MHC |
| BANYAN TREE MANAGEMENT, LLC; et al., | ) ) ) | |
| Defendants. | ) ) | |
| BANYAN TREE MANAGEMENT, LLC; et al., | ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| STARR INDEMNITY & LIABILITY COMPANY, | ) ) ) | |
| Third-Party Defendant. | ) | |

## NOTICE OF FILING

**COMES NOW**, Third-Party Defendant Starr Indemnity & Liability Company and hereby files the following documents:

    (1)    *Starr Indemnity & Liability Company's First Request for Admissions to Jane Doe*; and

(2)    *Jane Doe's Objections and Responses to Starr Indemnity & Liability Company's First Requests for Admission.*

Respectfully submitted this 23rd day of September, 2021.

**HALL BOOTH SMITH, P.C.**

 /s/Thomas K. Wingfield
C. Michael Johnson
Georgia Bar No. 392550
191 Peachtree Street, NE          Thomas K. Wingfield
Suite 2900                        Georgia Bar No. 770653
Atlanta, GA  30303-1775
Phone:  404-954-5000
mjohnson@hallboothsmith.com
twingfield@hallboothsmith.com     *Counsel for Starr Indemnity & Liability Company*

2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this day I served the foregoing **NOTICE OF FILING** by serving all counsel of record via electronic filing through NextGen portal with the United States District Court for the Northern District of Georgia to the following:

| | |
|---|---|
| Joel Scott Isenberg, Esq. | Spencer McCartney Taylor, I, Esq. |
| Kenneth W. Boyles, Jr., Esq. | **BARZE TAYLOR NOLES** |
| Susan Haygood McCurry, Esq. | **LOWTHER LLC** |
| **ELY & ISENBERG, LLC** | 2204 Lakeshore Drive |
| Suite 380, 2100B SouthBridge Parkway | Suite 330 |
| Birmingham, AL  35209 | Birmingham, AL  35209 |
| jisenberg@elylawllc.com | staylor@htnllaw.com |
| kboyles@elylawllc.com | |
| smccurry@elylawllc.com | |
| | |
| *Counsel for Citizens Insurance Company of America – And – Massachusetts Bay Insurance Company* | *Counsel for Banyan Tree Management, LLC – And – Albany Downtown Hotel Partners, LLC* |
| Charles L. Clay, Jr., Esq. | Shattuck Ely, Esq. |
| **PRATT CLAY, LLC** | Derek Schwahn, Esq. |
| 4401 Northside Parkway, N.W. | **FELLOWS LA BRIOLA, LLP** |
| Suite 520 | 225 Peachtree Street, N.E. |
| Atlanta, GA  30327 | South Tower, Suite 2300 |
| chuck@chuckclay.com | Atlanta, GA  30303-1731 |
| | dschwahn@fellab.com |
| | tely@fellab.com |
| | |
| *Counsel for Jane Doe* | *Counsel for Banyan Tree Management, LLC – And – Albany Downtown Hotel Partners, LLC* |

Richard Hoyle Hill, Jr., Esq.
**MABRY & MCCLELLAND**
2200 Century Parkway, N.E.
Tenth Floor
Atlanta, GA  30345-3105
rhill@m-mlegal.com

*Counsel for Westfield Insurance Company*

Micajah D. Boatright, Esq.
Roland T. Christensen, Esq.
**ARNOLD & ITKIN- TX**
6009 Memorial Drive
Houston, TX 77007
Cboatright@arnolditkin.com
Rchristensen@arnolditkin.com

*Counsel for Jane Doe*

This 23rd day of September 2021.

**HALL BOOTH SMITH, P.C.**

*/s/Thomas K. Wingfield*
Thomas K. Wingfield
Georgia Bar No. 770653

*Counsel for Starr Indemnity & Liability Company*

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA and MASSACHUSETTS BAY INSURANCE COMPANY, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| and | ) ) | |
| WESTFIELD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff Intervenor, | ) ) | Civil Action No. |
| v. | ) ) | 1:19-cv-05292-MHC |
| BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC; and JANE DOE, | ) ) ) ) ) | |
| Defendants. | ) | |
| BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC | ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |

1

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, | ) |
| | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY | ) |
| | ) |
| | ) |
| Third-Party Counterclaim and Crossclaim Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC | ) |
| | ) |
| | ) |
| | ) |
| Third-Party Counterclaim Defendants | ) |
| | ) |
| and | ) |
| | ) |
| JANE DOE, | ) |
| | ) |
| Crossclaim Defendant. | ) |

## <u>STARR INDEMNITY & LIABILITY COMPANY'S FIRST REQUESTS FOR ADMISSION TO JANE DOE</u>

Pursuant to Rule 35 of the Federal Rules of Civil Procedure, Starr Indemnity & Liability Company ("Starr") requests that Jane Doe respond to the following Requests for Admission, within thirty days of service.

## <u>Definitions</u>

A.    As used herein, "Albany" means and refers to named defendant in the above-styled action, Albany Downtown Hotel Partners, LLC.

2

B.     As used herein, "Banyan" means and refers named defendant in the above-styled action, Banyan Tree Management, LLC.

C.     As used herein, the "Georgia Action" means and refers to the lawsuit captioned *Jane Doe v. Banyan Tree Management, LLC et al.*, Civil Action File No. 19-C-04673-S3, filed on July 2, 2019, in the State Court of Gwinnett County, Georgia.

D.     As used herein, the "Georgia Complaint" means and refers to the Complaint filed on July 2, 2019, in the Georgia Action.

E.     As used herein, "Hilton" means and refers to defendants in the Virginia Action, Hilton Worldwide Holdings Inc., Hilton Domestic Operating Company Inc., and Hilton Franchise Holding LLC.

F.     As used herein, the "Hotel" means and refers to the Hampton Inn-Albany, in Albany, New York, as identified in Paragraph 9 of the Georgia Complaint.

G.     As used herein, "Jane Doe" means and refers to named defendant in the above-styled action, Jane Doe.

H.     As used herein, "Jane Doe's Injuries" means and refers to all injuries suffered by Jane Doe for which she is making claim in the Georgia and Virginia Complaints.

3

I.      As used herein, "John Doe" means and refers to the person identified in Paragraph 8 of the Georgia Complaint.

J.      The "Subject Video" means and refers to the video depicting intimate areas of Jane Doe while she was showering, as alleged in Paragraph 12 of the Georgia Complaint.

K.      As used herein, the "Virginia Action" means and refers to the lawsuit captioned *Jane Doe v. Hilton Worldwide Holdings Inc. et al.*, Case No. 2018-16980, filed on November 30, 2018, in the Circuit Court of Fairfax County, Virginia.

L.      As used herein, the "Virginia Complaint" means and refers to the Complaint filed on November 30, 2018, in the Virginia Action.

## Requests for Admission

### John Doe Filming Jane Doe Nude in the Shower of the Hotel

**REQUEST NO. 1:**      A true and accurate copy of the Complaint filed by Jane Doe against, among others, Banyan and Albany in the Virginia Action is attached hereto as Exhibit A.

**Response:**

**REQUEST NO. 2:**      A true and accurate copy of the Complaint filed by Jane Doe against, among others, Banyan and Albany in the Virginia Action is attached hereto as Exhibit B.

**Response:**

**REQUEST NO. 3:**        In   the   Georgia   Complaint   and   the   Virginia Complaint, Jane Doe does not allege that John Doe made any physical contact with the body Jane Doe, causing any of Jane Doe's Injuries when John Doe filmed Jane Doe nude in the shower in 2015.

**Response:**

**REQUEST NO. 4:**        Jane Doe has no evidence that Banyan publishes information such as email addresses, hotel room numbers and the dates of stays of its guests at the Hotel.

**Response:**

**REQUEST NO. 5:**        Jane Doe's email address, hotel room number and the dates of her stay at the Hotel is private information.

**Response:**

**REQUEST NO. 6:**        Jane Doe has no evidence that Albany publishes information such as email addresses, hotel room numbers and the dates of stays of its guests at the Hotel.

**Response:**

5

**REQUEST NO. 7:**      Jane Doe's name, email address, hotel room number and the dates of her stay at the Hotel are personal information.

**Response:**

**REQUEST NO. 8:**      Jane Doe's name, email address, hotel room number and the dates of her stay at the Hotel are not publicly available information.

**Response:**

**REQUEST NO. 9:**      Jane Doe has no evidence that Banyan's business includes placing cameras in the Hotel's bathrooms and filming guests of the Hotel nude in the shower.

**Response:**

**REQUEST NO. 10:**      Jane Doe has no evidence that John Doe's alleged placement of a camera in the Hotel bathroom and filming Jane Doe nude in the shower in 2015 was part of Banyan's business.

**Response:**

**REQUEST NO. 11:**      Jane Doe has no evidence that John Doe was acting on behalf of Banyan when he allegedly placed a camera in the Hotel bathroom and filmed Jane Doe nude in the shower in 2015.

**Response:**

6

**REQUEST NO. 12:**    Jane Doe has no evidence that Albany's business includes placing cameras in the Hotel's bathrooms and filming guests of the Hotel nude in the shower.

**Response:**

**REQUEST NO. 13:**    Jane Doe has no evidence that John Doe's alleged placement of a camera in the Hotel bathroom and filming Jane Doe nude in the shower in 2015 was part of Albany's business.

**Response:**

**REQUEST NO. 14:**    Jane Doe has no evidence that John Doe was acting on behalf of Albany when he allegedly placed a camera in the Hotel bathroom and filmed Jane Doe nude in the shower in 2015.

**Response:**

**REQUEST NO. 15:**    In the Georgia and the Virginia Complaints, John Doe is not alleged to be the owner of the room in which Jane Doe was staying when she was filmed nude in the shower in 2015.

**Response:**

7

**REQUEST NO. 16:**       In the Georgia and the Virginia Complaints, John Doe is not alleged to be the landlord of the room in which Jane Doe was staying when she was filmed nude in the shower in 2015.

**Response:**

**REQUEST NO. 17:**       In the Georgia and the Virginia Complaints, John Doe is not alleged to be the lessor of the room in which Jane Doe was staying when she was filmed nude in the shower in 2015.

**Response:**

**REQUEST NO. 18:**       Jane Doe has no evidence that John Doe was Banyan and/or Albany's employee or independent contractor when John Doe filmed Jane Doe nude in the shower in 2015.

**Response:**

**REQUEST NO. 19:**       John Doe recorded Jane Doe nude in the shower for at least one of the following reasons: John Doe, or another person's amusement, entertainment, profit, or sexual gratification, and/or to degrade or abuse Jane Doe.

**Response:**

**REQUEST NO. 20:**     Jane Doe contends that John Doe installed a hidden camera in the Hotel bathroom to surreptitiously view and/or record Jane Doe nude in the shower in 2015.

**Response:**

**REQUEST NO. 21:**     The Hotel bathroom is a place where Jane Doe had a reasonable expectation of privacy.

**Response:**

**REQUEST NO. 22:**     The act of John Doe taking a video, picture or film of Jane Doe nude in the shower in 2015 was a crime and a criminal act

**Response:**

**REQUEST NO. 23:**     Jane Doe contends that John Doe filmed Jane Doe nude in the shower in 2015 without Jane Doe's knowledge or consent.

**Response:**

**REQUEST NO. 24:**     Jane Doe voluntarily granted access to her Hotel room to at least one other person during her stay in the Hotel in 2015, during which stay she was filmed nude in the shower.

**Response:**

9

**REQUEST NO. 25:**       The person that Jane Doe voluntarily granted access to her Hotel room during her stay in the Hotel in 2015 had access to the shower area where she was filmed nude in the shower.

**Response:**

**REQUEST NO. 26:**       Jane Doe has no evidence to disprove that the person she voluntarily granted access to her Hotel room during her stay in the Hotel in 2015 is John Doe.

**Response:**

*Publications of the Subject Video and Emails from John Doe*

**REQUEST NO. 27:**       Jane Doe has no evidence that Banyan's business includes publishing nude images and/or videos of its guests in the shower and transmitting extortionist emails to its guests.

**Response:**

**REQUEST NO. 28:**       Jane Doe has no evidence that John Doe's alleged publication of the Subject Video and transmission of extortionist emails to Jane Doe was part of Banyan's business.

**Response:**

**REQUEST NO. 29:**     Jane Doe has no evidence that John Doe was acting on behalf of Banyan when John Doe allegedly published the Subject Video and transmitted extortionist emails to Jane Doe.

**Response:**

**REQUEST NO. 30:**     Jane Doe has no evidence that at the time John Doe published the Subject Video and transmitted emails to Jane Doe, John Doe was an employee or independent contractor of Banyan and/or Albany.

**Response:**

**REQUEST NO. 31:**     Jane Doe has no evidence that Albany's business includes publishing nude images and/or videos of its guests in the shower and transmitting extortionist emails to its guests.

**Response:**

**REQUEST NO. 32:**     Jane Doe has no evidence that John Doe's alleged publication of the Subject Video and  sending of extortionist emails to Jane Doe was part of Albany's business.

**Response:**

**REQUEST NO. 33:**      Jane Doe has no evidence that John Doe was acting on behalf of Albany when John Doe allegedly published the Subject Video and transmitted extortionist emails to Jane Doe.

**Response:**

**REQUEST NO. 34:**      John Doe intentionally disseminated the Subject Video by publishing the same on the internet.

**Response:**

**REQUEST NO. 35:**      When John Doe published the Subject Video, John Doe was aware that the Subject Video was obtained by unlawfully filming Jane Doe nude in the shower in 2015 through the use of a hidden camera.

**Response:**

**REQUEST NO. 36:**      John Doe's transmission of emails to Jane Doe and publications of the Subject Video was an attempt to extort from Jane Doe monetary payment, or for compensation.

**Response:**

**REQUEST NO. 37:**      Jane Doe contends that John Doe attempted to receive compensation in exchange for not publishing the Subject Video to Jane Doe's family and friends.

12

**Response:**

**REQUEST NO. 38:**     John Doe published the Subject Video, linking Jane Doe's naked image to her name, without Jane Doe's consent.

**Response:**

**REQUEST NO. 39:**     Jane Doe contends that John Doe attempted to induce Jane Doe to provide John Doe additional nude photographs and/or videos of Jane Doe and monetary payment by threatening further publication of the Subject Video.

**Response:**

**REQUEST NO. 40:**     Jane Doe contends that John Doe transmitted emails and published the Subject Video with the intent of extorting from Jane Doe additional nude photographs and/or videos of Jane Doe and monetary payment.

**Response:**

**REQUEST NO. 41:**     Through emails to Jane Doe, John Doe transmitted a communication in interstate commerce containing a threat to injure Jane Doe's reputation.

**Response:**

13

**REQUEST NO. 42:**      The act of John Doe publishing on the internet or any other public venue a video, picture or film of Jane Doe nude in the shower in 2015 was a crime and a criminal act.

**Response:**

**REQUEST NO. 43:**      The act of John Doe publishing on the internet or any other public venue information as to which room Jane Doe stayed in the Hotel, the dates of her stay in the Hotel, and her personal information was a crime and a criminal act

**Response:**

**REQUEST NO. 44:**      Prior to the publications of the Subject Video, Jane Doe's naked image linked to her name was not publicly available.

**Response:**

**REQUEST NO. 45:**      By publishing the Subject Video, John Doe disclosed information that was not publicly available.

**Response:**

**REQUEST NO. 46:**      The Subject Video linked Jane Doe's naked image to her name.

**Response:**

14

**REQUEST NO. 47:**     In the Georgia Complaint and the Virginia Complaint, Jane Doe does not allege that John Doe made any physical contact with the body Jane Doe, causing any of Jane Doe's Injuries, when John Doe transmitted emails to Jane Doe and published the Subject Video.

**Response:**

**REQUEST NO. 48:**     A video, picture or film of Jane Doe nude in the shower in 2015 was first published on the internet prior to July 31, 2018.

**Response:**

**REQUEST NO. 49:**     Jane Doe has no evidence that during the period of July 31, 2018 to July 31, 2019 John Doe was acting on behalf of the business of Albany or Banyan when he committed the acts that Jane Doe claims caused Jane Doe's Injuries.

**Response:**

***Jane Doe's Injuries*:**

**REQUEST NO. 50:**     During the period from July 31, 2018 to July 31, 2019 Jane Doe suffered no unwanted physical contact by John Doe or anyone else causing Jane Doe's Injuries.

**Response:**

**REQUEST NO. 51:**        John Doe's actions that caused Jane Doe's Injuries were intentional and not accidental.

**Response:**

**REQUEST NO. 52:**        Jane Doe is asserting that Albany and Banyan are vicariously liable for Jane Doe's Injuries caused by intentional wrongful acts of John Doe acting within the scope of his employment for Albany and Banyan.

**Response:**

**REQUEST NO. 53:**        Jane Doe has no evidence that during the period of July 31, 2018 to July 31, 2019 John Doe was acting within the scope of his employment for either Albany or Banyan when he committed the acts that Jane Doe claims caused Jane Doe's Injuries.

**Response:**

**REQUEST NO. 54:**        Jane Doe's Injuries are based entirely on her learning that she had been filmed nude in the shower in 2015 and from emails by John Doe.

**Response:**

16

**REQUEST NO. 55:** Jane Doe was not physically injured when John Doe allegedly filmed her nude in the shower in 2015.

**Response:**

**REQUEST NO. 56:** Jane Doe was not physically injured when John Doe allegedly transmitted emails to Jane Doe and published the Subject Video.

**Response:**

**REQUEST NO. 57:** Jane Doe's Injuries only include mental anguish followed by gastrointestinal issues and weight loss.

**Response:**

**REQUEST NO. 58:** Jane Doe did not suffer gastrointestinal issues and weight loss prior to suffering mental anguish as a result of John Doe's transmission of emails to Jane Doe and publication of the Subject Video.

**Response:**

**REQUEST NO. 59:** Jane Doe's Injuries do not include physical injury to or loss of use of tangible property, not including electronic data.

**Response:**

*[Signatures on Next Page]*

17

Respectfully submitted, this 20th day of November, 2020.

HALL BOOTH SMITH, P.C.

   *s/C. Michael Johnson*           

C. Michael Johnson

Georgia Bar No. 392550

Thomas Wingfield

191 Peachtree Street, NE                Georgia Bar No. 770653

Suite 2900

Atlanta, GA  30303-1775

Phone:  404-954-5000

mjohnson@hallboothsmith.com       *Counsel for Starr Indemnity & Liability*

twingfield@hallboothsmith.com         *Company*





| | |
|---|---|
| **Entity Name:** | **Banyan Tree Management, LLC** |
| **Jurisdiction:** | GA |
| **Date:** | 7/9/2019 |
| **Receipt Method:** | Process Server |
| **Case Number:** | 19-C-04673-S3 |
| **Plaintiff:** | JANE DOE |
| **Defendant:** | BANYAN TREE MANAGEMENT, LLC |
| **Document Type:** | Summons & Complaint |

EXHIBIT "A" - Page 1

FILED IN OFFICE  N
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
19-C-04673-S
7/2/2019 10:58 AI

*Richard J. Alexander* (signature)
CLERK OF STATE COURT

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Jane Doe**

_____

_____

_____

PLAINTIFF

VS.

**Banyan Tree Management, LLC**

_____

_____

_____

DEFENDANT

CIVIL ACTION
NUMBER: 19-C-04673-S3

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Charles L. Clay, Jr. - Pratt Clay, LLC
4401 Northside Parkway, Suite 520
Atlanta, GA 30327

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**2ND**_____ day of _____**JULY**_____, 20**19**.

Richard T. Alexander, Jr.,
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

## EXHIBIT "A" - Page 2

E FILED IN OFFICE
GWINNETT COUNTY, GEORG
**19-C-04673-S**
**7/2/2019 10:58 AI**

CLERK OF STATE COUR

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION FILE NO. |
| | § | **19-C-04673-S3** |
| BANYAN TREE MANAGEMENT, LLC; | § | |
| ALBANY DOWNTOWN HOTEL | § | |
| PARTNERS, LLC; and JOHN DOE, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## COMPLAINT

COMES NOW Plaintiff Jane Doe in the above-styled action, and hereby files her Complaint as follows:

## I.

### NATURE OF THE CASE

1.    Plaintiff, Jane Doe, was a paying guest at the Hampton Inn and Suites Albany-Downtown (hereinafter "Hampton Inn-Albany") in Albany, New York. While Plaintiff was in the privacy of her hotel room, she was secretly recorded fully nude showering in the bathroom. Plaintiff was then extorted and blackmailed with the videos. The videos were then published online to numerous pornographic websites, and viewed thousands of times. The videos were also sent to Plaintiff's colleagues, in an attempt to coerce her to pay money and/or send additional nude pictures and videos of herself to the extorter. During the relevant events, Banyan Tree Management, LLC managed the Hampton Inn-Albany, and Albany Downtown Hotel Partners, LLC owned the Hampton Inn-Albany. These egregious privacy violations have caused Plaintiff to

## EXHIBIT "A" - Page 3

suffer humiliation and substantial damages, and as a consequence she brings this suit against Banyan Tree Management, LLC, and Albany Downtown Hotel Partners, LLC.

## II.

### JURISDICTION AND VENUE

2.       This Court has subject matter jurisdiction over this matter pursuant to Section 14-2-510 of the Georgia Code because Defendant Banyan Tree Management, LLC's registered agent is located Gwinnett County and joint tortfeasor Albany Downtown Hotel Partners, LLC is run and operated out of Atlanta, Georgia in Fulton County. Additionally, the owners (members) of these entities reside here in Atlanta, Georgia, in Fulton County. Further, the nerve centers, where all decision makers are located for Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC are also here in Atlanta, Georgia, in Fulton County. Thus, both Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC are subject to the Court's general jurisdiction.   Specifically, the Operating Agreement for the Hampton Inn-Albany (executed between Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC) was executed by Rakesh Chauhan as the manager of Chapel ST MM Partners, LLC (the managing member of Albany Downtown Hotel Partners, LLC). Rakesh Chauhan is the President and CEO of Banyan Investment Group, is the manager for Banyan Tree Management, LLC, and is a resident of Fulton County, Georgia. Banyan Management and Albany Hotel Partners are largely owned and operated by the same group of individuals, many of which are located here in Atlanta, Georgia in Fulton County.

3.       Additionally, the direction, supervision, and operation of the Hampton Inn-Albany is performed by Banyan Tree Management, LLC through its executives and decision makers here in Atlanta, Georgia in Fulton County.

**EXHIBIT "A" - Page 4**

4.      Removal of this case is not permitted because both Banyan Tree Management, LLC and Albany Downtown Hotel Partners, LLC are forum defendants, since they have members who are Georgia citizens and therefore diversity of jurisdiction is lacking.

## III.

### THE PARTIES

5.      The Plaintiff, Jane Doe,[1] is resident of Chicago, Illinois.

6.      Defendant Banyan Tree Management, LLC ("Banyan Management") is a Florida limited liability company. The executives, decision makers, and owners of Banyan Management are located in Atlanta, Georgia. Banyan Management is run from Atlanta, Georgia, Fulton County. For purposes of diversity citizenship, Banyan Management is a citizen of Georgia because multiple members are from Georgia. Banyan Management can be served with process through its registered agent: Paracorp Incorporated, at 368 W. Pike Street, Suite #104, Lawrenceville, GA, 30046, USA (Gwinnett County, GA).

7.      Defendant Albany Downtown Hotel Partners, LLC ("Albany Hotel Partners") is a Delaware limited liability company. The executives, decision makers, and owners for Albany Hotel Partners are located in Atlanta, Georgia. Albany Hotel Partners is run from Atlanta, Georgia, Fulton County. For purposes of diversity citizenship, Albany Hotel Partners is a citizen of Georgia because multiple members are from Georgia. Albany Hotel Partners can be served with process

---

[1] Due to the significant privacy violations Plaintiff has already endured as a result of the negligent and grossly negligent conduct of Defendants, Plaintiff is bringing this suit as "Jane Doe." Proceeding as Jane Doe in this case comports with the analytical framework set forth in *Doe v. Archdiocese of Atlanta*, 761 S.E.2d 864 (Ga. Ct. App. 2014). Specifically, given the egregious and embarrassing nature of the underlying incident, Plaintiff will be harmed further by proceeding in her full name. Further, given the history of the harassment Plaintiff has already endured with escalating threats and posting of the video of her online, proceeding in her full name would pose a risk of retaliatory physical or mental harm to Plaintiff. Additionally, there is no unfairness to the parties by Plaintiff proceeding as Jane Doe because the Defendants are already aware of Plaintiff's full name and identity. In fact, the Defendants have been provided with copies of the videos taken of Plaintiff and are fully aware of the facts and circumstances alleged in this lawsuit. Finally, Plaintiff is willing to submit her full name to the Court under seal should the Court desire it.

through its registered agent: Paracorp Incorporated, at 2140 S. Dupont Hwy., Camden, Delaware 19934. Defendant Banyan Tree Management, LLC, Defendant Albany Downtown Hotel Partners, LLC and Defendant John Doe are joint-tortfeasors and may be subject to venue in any county in which one or more of them reside pursuant to O.C.G.A. § 9-10-31.

8.      Defendant John Doe is believed to be an employee or agent of Defendants with an unknown physical residential address. At all material times referred to in this Complaint, John Doe was conducting himself in the normal course of business acting within the scope of his employment with one or more of the named Defendants. Defendant Banyan Tree Management, LLC, Defendant Albany Downtown Hotel Partners, LLC and Defendant John Doe are joint-tortfeasors and may be subject to venue in any county in which one or more of them reside pursuant to O.C.G.A. § 9-10-31.

## IV.

### FACTUAL BACKGROUND

#### *Facts Relating to the Unauthorized Recording of Plaintiff*

9.      In July of 2015, Plaintiff paid for a room at the Hampton Inn-Albany in Albany, New York. At the time, Plaintiff had just graduated from law school and was staying in Albany to prepare for and take the New York bar exam. Plaintiff was a registered guest staying at the Hampton Inn-Albany during her time in Albany during the bar exam.

10.     Unbeknownst to Plaintiff, and without her consent, Plaintiff was recorded by a hidden video camera while fully nude in the shower.

11.     Plaintiff did not realize that she was recorded until September 30, 2018, when she received an email stating "*this is you right?*" which included a link to a video posted on a pornographic video website smutr.com. The link went to a video publicly available on the Internet

## EXHIBIT "A" - Page 6

titled "[Jane Doe] Bathroom Voyeur Cam – 2." The title of the video contained Plaintiff's full name.

12.     Plaintiff viewed the video and it indeed was herself showering in the Hampton Inn-Albany. The video shows Plaintiff fully nude and is multiple minutes long.

13.     The following is a screenshot from the video taken of Plaintiff and also another picture of the bathroom setup in the Hampton Inn-Albany. The two are a near-perfect match:



| Screenshot from Video of Plaintiff | Photo of Hampton Inn-Albany Bathroom |
|---|---|

14.     That same night, Plaintiff received another email from the same sender with specific personal details about Plaintiff including where she attended university, that she had taken

the New York bar exam, and where Plaintiff worked. In that same email the sender said, "*I don't want to embarrass you please reply.*"

15.    On October 1, 2018, Plaintiff received another email from the same sender stating: "*I'm a perv. I don't hurt anyone. I like to watch. No need to worry about me I just like to watch and then I move on to the next.*"

16.    Later that day on October 1, 2018, Plaintiff received another email from the same sender stating: "*Promise me my own show. That's the hottest. No need to show your face. Then I disappear and remove the videos forever before they get copied on every website.*"

17.    Without responding, Plaintiff received another email from the same sender on October 1, 2018, stating: "*Are you here still? I know it's you. I don't want to embarrass you. Please reply before it's too late to stop it.*"

18.    Just minutes later, the video of Plaintiff, once again with her full name, was posted on the website pornhub.com.

19.    In the early evening of October 1, 2018, Plaintiff received another email from the same sender now threatening: "*You have until midnight to send me something good. Or I will post videos, your name, info everywhere. Then I send to people you know. You can enjoy being famous.*"

20.    Plaintiff did not respond to the threats.

21.    On October 11, 2018, the video of Plaintiff was posted to the following pornographic websites—each time with Plaintiff's full name in the video title:

        a.    redtube.com

        b.    xvideos.com

        c.    xnxx.com

        d.    pornhub.com (again)

22.     Throughout this time Plaintiff was trying to get the websites to remove the video. Some websites temporarily removed the video, others did not.

23.     On October 19, 2018, Plaintiff received another email from the same sender stating: "*Why'd you take down my video??? It's ok it's already up on a bunch of sites lol. You already hit 1000 views on one. Just sent you in to a new one. Want (sic) to know which one? Do you want me to stop?*"

24.     The next day, on October 20, 2018, Plaintiff received another email from the same sender stating: "*Round 2 starts today. This time I start by emailing people you know. You think you're better than other people but you're just a whore. Eiher (sic) we talk or this goes out. Either you be my bitch or [Jane Doe] will be everbody's (sic) bitch. Be smart.*" Attached to the email was a photo of Plaintiff fully nude in the shower.

25.     On October 26, 2018, in the afternoon Plaintiff began receiving emails from colleagues, friends, and former classmates. The emails being forwarded to her by her friends and work associates were sent by an email address set up in Plaintiff's name (but it was not Plaintiff's email address nor was it Plaintiff sending the emails), and the emails sent directly to Plaintiff's friends and colleagues said the following:

> *Subject: Help with Art Project*
> *Dear Friends,*
>
> *Hi all! Hope you are all well. As the subject line says, I am trying to recruit some friends to help out a friend's art project (for which I got to be the model!! ☺)))*
>
> *It's a little daring (trust me) but you can decide that. Let me know what you think and leave a like!*
>
> *Here is the vimeo link: vimeo.com[2]*

---

[2] Plaintiff has removed the specific link from the Complaint, but the video was posted to popular video-sharing website, vimeo.com.

26.     The emails sent to Plaintiff's friends and colleagues appeared to be sent from Plaintiff given that the new email address was set up in her name. Throughout the afternoon on October 26, 2018, Plaintiff was forwarded these emails from numerous friends and colleagues.

27.     The link included in these emails included a new version of the video of Plaintiff, and the video included Plaintiff's full name in both the video title and the video itself.

28.     On the evening of October 26, 2018, Plaintiff received another email from the same sender who had been communicating with her previously stating the following:

> *Time to talk yet?*
>
> *Maybe check out Vimeo for the video projects I uploaded of you. Search your name. All those views are people you know. HUNDREDS. Some maybe watched more than once ☺ You want this to stop. You want me to stop. Right? Do I need more from you?*
>
> *Maybe you're ready. I can do that.*
>
> *A little bit of money and it all goes away.*
>
> *$2,000 USD TODAY. Then $1,000 USD each month for one year. You pay some now, a little later, and some after that. First payment and I stop the videos. Second payment less money, stay quiet. Third payment, stay quiet. You're buying peace. Easy right? Reply and then you get the BITCOIN address. So easy.*

29.     Plaintiff did not give in to the demands, and the video of Plaintiff has continued to be posted online on various websites. At present, the video of Plaintiff (each time with her full name) has been posted on the following websites at least once (and in many instances multiple times):

    a.     Pornhub.com (numerous postings)

    b.     Pornhub.com (Spanish)

    c.     Redtube.com

    d.     Xvideos.com

    e.     Xnxx.com

f.    Smutr.com

g.    Thumbzilla.com

h.    Pornado.co

i.    Sexer.cz

j.    Big-boob-porn.com

k.    Alohatube.com

l.    Motherless.com

m.    Tubesafari.com

30.    Many of these websites pay for user-generated and user-posted content. Those who post videos to the sites receive monetary compensation, often in proportion to the number of views the video generates. Because the videos of Plaintiff have been viewed many times (over a thousand) it is highly probable the posters of the videos have received monetary compensation based on the videos of Jane Doe.

31.    In an exhausting cycle of humiliation, Plaintiff has been, and continues to be, forced to constantly monitor online sites (including pornographic sites) for when additional postings are made online to attempt to remove the video.

### Relationship of Defendants

32.    The Defendants are related in the following manner:

33.    The Hampton Inn-Albany—where the unauthorized video recording occurred—is a Hilton property that is managed and operated by Defendant Banyan Management. Banyan Management is the hotel management company that provides management services, training, and oversight to the hotel.

34.     Albany Hotel Partners is the ownership entity that owns the actual Hampton Inn-Albany hotel.

35.     Albany Hotel Partners hired Banyan Management to operate, direct, and supervise the activities at the Hampton Inn-Albany where the incident occurred. Banyan Management had the sole and exclusive right to operate, direct, and supervise the operations of the Hampton Inn-Albany at the time of the incident.

36.     Some of Banyan Management's responsibilities as the supervisor, operator, and manager of the Hampton Inn-Albany were to:

     a.  Determine and create all personnel policies and procedures;

     b.  Oversee the hiring, recruiting, and discharge of all employees necessary to operate the Hampton Inn-Albany;

     c.  Establish all pricing for guest rooms;

     d.  Negotiate contracts for the hotel for services like utilities, cable, internet, cleaning, and elevator maintenance, among other things;

     e.  Procure and maintain all required licenses to allow for the operation of the hotel;

     f.  Establish administrative policies for the operation of the Hampton Inn-Albany;

     g.  Procure all necessary operating equipment and supplies to operate the Hampton Inn-Albany;

     h.  Perform advertising and promotions for the Hampton Inn-Albany;

     i.  Open and maintain bank accounts for the Hampton Inn-Albany;

     j.  Plan, execute, and supervise maintenance at the Hampton Inn-Albany;

     k.  Operate the Hampton Inn-Albany in compliance with the franchise agreement between the Hampton Inn-Albany and Hilton;

**EXHIBIT "A" - Page 12**

37.     The management and operation of the Hampton Inn-Albany was under the supervision and control of Banyan Management.

38.     Banyan Management also had absolute discretion and control over all personnel matters and over personnel employed at the Hampton Inn-Albany. Banyan Management even had discretion and control over the hotel employees who were employed by Albany Hotel Partners at the Hampton Inn-Albany.

39.     Banyan Management had total control over decisions regarding hiring, promoting, transferring, compensating, supervising, terminating, directing, and training all employees at the Hampton Inn-Albany. Banyan Management also had control over, and was responsible for, establishing and maintaining all policies and procedures relating to employment of individuals at the Hampton Inn-Albany.   In fact, Banyan Management's control was so extensive over the employees at the Hampton Inn-Albany that even Albany Hotel Partners was prohibited from directly exercising authority over or interfering with any personnel employed at the Hampton Inn-Albany other than approving the hiring of the general manager and sales director for the hotel. Everything else regarding the employees at the Hampton Inn-Albany was under the control of Banyan Management.

### *John Doe and the Recording of Plaintiff and Others*

40.     Plaintiff was recorded by a hidden camera in the bathroom of the private hotel room she paid to stay in at the Hampton Inn-Albany.

41.     The individual or individuals who recorded Plaintiff knew which room she stayed in, knew her full name, and knew her personal email address. This information was provided to the Hampton Inn-Albany upon check-in to Plaintiff's room.

EXHIBIT "A" - Page 13

42.     Plaintiff has discovered evidence that other individuals were also recorded in the same room at the Hampton Inn-Albany. Some of these individuals may have become aware of the recording after interactions like Plaintiff experienced above. However, many of these individuals are likely not yet aware that they were recorded in the bathroom and shower of the same room that Plaintiff stayed in.

43.     To have access to personal information (full name, email address, etc.) the individual performing the unauthorized recording would have to be an employee of the hotel or someone with direct access to the rooms.

44.     As neither Plaintiff nor Defendants have identified the precise identity of the perpetrator at this time, Plaintiff brings claims against John Doe.

45.     John Doe at the time of the recording of Plaintiff was an employee of one or more of the Defendants named in this suit.

46.     The conduct of John Doe was reckless, meaning that John Doe had the specific purpose of inflicting emotional distress or intended the conduct (recording Plaintiff nude in the shower) would likely result in severe emotional distress to Plaintiff. John Doe's conduct in this regard was outrageous and intolerable and it offends the generally accepted standards of decency and morality. Specifically, filming someone nude, without their consent, in their hotel room is repulsive and offensive behavior and is not at all accepted by society. Additionally, there is a causal connection between John Doe's conduct and Plaintiff's emotional distress. Namely, Plaintiff did not suffer from any type of remotely similar emotional distress until after she became aware of John Doe's recording of her fully nude in her hotel bathroom. Additionally, the emotional distress suffered by Plaintiff severe. She has had numerous instances where she has not been able to leave her apartment after this incident because of the emotional distress she is in. Further, Plaintiff has

been physically harmed as well. Since the incident she has sustained significant gastrointestinal issues and has lost over 30 pounds to date. Plaintiff did not have these problems prior to this incident.

**V.**

### CLAIMS

***General Allegations***

47.     At all material times, Defendants Banyan Management and Albany Hotel Partners owned, controlled, operated, and/or managed the premises of the Hampton Inn-Albany, and had the legal duty to keep the premises in a state consistent with due regard for the safety of its invitees, including Plaintiff.

48.     Defendants breached the duty owed to Plaintiff by failing to exercise ordinary care to keep the premises safe.

49.     Prior to when the illicit recordings of Plaintiff occurred, the Hampton Inn-Albany premises was negligently maintained, inspected, secured, patrolled, and managed. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage the premises, but failed to exercise ordinary care.

50.     Defendants were negligent in failing to maintain, inspect, secure, patrol, and manage the premises, and negligently hired, retained, supervised, entrusted, and trained employees at the property, thereby creating an unreasonable risk of injury to invitees, including Plaintiff.

**COUNT I: *Negligence Against Banyan Tree Management, LLC***

51.     Plaintiff re-alleges and re-affirms the allegations contained in the paragraphs set forth above.

# EXHIBIT "A" - Page 15

52.     Defendant Banyan Management owed a non-delegable duty of reasonable care to Plaintiff to ensure that Plaintiff was safe and her privacy was maintained while she stayed at the Hampton Inn-Albany.

53.     Defendant Banyan Management was negligent and breached the duty owed to Plaintiff in several respects, and is directly liable for those acts including but not limited to:

a.     Failed to provide Plaintiff with a safe room;

b.     Failed to perform adequate inspections of the rooms to ensure hidden cameras were not present;

c.     Failed to perform adequate training of personnel to ensure that hazards like the hidden cameras would be identified;

d.     Failed to identify that there was a hazardous situation where the privacy of guests could be severely violated at the hotel;

e.     Failed to enforce its adequate privacy policies at the hotel to protect Plaintiff's information she used to check into the hotel with;

f.     Failed to properly train its employees;

g.     Failed to properly train its employees of Albany Hotel Partners, including failure to adequately train the general manager of the hotel in question;

h.     Failed to properly supervise its employees and the employees of Albany Hotel Partners;

i.     Failed to properly supervise the hotel;

j.     Negligently hired John Doe;

k.     Negligently trained John Doe;

l.     Negligently supervised John Doe;

EXHIBIT "A" - Page 16

m.    Failed to provide adequate safety and security equipment and measures for the rooms at the Hampton Inn-Albany;

n.    Failed to maintain the Hampton Inn-Albany in a safe condition;

o.    Failed to require Albany Hotel Partners to maintain the Hampton Inn-Albany in a safe condition;

p.    Had either actual or constructive knowledge of the unsafe conditions at the hotel;

q.    Failed to institute adequate policies and procedures that would have prevented this incident from occurring;

r.    Violated applicable industry standards and regulations with regard to maintaining a safe hotel premises for a paying guest; and

s.    Other various actions and inactions deemed negligent and grossly negligent.

54.    Additionally, Banyan Management was negligent, breached the duty owed to Plaintiff in several respects, and thus is vicariously liable for those acts including but not limited to:

a.    Is vicariously liable for its employees' negligence;

b.    Is vicariously liable for Albany Hotel Partners' negligence;

c.    Is vicariously liable for John Doe's conduct that occurred during the course and scope of his employment with the Banyan Management; and

d.    Had actual and/or constructive notice of its unsafe premises.

55.    As a direct and proximate result of the Banyan Management's negligence, both direct and vicarious, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress and other damages recognized and provided

EXHIBIT "A" - Page 17

for under Georgia law. Further, as a direct and proximate result of the Banyan Management's negligence, Plaintiff also incurred past, present and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future. Finally, Plaintiff has suffered physical injury as well from the underlying event. She has sustained severe gastrointestinal issues and to date has lost over 30 pounds.

### COUNT 2: *Negligence Against Albany Downtown Hotel Partners, LLC*

56.     Plaintiff re-alleges and re-affirms the allegations contained in the paragraphs set forth above.

57.     Albany Hotel Partners owed a non-delegable duty of reasonable care to Plaintiff to ensure that Plaintiff was safe and her privacy was maintained while she stayed at the Hampton Inn-Albany.

58.     Albany Hotel Partners was negligent and breached the duty owed to Plaintiff in several respects, and is directly liable for those acts, including but not limited to:

   a.     Failed to provide Plaintiff with a safe room;

   b.     Failed to perform adequate inspections of the rooms to ensure hidden cameras were not present;

   c.     Failed to perform adequate training of personnel to ensure that hazards like the hidden cameras would be identified;

   d.     Failed to identify that there was a hazardous situation where the privacy of guests could be severely violated at the hotel;

   e.     Failed to enforce its adequate privacy policies at the hotel to protect Plaintiff's information she used to check into the hotel with;

f.     Failed to properly train its employees, including the general manager of the hotel in question;

g.     Failed to properly supervise its employees;

h.     Failed to properly supervise the hotel;

i.     Negligently hired John Doe;

j.     Negligently trained John Doe;

k.     Negligently supervised John Doe;

l.     Failed to provide adequate safety and security equipment and measures for the rooms at the Hampton Inn-Albany;

m.     Failed to maintain the Hampton Inn-Albany in a safe condition;

n.     Had either actual or constructive knowledge of the unsafe conditions at the hotel;

o.     Failed to institute adequate policies and procedures that would have prevented this incident from occurring;

p.     Violated applicable industry standards and regulations with regard to maintaining a safe hotel premises for a paying guest; and

q.     Other various actions and inactions deemed negligent and grossly negligent.

59.    Additionally, Albany Hotel Partners was negligent and breached the duty owed to Plaintiff in several respects, and is vicariously liable for those acts, including but not limited to:

a.     Is vicariously liable for its employees' negligence;

b.     Is vicariously liable for John Doe's conduct that occurred during the course and scope of his employment with Albany Hotel Partners; and

c.     Had actual and/or constructive notice of its unsafe premises.

60.     As a direct and proximate result of Albany Hotel Partners' negligence, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress and other damages recognized and provided for under Georgia law.  Further, as a direct and proximate result of the Albany Hotel Partners' negligence, Plaintiff also incurred past, present and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future. Finally, Plaintiff has suffered physical injury as well from the underlying event. She has sustained severe gastrointestinal issues and to date has lost over 30 pounds.

### COUNT 3: *Premises Liability – Banyan Management and Albany Hotel Partners*

61.     Plaintiff re-alleges and re-affirms the allegations contained in the paragraphs set forth above.

62.     Defendants Banyan Management and Albany Hotel Partners are liable to Plaintiff under a theory of premises liability.

63.     Banyan Management and Albany Hotel Partners had knowledge, actual or constructive, that a defect existed on their property—specifically the camera in Plaintiff's bathroom at the Hampton Inn-Albany.

64.     Albany Hotel Partners had a non-delegable duty to Plaintiff to exercise ordinary care in keeping the premises safe.  O.C.G.A. § 51-3-1.

65.     The camera in Plaintiff's bathroom created an unsafe condition on the property.

66.     The camera in Plaintiff's bathroom was one of the proximate causes of Plaintiff's injuries.

67.     As a direct and proximate result of the negligence of Banyan Management and Albany Hotel Partners under a premises liability theory, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress and

other damages recognized and provided for under Georgia law.  Further, as a direct and proximate result of the negligence of Banyan Management and Albany Hotel Partners, Plaintiff also incurred past, present and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future. Finally, Plaintiff has suffered physical injury as well from the underlying event. She has sustained severe gastrointestinal issues and to date has lost over 30 pounds.

### COUNT 4: *Negligence – John Doe*

68.     Plaintiff re-alleges and re-affirms the allegations contained in the paragraphs set forth above.

69.     John Doe was an employee of one or more of the Defendants named in this case at the time the videos were recorded of Plaintiff and other individuals at the Albany hotel.

70.     John Doe, in his capacity as an employee or agent of one or more of the Defendants, had access to Plaintiff's personal information and assigned Plaintiff to the room in which the video camera was placed in the bathroom.

71.     John Doe either directly recorded or facilitated the recording of Plaintiff and numerous others at the Hampton Inn-Albany while in the course and scope of his employment for one or more of the Defendants.

72.     John Doe committed each of these acts while in the course and scope of his employment with Defendants and while acting as an employee of one or more of the Defendants.

73.     As a direct and proximate result of the negligence of John Doe, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress, and other damages recognized and provided for under Georgia law.  Further, as a direct and proximate result of the negligence of John Doe, Plaintiff also incurred past, present

### EXHIBIT "A" - Page 21

and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future. Finally, Plaintiff has suffered physical injury as well from the underlying event. She has sustained severe gastrointestinal issues and to date has lost over 30 pounds.

74.    John Doe's conduct in all regards was reckless, outrageous, and unacceptable to general society.

## VI.

### DEMAND FOR JURY TRIAL

75.    Plaintiff hereby demands a jury trial on all claims.

## VII.

### PUNITIVE DAMAGES

76.    Plaintiff re-alleges and re-affirms the allegations contained in the paragraphs set forth above.

77.    Defendants' conduct showed willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to the consequences of their actions, and entitles Plaintiff to an award of punitive damages.

## VIII.

### EXPENSES AND ATTORNEY'S FEES

78.    Plaintiff re-alleges and re-affirms the allegations contained in the paragraphs set forth above.

79.    Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses

required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

## IX.

### DAMAGES

80.    Plaintiff brings each and every claim permissible under Georgia law against Defendants, joint and severally, for her injuries suffered as a result of the incident at issue, and seeks to recover all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, general and punitive damages permissible under Georgia law. Plaintiff seeks all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

    a.  All special and general damages allowed under the law;

    b.  Past and future physical pain and suffering;

    c.  Past and future mental anguish;

    d.  Past and future medical expenses;

    e.  Past and future lost wages and earning capacity;

    f.  Past and future loss of enjoyment of life;

    g.  Exemplary or punitive damages for Defendants' grossly negligent conduct;

    h.  Costs of litigation and attorney's fees;

    i.  Pre-judgment interest as provided by law;

    j.  Post-judgment interest as provided by law; and

    k.  For any such other and further relief as the Court may deem just and equitable.

## X.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jane Doe, demands judgment for her damages against the

Defendants Banyan Tree Management, LLC; Albany Downtown Hotel Partners, LLC; and John

Doe, jointly and severally.

This 2nd say of July, 2019.

Respectfully Submitted,

_____

Charles L. Clay, Jr.
GA Bar No. 129505
chuck@prattclay.com
4401 Northside Parkway, Suite 520
Atlanta, GA 30303
Phone: 404.949.8118

-and-

Kurt Arnold
Texas Bar No. 24036150
karnold@arnolditkin.com
Caj Boatright
Texas Bar No. 24036237
cboatright@arnolditkin.com
Roland Christensen
Texas Bar No. 24101222
rchristensen@arnolditkin.com
Alison Baimbridge
Texas Bar No. 24040160
abaimbridge@arnolditkin.com
6009 Memorial Drive
Houston, Texas  77007
Telephone: (713) 222-3800
Facsimile:  (713) 222-3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

## EXHIBIT "A" - Page 24
22

**VIRGINIA:**

FILED
CIVIL INTAKE
2018 NOV 30   PM 3: 36
JOHN T. FREY
CLERK, CIRCUIT COURT
FAIRFAX, VA

IN THE CIRCUIT COURT FOR THE COUNTY OF FAIRFAX

| | |
|---|---|
| **JANE DOE** | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) Case No. **2018   16980** |
| | ) |
| **HILTON WORLDWIDE** | ) |
| **HOLDINGS INC.,** | ) |
| Serve:  Registered Agent | ) |
| Corporation Service Company | ) |
| 251 Little Falls Drive | ) |
| Wilmington, Delaware 19808 | ) |
| | ) |
| | ) |
| **HILTON DOMESTIC OPERATING** | ) |
| **COMPANY INC.,** | ) |
| Serve:  Registered Agent | ) |
| Corporation Service Company | ) |
| 100 Shockoe Slip, 2nd Floor, | ) |
| Richmond, Virginia 23219 | ) |
| | ) |
| | ) |
| **HILTON FRANCHISE HOLDING LLC,** | ) |
| Serve:  Registered Agent | ) |
| Corporation Service Company | ) |
| 251 Little Falls Drive | ) |
| Wilmington, Delaware 19808 | ) |
| | ) |
| | ) |
| **BANYAN INVESTMENT** | ) |
| **GROUP, LLC,** | ) |
| Serve:  Registered Agent | ) |
| Paracorp Incorporated | ) |
| 155 Office Plaza Drive, 1st Floor | ) |
| Tallahassee, Florida 32301 | ) |
| | ) |
| | ) |
| **ALBANY DOWNTOWN HOTEL** | ) |
| **PARTNERS, LLC,** | ) |
| Serve:  Registered Agent | ) |
| Paracorp Incorporated, | ) |
| 2140 S. Dupont Hwy. | ) |
| Camden, Delaware 19934 | ) |

## EXHIBIT "B" - Page 1

```
                                    )
                                    )
And                                 )
                                    )
JOHN DOE,                           )
                                    )
          Defendants.               )
                                    )
_____)
```

## COMPLAINT

Plaintiff Jane Doe, by counsel, moves this Honorable Court for judgment, pre- and post-judgment interest, and for an award of execution against the Defendants, Hilton Worldwide Holdings Inc.; Hilton Domestic Operating Company Inc.; Hilton Franchise Holding LLC; Banyan Investment Group, LLC; Albany Downtown Hotel Partners, LLC; and John Doe (collectively "Defendants"), both jointly and severally, on the grounds and in the amount set forth below.

### I.

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this matter pursuant to Va. Code Section 17.5-513. The principal place of business for Defendant Hilton Worldwide Holdings Inc., Defendant Hilton Domestic Operating Company Inc., and Defendant Hilton Franchise Holding LLC is located in McLean, Fairfax County, Virginia , and as such, these Defendants are subject to the jurisdiction of this Court. Defendants Banyan Investment Group, LLC and Albany Downtown Hotel Partners, LLC are the franchisee owner/operators of the subject hotel where the incident took place. As Hilton franchisee owner/operators, Banyan Investment Group, LLC and Albany Downtown Hotel Partners, LLC have done substantial business with Hilton in Virginia

2

## EXHIBIT "B" - Page 2

relating to ownership and operation of the subject hotel.   They are therefore subject to the jurisdiction of this Court pursuant to Virginia's long-arm statute, Va. Code Section 8.01-328.1.

2.      Venue in this matter is proper in Fairfax, Virginia pursuant to Virginia Code § 8.01-262(3), where Defendants regularly conduct affairs or business.

3.      Removal of this case is not permitted because both Hilton Worldwide Holdings Inc. and Hilton Domestic Operating Company Inc. are forum defendants and therefore diversity of jurisdiction is lacking.

## II.

### THE PARTIES

4.      The Plaintiff, Jane Doe[1], is an adult resident of Chicago, Illinois.

5.      Defendant, Hilton Worldwide Holdings Inc. ("Hilton Worldwide") is a Delaware corporation that maintains its principal place of business in McLean, Virginia.

6.      Defendant, Hilton Domestic Operating Company Inc. ("Hilton Operating") is a Delaware corporation that maintains its principal place of business in McLean, Virginia.

7.      Defendant, Hilton Franchise Holding LLC ("Hilton Franchise") is a Delaware limited liability company that maintains its principal place of business in McLean, Virgina.[2]

---

[1] Due to the significant privacy violations Plaintiff has already endured as a result of the negligent and grossly negligent conduct of Defendants, Plaintiff is bringing this suit as "Jane Doe." Proceeding as Jane Doe in this case comports with the requirements and factors set forth in Va. Code Section 8.01-15.1, which governs the conditions under which a plaintiff may proceed anonymously in Virginia state courts. Anonymity is especially necessary because this case involves "special circumstances such that the need for anonymity outweighs the public's interest in knowing the [Plaintiff's] identity and outweighs any prejudice to any other party." Va. Code Section 8.01-15.1(A). Additionally, by proceeding as Jane Doe, Plaintiff is not intending "merely to avoid the annoyance and criticism that may attend any litigation," but instead is proceeding as Jane Doe "to preserve privacy in a sensitive and highly personal matter." Id. Further, given the history of the harassment Plaintiff has already endured with escalating threats and posting of the video of her online, proceeding in her full name would pose "a risk of retaliatory physical or mental harm to the [Plaintiff] or to innocent nonparties." Id. Finally, there is no unfairness to the parties by Plaintiff proceeding as Jane Doe because the Defendants are already aware of Plaintiff's full name and identity.

[2] At times throughout this Complaint, Plaintiff will refer to Defendants Hilton Worldwide, Hilton Operating, and Hilton Franchise as the "Hilton Defendants."

3

## EXHIBIT "B" - Page 3

8.    Defendant Banyan Investment Group, LLC ("Banyan Investment Group") is a Florida limited liability company with its principal place of business in Miramar Beach, Florida. Banyan Investment Group does a substantial amount of business relating to Hilton in Virginia.

9.    Defendant Albany Downtown Hotel Partners, LLC ("Albany Hotel Partners") is a Delaware limited liability company with its principal place of business in Miramar Beach, Florida. Albany Hotel Partners does a substantial amount of business relating to Hilton in Virginia.

10.    Defendant John Doe is believed to be an employee or agent of Defendants with an unknown physical residential address.  At all material times referred to in this Complaint, John Doe was conducting himself in the normal course of business acting within the scope of his employment with Defendants.

### III.

#### GENERAL ALLEGATIONS

*Facts Relating to the Unauthorized Recording of Plaintiff*

11.    In July of 2015, Plaintiff paid for a room at the Hampton Inn and Suites Albany-Downtown in Albany, New York ("Hampton Inn-Albany"). At the time, Plaintiff had just graduated law school and was staying in Albany to take the New York bar exam. Plaintiff was staying at the Hampton Inn-Albany during her time taking the bar exam.

12.    Unbeknownst to Plaintiff, and without her consent, Plaintiff was recorded by video in the shower, fully nude, by a hidden video camera.

13.    Plaintiff did not realize that she was recorded until September 30, 2018, when she received an email stating *"this is you right?"* which included a link to a video posted on a pornographic video website smutr.com. The link went to a video publicly available on the

4

**EXHIBIT "B" - Page 4**

Internet titled "[Jane Doe] Bathroom Voyeur Cam – 2." The title of the video contained Plaintiff's full name.

14.   Plaintiff viewed the video and it indeed was herself showering in the Hampton Inn-Albany. The video shows Plaintiff fully nude and is multiple minutes long.

15.   The following is a screenshot from the video taken of Plaintiff and also another picture of the bathroom setup in the Hampton Inn-Albany. The two are a near-perfect match:



| Screenshot from Video of Plaintiff | Photo of Hampton Inn-Albany Bathroom |
|---|---|

16.   That same night, Plaintiff received another email from the same sender with specific personal details about Plaintiff including where she attended university, that she had

5

EXHIBIT "B" - Page 5

taken the New York bar exam, and where Plaintiff worked. In that same email the sender said, "*I don't want to embarrass you please reply.*"

17. On October 1, 2018, Plaintiff received another email from the same sender stating: "*I'm a perv. I don't hurt anyone. I like to watch. No need to worry about me I just like to watch and then I move on to the next.*"

18. Later that day on October 1, 2018, Plaintiff received another email from the same sender stating: "*Promise me my own show. That's the hottest. No need to show your face. Then I disappear and remove the videos forever before they get copied on every website.*"

19. Without responding, Plaintiff received another email from the same sender on October 1, 2018, stating: "*Are you here still? I know it's you. I don't want to embarrass you. Please reply before it's too late to stop it.*"

20. Just minutes later, the video of Plaintiff, once again with her full name, was posted on the website pornhub.com.

21. In the early evening of October 1, 2018, Plaintiff received another email from the same sender now threatening: "*You have until midnight to send me something good. Or I will post videos, your name, info everywhere. Then I send to people you know. You can enjoy being famous.*"

22. Plaintiff did not respond to the threats.

23. On October 11, 2018, the video of Plaintiff was posted to the following pornographic websites—each time with Plaintiff's full name in the video title:

   (a) redtube.com

   (b) xvideos.com

   (c) xnxx.com

6

**EXHIBIT "B" - Page 6**

(d) pornhub.com (again)

24.     Throughout this time Plaintiff was trying to get the websites to remove the video. Some websites temporarily removed the video, others did not.

25.     On October 19, 2018, Plaintiff received another email from the same sender stating: *"Why'd you take down my video??? It's ok it's already up on a bunch of sites lol. You already hit 1000 views on one. Just sent you in to a new one. Want (sic) to know which one? Do you want me to stop?"*

26.     The next day, on October 20, 2018, Plaintiff received another email from the same sender stating: *"Round 2 starts today. This time I start by emailing people you know. You think you're better than other people but you're just a whore. Eiher (sic) we talk or this goes out. Either you be my bitch or [Jane Doe] will be everbody's (sic) bitch. Be smart."* Attached to the email was a photo of Plaintiff fully nude in the shower.

27.     On October 26, 2018, in the afternoon Plaintiff began receiving emails from colleagues, friends, and former classmates. The emails being forwarded to her by her friends and work associates were sent by an email address set up in Plaintiff's name (but it was not Plaintiff's email address nor was it Plaintiff sending the emails), and the emails sent directly to Plaintiff's friends and colleagues said the following:

> *Subject: Help with Art Project*
>
> *Dear Friends,*
>
> *Hi all! Hope you are all well. As the subject line says, I am trying to recruit some friends to help out a friend's art project (for which I got to be the model!! :))))*
>
> *It's a little daring (trust me) but you can decide that. Let me know what you think and leave a like!*
>
> *Here is the vimeo link: vimeo.com[3]*

---

[3] Plaintiff has removed the specific link from the Complaint, but the video was posted to popular video-sharing website, vimeo.com.

7

**EXHIBIT "B" - Page 7**

28.     The emails sent to Plaintiff's friends and colleagues appeared to be sent from Plaintiff given that the new email address was set up in her name. Throughout the afternoon on October 26, 2018, Plaintiff was forwarded these emails from numerous friends and colleagues.

29.     The link included in these emails included a new version of the video of Plaintiff that included Plaintiff's full name not only in the video title but also in the video itself.

30.     On the evening of October 26, 2018, Plaintiff received another email from the same sender who had been communicating with her previously stating the following:

> *Time to talk yet?*
>
> *Maybe check out Vimeo for the video projects I uploaded of you. Search your name. All those views are people you know. HUNDREDS. Some maybe watched more than once :) You want this to stop. You want me to stop. Right? Do I need more from you?*
>
> *Maybe you're ready. I can do that.*
>
> *A little bit of money and it all goes away.*
>
> *$2,000 USD TODAY. Then $1,000 USD each month for one year. You pay some now, a little later, and some after that. First payment and I stop the videos. Second payment less money, stay quiet. Third payment, stay quiet. You're buying peace. Easy right? Reply and then you get the BITCOIN address. So easy.*

31.     Plaintiff did not give in to the demands, and the video of Plaintiff has continued to be posted online on various websites. At present, the video of Plaintiff (each time with her full name) has been posted on the following websites at least once (and in many instances multiple times):

(a) Pornhub.com (numerous postings)

(b) Pornhub.com (Spanish)

(c) Redtube.com

(d) Xvideos.com

(e) Xnxx.com

8

**EXHIBIT "B" - Page 8**

(f) Smutr.com

(g) Thumbzilla.com

(h) Pornado.co

(i) Sexer.cz

(j) Big-boob-porn.com

(k) Alohatube.com

(l) Motherless.com

(m) Tubesafari.com

32.     Plaintiff is forced to continually monitor online for when additional postings are made online to attempt to remove the video.

### *Relationship of Defendants*

33.     The Defendants are related in the following manner:

34.     Hilton Franchise is the Hilton entity that contracts directly with individual franchisees. Hilton Operating is the parent company of Hilton Franchise and is responsible for Hilton's hotel operations in the United States. Hilton Worldwide is the parent company of Hilton Operating and oversees all Hilton business activities.

35.     The Hilton Defendants are responsible for the oversight, operation, and training for numerous hotels in the United States and throughout the world. As of December 31, 2016, Hilton has 4,922 hotels, resorts, and timeshare properties providing 804,097 rooms in 104 countries. As of December 31, 2016, Hilton employs more than 169,000 employees in its managed, owned, leased, and timeshare properties and corporate offices around the world.

36.     The Hilton Defendants provide numerous services to their franchisees, including, but not limited to the following:

9

## EXHIBIT "B" – Page 9

(a) Reservation services

(b) Furniture and fixtures

(c) Computer software, hardware, and support

(d) Direct management of the franchised hotels

37.     The Hilton Defendants also provide mandatory training programs that the general manager and/or other key personnel from each hotel must attend before opening a new franchised hotel.

38.     The Hilton Defendants also provide ongoing training for its franchisees and the employees of franchisees.

39.     The Hilton Defendants also provide services to franchisees to recruit various types of employees.

40.     The Hilton Defendants set specific standards its franchisees must follow. The specific standards set by the Hilton Defendants include, but are not limited to, the following:

(a) Furniture to use

(b) Fixtures to use

(c) Services to provide

(d) Property management

(e) Customer satisfaction measurement programs

(f) Uniforms

(g) Any and all items used in the operation of the hotel

41.     The Hilton Defendants also periodically require franchisees to make additional expenditures and investments to maintain the franchised hotels in accordance with the Hilton Defendants' standards and to remove any deficiencies in the hotel's operations.

10

**EXHIBIT "B" - Page 10**

42.     The Hilton Defendants benefit from franchised hotels, like the Hampton Inn-Albany, by receiving a set royalty fee off all rooms stayed in. The Hilton Defendants received a royalty off the room Plaintiff stayed in when she was recorded by the hidden video camera.

43.     In this case, the Hampton Inn-Albany—where the unauthorized video recording occurred—is a Hilton property that is owned and operated by Defendant Banyan Investment Group and Defendant Albany Hotel Partners.

44.     The Hampton Inn-Albany was owned and operated by Defendant Banyan Investment Group and Defendant Albany Hotel Partners at the time she was recorded in July 2015.

### *John Doe and the Recording of Plaintiff and Others*

45.     Plaintiff was recorded by a hidden camera in the bathroom of the room she paid to stay in at the Hampton Inn-Albany.

46.     The individual or individuals who recorded Plaintiff knew which room she stayed in, knew her full name, and knew her personal email address. This information was provided to the Hampton Inn-Albany upon check-in to Plaintiff's room.

47.     Plaintiff has discovered that other individuals were also recorded in the same room at the Hampton Inn-Albany. Some of these individuals may have become aware of the recording after interactions like Plaintiff experienced above. However, many of these individuals are likely not yet aware that they were recorded in the bathroom and shower of the same room that Plaintiff stayed in.

48.     To have access to personal information (full name, email address, etc.) the individual performing the unauthorized recording would have to be an employee of the hotel or someone with direct access to the rooms.

11

## EXHIBIT "B" - Page 11

49.    As Plaintiff has not identified the precise identity of the perpetrator at this time, Plaintiff brings claims against John Doe.

50.    John Doe at the time of the recording of Plaintiff was an employee of one or more of the Defendants named in this suit.

## IV.

### CLAIMS

### Count I: Negligence – The Hilton Defendants

51.    Plaintiff re-alleges and re-affirms the allegations contained in paragraphs one (1) through fifty-one (51) above.

52.    The Hilton Defendants owed a non-delegable duty of reasonable care to Plaintiff to ensure that Plaintiff was safe and her privacy was maintained while she stayed at the Hampton Inn-Albany.

53.    The Hilton Defendants were negligent and breached the duty owed to Plaintiff in several respects, including but not limited to:

(a)  Failed to provide Plaintiff with a safe room;

(b)  Failed to properly train its employees;

(c)  Failed to properly train its franchisees;

(d)  Failed to properly supervise its employees;

(e)  Failed to properly supervise its franchisees;

(f)  Negligently hired John Doe;

(g)  Negligently trained John Doe;

(h)  Negligently supervised John Doe;

12

## EXHIBIT "B" - Page 12

(i) Failed to provide adequate safety and security equipment and measures for the rooms at the Hampton Inn-Albany;

(j) Failed to maintain the Hampton Inn-Albany in a safe condition;

(k) Failed to require its franchisees to maintain the Hampton Inn-Albany in a safe condition;

(l) Failed to institute adequate policies and procedures that would have prevented this incident from occurring;

(m) Violated applicable local, state, and federal regulations;

(n) Is vicariously liable for its employees' negligence;

(o) Is vicariously liable for its franchisees' negligence; and

(p) Had actual and/or constructive notice of its unsafe premises.

54.     As a direct and proximate result of the Hilton Defendants' negligence, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress and other damages recognized and provided for under Virginia law. Further, as a direct and proximate result of the Hilton Defendants' negligence, Plaintiff also incurred past, present and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future.

### Count 2: Negligence – Banyan Investment Group

55.     Plaintiff re-alleges and re-affirms the allegations contained in paragraphs one (1) through fifty-one (51) above.

56.     Banyan Investment Group owed a non-delegable duty of reasonable care to Plaintiff to ensure that Plaintiff was safe and her privacy was maintained while she stayed at the Hampton Inn-Albany.

13

EXHIBIT "B" - Page 13

57.    Banyan Investment Group was negligent and breached the duty owed to Plaintiff in several respects, including but not limited to:

(a) Failed to provide Plaintiff with a safe room;

(b) Failed to properly train its employees;

(c) Failed to properly supervise its employees;

(d) Negligently hired John Doe;

(e) Negligently trained John Doe;

(f) Negligently supervised John Doe;

(g) Failed to provide adequate safety and security equipment and measures for the rooms at the Hampton Inn-Albany;

(h) Failed to maintain the Hampton Inn-Albany in a safe condition;

(i) Failed to require its franchisees to maintain the Hampton Inn-Albany in a safe condition;

(j) Failed to institute adequate policies and procedures that would have prevented this incident from occurring;

(k) Violated applicable local, state, and federal regulations;

(l) Is vicariously liable for its employees' negligence; and

(m) Had actual and/or constructive notice of its unsafe premises.

58.    As a direct and proximate result of the Banyan Investment Group's negligence, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress and other damages recognized and provided for under Virginia law.  Further, as a direct and proximate result of the Banyan Investment Group's

14

**EXHIBIT "B" - Page 14**

negligence, Plaintiff also incurred past, present and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future.

### Count 3: Negligence – Albany Hotel Partners

59.    Plaintiff re-alleges and re-affirms the allegations contained in paragraphs one (1) through fifty-one (51) above.

60.    Albany Hotel Partners owed a non-delegable duty of reasonable care to Plaintiff to ensure that Plaintiff was safe and her privacy was maintained while she stayed at the Hampton Inn-Albany.

61.    Albany Hotel Partners was negligent and breached the duty owed to Plaintiff in several respects, including but not limited to:

  (a) Failed to provide Plaintiff with a safe room;

  (b) Failed to properly train its employees;

  (c) Failed to properly supervise its employees;

  (d) Negligently hired John Doe;

  (e) Negligently trained John Doe;

  (f) Negligently supervised John Doe;

  (g) Failed to provide adequate safety and security equipment and measures for the rooms at the Hampton Inn-Albany;

  (h) Failed to maintain the Hampton Inn-Albany in a safe condition;

  (i) Failed to require its franchisees to maintain the Hampton Inn-Albany in a safe condition;

  (j) Failed to institute adequate policies and procedures that would have prevented this incident from occurring;

15

**EXHIBIT "B" - Page 15**

(k) Violated applicable local, state, and federal regulations;

(l) Is vicariously liable for its employees' negligence; and

(m) Had actual and/or constructive notice of its unsafe premises.

62.    As a direct and proximate result of Albany Hotel Partners' negligence, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress and other damages recognized and provided for under Virginia law. Further, as a direct and proximate result of the Albany Hotel Partners' negligence, Plaintiff also incurred past, present and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future.

**Count 4: <u>Premises Liability – Banyan Investment Group and Albany Hotel Partners</u>**

63.    Plaintiff re-alleges and re-affirms the allegations contained in paragraphs one (1) through fifty-one (51) above.

64.    Defendants Banyan Investment Group and Albany Hotel Partners are liable to Plaintiff under a theory of premises liability.

65.    Banyan Investment Group and Albany Hotel Partners had knowledge, actual or constructive, that a defect existed on their property—specifically the camera in Plaintiff's bathroom at the Hampton Inn-Albany.

66.    The camera in Plaintiff's bathroom created an unsafe condition on the property.

67.    The camera in Plaintiff's bathroom was one of the proximate causes of Plaintiff's injuries.

68.    As a direct and proximate result of the negligence of Banyan Investment Group and Albany Hotel Partners under a premises liability theory, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress

EXHIBIT "B" - Page 16

12-5-2018        301815163340001        6020181205026084

s://www.sedgwicksir.com/EditorHTML5/printModule.html?v=1.0        12/6/2

and other damages recognized and provided for under Virginia law. Further, as a direct and proximate result of the negligence of Banyan Investment Group and Albany Hotel Partners, Plaintiff also incurred past, present and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future.

### Count 5: <u>Negligence – John Doe and All Other Defendants Vicariously</u>

69.     Plaintiff re-alleges and re-affirms the allegations contained in paragraphs one (1) through fifty-one (51) above.

70.     John Doe was an employee of one or more of the Defendants named in this case.

71.     John Doe had access to Plaintiff's personal information and assigned Plaintiff to the room in which the video camera was placed in the bathroom.

72.     John Doe facilitated the recording of Plaintiff and numerous others at the Hampton Inn-Albany.

73.     John Doe negligently committed each of these acts while in the course and scope of his employment with Defendants and while acting as an employee of Defendants.

74.     All other Defendants (The Hilton Defendants, Banyan Investment Group and Albany Hotel Partners) are vicariously liable for the wrongful conduct of Defendant John Doe.

75.     As a direct and proximate result of the negligence of John Doe, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress and other damages recognized and provided for under Virginia law. Further, as a direct and proximate result of the negligence of John Doe, Plaintiff also incurred past, present and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future.

17

EXHIBIT "B" – Page 17

**Count 6: <u>Violation of § 8.01-40 of the Virginia Code – All Defendants</u>**

76.   Plaintiff re-alleges and re-affirms the allegations contained in paragraphs one (1) through fifty-one (51) above.

77.   Plaintiff brings claims against each Defendant under Section 8.01-40 of the Virginia Code, which prohibits the unauthorized recording or another.

78.   Plaintiff's name, portrait, and picture was used without her consent by the posting of videos of Plaintiff completely nude on multiple websites including her full name.

79.   The violation of Plaintiff's privacy was done knowingly, which entitles Plaintiff to punitive damages.

80.   As a direct and proximate result of Defendants' violation of Section 8.01-40 of the Virginia Code, Plaintiff has sustained severe and permanent psychological injuries, which resulted in severe mental anguish, emotional distress and other damages recognized and provided for under Virginia law.   Further, Plaintiff also incurred past, present and future medical and pharmaceutical expenses and suffered a loss of earnings in the past, present and future.

**V.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jane Doe, by counsel, demands judgment as and for her damages against the Defendants, Hilton Worldwide Holdings Inc.; Hilton Domestic Operating Company Inc.; Hilton Franchise Holding LLC; Banyan Investment Group, LLC; Albany Downtown Hotel Partners, LLC; and John Doe, jointly and severally, and an award of execution in the amount of $100,000,000.00 (One Hundred Million Dollars) as well as pre- and post-judgment interest and her costs expended in this action.

PLAINTIFF DEMANDS TRIAL BY JURY.

18

**EXHIBIT "B" - Page 18**

JANE DOE,

**By Counsel**

Bernard J. DiMuro, VSB #18784
Stacey Rose Harris, VSB #65887
DiMUROGINSBERG, PC
1101 King Street, Suite 610
Alexandria, Virginia  22314-2956
Phone:   (703) 684-4333
Fax:       (703) 548-3181
bdimuro@dimuro.com
sharris@dimuro.com


Roland Christensen, Esq.
Kurt Arnold. Esq.
Caj Boatright. Esq.
ARNOLD & ITKIN, LLP
6009 Memorial Drive,
Houston, TX 77007
Phone:   (713) 222-3800
rchristensen@ArnoldItkin.com
karnold@ArnoldItkin.com
cboatright@ArnoldItkin.com
*Of Counsel*

19

EXHIBIT "B" - Page 19

s://www.sedgwicksir.com/EditorHTML5/printModule.html?v=1.0                    12/6/2

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CITIZENS INSURANCE COMPANY OF AMERICA and MASSACHUSETTS BAY INSURANCE COMPANY, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WESTFIELD INSURANCE COMPANY, | ) ) | |
| | ) | |
| Plaintiff Intervenor, | ) | |
| | ) | Civil Action No. |
| v. | ) | 1:19-cv-05292-MHC |
| | ) | |
| BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC; and JANE DOE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC | ) ) ) |
| | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |

1

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, | ) |
| | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY | ) |
| | ) |
| | ) |
| Third-Party Counterclaim and Crossclaim Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| BANYAN TREE MANAGEMENT, LLC; ALBANY DOWNTOWN HOTEL PARTNERS, LLC | ) |
| | ) |
| | ) |
| Third-Party Counterclaim Defendants | ) |
| and | ) |
| | ) |
| JANE DOE, | ) |
| | ) |
| Crossclaim Defendant. | ) |

## JANE DOE'S OBJECTIONS AND RESPONSES TO STARR INDEMNITY & LIABILITY COMPANY'S FIRST REQUESTS FOR ADMISSION

TO:   Starr Indemnity & Liability Company, by and through its counsel of record C. Michael Johnson and Thomas Wingfield, Hall Booth Smith, P.C., 191 Peachtree Street, NE, Suite 2900, Atlanta, Georgia 30303.

Jane Doe objects and responds to Starr Indemnity & Liability Company's First

Requests for Admission as follows:

2

## GENERAL RESERVATIONS

1.  Jane Doe submits these objections and responses without intending to waive and expressly reserve the right to change, modify, supplement, or clarify the objections and responses.

2.  In providing the information requested by Third-Party Counterclaim and Crossclaim Plaintiff, Jane Doe does not waive any objections as to the admissibility of such information in evidence.

3.  The inadvertent production of any privileged information or documents shall not be deemed to be a waiver of any applicable privilege with respect to such information, document, or the contents thereof.

## Requests for Admission

### *John Doe Filming Jane Doe Nude in the Shower of the Hotel*

**REQUEST NO. 1:**      A true and accurate copy of the Complaint filed by Jane Doe against, among others, Banyan and Albany in the Virginia Action is attached hereto as Exhibit A.

**Response: Jane Doe objects to this request in that it is not a request *per se*, but admits that Exhibit A is a true and correct copy of one of the Complaints.**

**REQUEST NO. 2:**      A true and accurate copy of the Complaint filed by Jane Doe against, among others, Banyan and Albany in the Virginia Action is attached hereto as Exhibit B.

**Response: Jane Doe objects to this request in that it is not a request *per se*, but admits that Exhibit A is a true and correct copy of one of the Complaints.**

**REQUEST NO. 3:**      In the Georgia Complaint and the Virginia Complaint, Jane Doe does not allege that John Doe made any physical contact with the body Jane Doe, causing any of Jane Doe's Injuries when John Doe filmed Jane Doe nude in the shower in 2015.

**Response:  Jane Doe objects that the Complaints she filed speak for themselves. Subject to those objections, Jane Doe is unaware of any physical contact with her body from John Doe.**

**REQUEST NO. 4:**      Jane Doe has no evidence that Banyan publishes information such as email addresses, hotel room numbers and the dates of stays of its guests at the Hotel.

**Response: Jane Doe does not have sufficient information to admit or deny this request.**

**REQUEST NO. 5:**      Jane Doe's email address, hotel room number and the dates of her stay at the Hotel is private information.

**Response: Jane Doe objects that the term "private information" as vague and ambiguous. Subject to these objections, Jane Doe admits she expects her information to be treated as private information but Jane Doe does not believe her information was kept private.**

**REQUEST NO. 6:**      Jane Doe has no evidence that Albany publishes information such as email addresses, hotel room numbers and the dates of stays of its guests at the Hotel.

**Response: Jane Doe does not have sufficient information to admit or deny this request.**

**REQUEST NO. 7:**     Jane Doe's name, email address, hotel room number and the dates of her stay at the Hotel are personal information.

**Response: Jane Doe objects that the term "personal information" as vague and ambiguous. Subject to these objections, Jane Doe admits she expects her information to be treated as private information but Jane Doe does not believe her information was kept private. Without further explanation as to what "personal information" means in this request Jane Doe is unable to answer further.**

**REQUEST NO. 8:**     Jane Doe's name, email address, hotel room number and the dates of her stay at the Hotel are not publicly available information.

**Response:   Jane Doe objects that this request is compound. Subject to this objection, Jane Doe admits her hotel room number and dates of her stay should not be publicly available, but Jane Doe is unsure whether that information was kept private. Jane Doe does not know for certain but believes her email address may have been available on her LinkedIn profile. Jane Doe's name at the time of the recording was publicly available on LinkedIn.**

6

**REQUEST NO. 9:**      Jane Doe has no evidence that Banyan's business includes placing cameras in the Hotel's bathrooms and filming guests of the Hotel nude in the shower.

**Response:   Jane Doe does not know the extent of "Banyan's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of placing cameras in bathrooms and filming guests nude in the shower. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 10:**      Jane Doe has no evidence that John Doe's alleged placement of a camera in the Hotel bathroom and filming Jane Doe nude in the shower in 2015 was part of Banyan's business.

**Response:   Jane Doe does not know the extent of "Banyan's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of placing cameras in bathrooms and filming guests nude in the shower. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 11:**      Jane Doe has no evidence that John Doe was acting on behalf of Banyan when he allegedly placed a camera in the Hotel bathroom and filmed Jane Doe nude in the shower in 2015.

7

**Response:   Jane Doe does not know the precise identity of John Doe. To the extent John Doe was an employee or agent of Banyan and working while he placed the camera, then it could be on behalf of Banyan.**

**REQUEST NO. 12:**     Jane Doe has no evidence that Albany's business includes placing cameras in the Hotel's bathrooms and filming guests of the Hotel nude in the shower.

**Response:   Jane Doe does not know the extent of "Abany's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of placing cameras in bathrooms and filming guests nude in the shower. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 13:**     Jane Doe has no evidence that John Doe's alleged placement of a camera in the Hotel bathroom and filming Jane Doe nude in the shower in 2015 was part of Albany's business.

**Response:   Jane Doe does not know the extent of "Abany's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of placing cameras in bathrooms and filming guests nude in the shower. However, that is what occurred to Jane Doe in this case.**

8

**REQUEST NO. 14:**      Jane Doe has no evidence that John Doe was acting on behalf of Albany when he allegedly placed a camera in the Hotel bathroom and filmed Jane Doe nude in the shower in 2015.

**Response:   Jane Doe does not know the precise identity of John Doe. To the extent John Doe was an employee or agent of Albany and working while he placed the camera, then it could be on behalf of Albany.**

**REQUEST NO. 15:**      In the Georgia and the Virginia Complaints, John Doe is not alleged to be the owner of the room in which Jane Doe was staying when she was filmed nude in the shower in 2015.

**Response:   Jane Doe objects that the Complaints speak for themselves. Subject to this objection, admit.**

**REQUEST NO. 16:**      In the Georgia and the Virginia Complaints, John Doe is not alleged to be the landlord of the room in which Jane Doe was staying when she was filmed nude in the shower in 2015.

**Response:   Jane Doe objects that the Complaints speak for themselves. Jane Doe also objects that the term "landlord" is vague and undefined. Subject to these objections, admit.**

9

**REQUEST NO. 17:**      In the Georgia and the Virginia Complaints, John Doe is not alleged to be the lessor of the room in which Jane Doe was staying when she was filmed nude in the shower in 2015.

**Response:   Jane Doe objects that the Complaints speak for themselves. Jane Doe also objects that to answer this question would require a legal admission on who was the lessor of the room. Based on these objections, Jane Doe cannot answer as this request is phrased.**

**REQUEST NO. 18:**      Jane Doe has no evidence that John Doe was Banyan and/or Albany's employee or independent contractor when John Doe filmed Jane Doe nude in the shower in 2015.

**Response:   Denied.**

**REQUEST NO. 19:**      John Doe recorded Jane Doe nude in the shower for at least one of the following reasons: John Doe, or another person's amusement, entertainment, profit, or sexual gratification, and/or to degrade or abuse Jane Doe.

**Response:   Jane Doe objects to the extent that this request requires her to legally admit to John Doe's motivations, which Jane Doe does not have personal knowledge of. Jane Doe cannot admit what John Doe's intentions were.**

**REQUEST NO. 20:**     Jane Doe contends that John Doe installed a hidden camera in the Hotel bathroom to surreptitiously view and/or record Jane Doe nude in the shower in 2015.

**Response: Jane Doe admits that either John Doe or individuals working with or for John Doe installed the camera to surreptitiously view and/or record her.**

**REQUEST NO. 21:**     The Hotel bathroom is a place where Jane Doe had a reasonable expectation of privacy.

**Response: Admit.**

**REQUEST NO. 22:**     The act of John Doe taking a video, picture or film of Jane Doe nude in the shower in 2015 was a crime and a criminal act

**Response: Jane Doe objects that this request is improper as it requires a legal conclusion.**

**REQUEST NO. 23:**     Jane Doe contends that John Doe filmed Jane Doe nude in the shower in 2015 without Jane Doe's knowledge or consent.

**Response: Admit.**

11

**REQUEST NO. 24:**      Jane Doe voluntarily granted access to her Hotel room to at least one other person during her stay in the Hotel in 2015, during which stay she was filmed nude in the shower.

**Response: Admit.**

**REQUEST NO. 25:**      The person that Jane Doe voluntarily granted access to her Hotel room during her stay in the Hotel in 2015 had access to the shower area where she was filmed nude in the shower.

**Response: Admit.**

**REQUEST NO. 26:**      Jane Doe has no evidence to disprove that the person she voluntarily granted access to her Hotel room during her stay in the Hotel in 2015 is John Doe.

**Response:   Denied.**

*Publications of the Subject Video and Emails from John Doe*

**REQUEST NO. 27:**      Jane Doe has no evidence that Banyan's business includes publishing nude images and/or videos of its guests in the shower and transmitting extortionist emails to its guests.

**Response:   Jane Doe does not know the extent of "Banyan's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of publishing nude images or videos of its guests in the shower and transmitting extortionist emails to its guests. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 28:**      Jane Doe has no evidence that John Doe's alleged publication of the Subject Video and transmission of extortionist emails to Jane Doe was part of Banyan's business.

**Response:   Jane Doe does not know the extent of "Banyan's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of publishing nude images or videos of its guests in the shower and transmitting extortionist emails to its guests. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 29:**      Jane Doe has no evidence that John Doe was acting on behalf of Banyan when John Doe allegedly published the Subject Video and transmitted extortionist emails to Jane Doe.

**Response:   Denied.**

**REQUEST NO. 30:**      Jane Doe has no evidence that at the time John Doe published the Subject Video and transmitted emails to Jane Doe, John Doe was an employee or independent contractor of Banyan and/or Albany.

**Response:   Denied.**

**REQUEST NO. 31:**      Jane Doe has no evidence that Albany's business includes publishing nude images and/or videos of its guests in the shower and transmitting extortionist emails to its guests.

**Response:   Jane Doe does not know the extent of "Albany's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of publishing nude images or videos of its guests in the shower and transmitting extortionist emails to its guests. However, that is what occurred to Jane Doe in this case.**

14

**REQUEST NO. 32:**     Jane Doe has no evidence that John Doe's alleged publication of the Subject Video and  sending of extortionist emails to Jane Doe was part of Albany's business.

**Response:   Jane Doe does not know the extent of "Albany's business" and objects that that term is vague and ambiguous. Subject to that objection, Jane Doe states that a hotel should not make a business practice of publishing nude images or videos of its guests in the shower and transmitting extortionist emails to its guests. However, that is what occurred to Jane Doe in this case.**

**REQUEST NO. 33:**     Jane Doe has no evidence that John Doe was acting on behalf of Albany when John Doe allegedly published the Subject Video and transmitted extortionist emails to Jane Doe.

**Response:   Denied.**

**REQUEST NO. 34:**     John Doe intentionally disseminated the Subject Video by publishing the same on the internet.

**Response:   Jane Doe objects that she does not know the intent of John Doe, but it appears the video was not disseminated by accident.**

15

**REQUEST NO. 35:**        When John Doe published the Subject Video, John Doe was aware that the Subject Video was obtained by unlawfully filming Jane Doe nude in the shower in 2015 through the use of a hidden camera.

**Response: Jane Doe objects that this request seeks a legal admission on whether the conduct was unlawful and thus is improper. Jane Doe also objects that this request requires Jane Doe to legally admit John Doe's knowledge.**

**REQUEST NO. 36:**        John Doe's transmission of emails to Jane Doe and publications of the Subject Video was an attempt to extort from Jane Doe monetary payment, or for compensation.

**Response:  Jane Doe does not know the full reason why John Doe transmission of each email but admits at least some emails contain evidence of extortion.**

**REQUEST NO. 37:**        Jane Doe contends that John Doe attempted to receive compensation in exchange for not publishing the Subject Video to Jane Doe's family and friends.

**Response: Admit.**

**REQUEST NO. 38:**        John Doe published the Subject Video, linking Jane Doe's naked image to her name, without Jane Doe's consent.

16

**Response: Admit.**

**REQUEST NO. 39:**      Jane Doe contends that John Doe attempted to induce Jane Doe to provide John Doe additional nude photographs and/or videos of Jane Doe and monetary payment by threatening further publication of the Subject Video.

**Response: Admit.**

**REQUEST NO. 40:**      Jane Doe contends that John Doe transmitted emails and published the Subject Video with the intent of extorting from Jane Doe additional nude photographs and/or videos of Jane Doe and monetary payment.

**Response:  Jane Doe objects that this request requires Jane Doe to legally admit to John Doe's intent, which Jane Doe does not know.**

**REQUEST NO. 41:**      Through emails to Jane Doe, John Doe transmitted a communication in interstate commerce containing a threat to injure Jane Doe's reputation.

**Response:   Jane Doe objects that this request requires a legal conclusion. Jane Doe does not know where John Doe was when he sent emails or whether or not that would amount to "interstate commerce."**

**REQUEST NO. 42:**     The act of John Doe publishing on the internet or any other public venue a video, picture or film of Jane Doe nude in the shower in 2015 was a crime and a criminal act.

**Response:   Jane Doe objects that this request requires a legal conclusion and is thus improper.**

**REQUEST NO. 43:**     The act of John Doe publishing on the internet or any other public venue information as to which room Jane Doe stayed in the Hotel, the dates of her stay in the Hotel, and her personal information was a crime and a criminal act

**Response: Jane Doe objects that this request requires a legal conclusion and is thus improper.**

**REQUEST NO. 44:**     Prior to the publications of the Subject Video, Jane Doe's naked image linked to her name was not publicly available.

**Response:   Jane Doe does not have sufficient information to admit or deny.**

**REQUEST NO. 45:**     By publishing the Subject Video, John Doe disclosed information that was not publicly available.

**Response: Admit.**

18

**REQUEST NO. 46:**      The Subject Video linked Jane Doe's naked image to her name.

**Response: Admit.**

**REQUEST NO. 47:**      In the Georgia Complaint and the Virginia Complaint, Jane Doe does not allege that John Doe made any physical contact with the body Jane Doe, causing any of Jane Doe's Injuries, when John Doe transmitted emails to Jane Doe and published the Subject Video.

**Response:   Jane Doe objects that the Complaints speak for themselves.**

**REQUEST NO. 48:**      A video, picture or film of Jane Doe nude in the shower in 2015 was first published on the internet prior to July 31, 2018.

**Response:   Jane Doe does not have sufficient information to admit or deny.**

**REQUEST NO. 49:**      Jane Doe has no evidence that during the period of July 31, 2018 to July 31, 2019 John Doe was acting on behalf of the business of Albany or Banyan when he committed the acts that Jane Doe claims caused Jane Doe's Injuries.

**Response:   Jane Doe does not know of all of John Doe's activities during this time period. Thus, Jane Doe cannot admit or deny.**

19

*Jane Doe's Injuries*:

**REQUEST NO. 50:**      During the period from July 31, 2018 to July 31, 2019 Jane Doe suffered no unwanted physical contact by John Doe or anyone else causing Jane Doe's Injuries.

**Response:  Jane Doe does not know the identity of John Doe with certainty so Jane Doe has difficulty admitting or denying. Jane Doe also objects that the term "physical contact" is vague and ambiguous. Subject to these objections, admit to the extent Jane Doe understands this request.**

**REQUEST NO. 51:**      John Doe's actions that caused Jane Doe's Injuries were intentional and not accidental.

**Response:   Jane Doe does not know what the intent of John Doe was so she cannot admit or deny. Jane Doe states that based on the facts she is aware, it did not seem accidental.**

**REQUEST NO. 52:**      Jane Doe is asserting that Albany and Banyan are vicariously liable for Jane Doe's Injuries caused by intentional wrongful acts of John Doe acting within the scope of his employment for Albany and Banyan.

**Response:  Jane Doe is asserting Albany and Banyan are vicariously liable for John Doe's wrongful acts.**

**REQUEST NO. 53:**      Jane Doe has no evidence that during the period of July 31, 2018 to July 31, 2019 John Doe was acting within the scope of his employment for either Albany or Banyan when he committed the acts that Jane Doe claims caused Jane Doe's Injuries.

**Response:   Denied.**

**REQUEST NO. 54:**      Jane Doe's Injuries are based entirely on her learning that she had been filmed nude in the shower in 2015 and from emails by John Doe.

**Response:   Denied.**

**REQUEST NO. 55:**      Jane Doe was not physically injured when John Doe allegedly filmed her nude in the shower in 2015.

**Response:   Jane Doe's physical injuries were sustained after she became aware of the videos as stated in the Complaints.**

**REQUEST NO. 56:**      Jane Doe was not physically injured when John Doe allegedly transmitted emails to Jane Doe and published the Subject Video.

**Response:   Denied.**

**REQUEST NO. 57:**      Jane Doe's Injuries only include mental anguish followed by gastrointestinal issues and weight loss.

21

**Response:   Denied.**

**REQUEST NO. 58:**      Jane Doe did not suffer gastrointestinal issues and weight loss prior to suffering mental anguish as a result of John Doe's transmission of emails to Jane Doe and publication of the Subject Video.

**Response:   Jane Doe did not suffer similar gastrointestinal issues prior to this incident.**

**REQUEST NO. 59:**      Jane Doe's Injuries do not include physical injury to or loss of use of tangible property, not including electronic data.

**Response:   To the extent Jane Doe understands this request, denied.**

December 18, 2020                                        Respectfully Submitted,

*/s/ Roland Christensen*
Kurt Arnold *pro hac vice*
karnold@arnolditkin.com
Caj Boatright *pro hac vice*
cboatright@arnolditkin.com
Roland Christensen *pro hac vice*
rchristensen@arnolditkin.com
Arnold & Itkin LLP
6009 Memorial Drive
Houston, Texas 77007
Tel. 713.222.3800
Fax. 713.222.3850

-and-

Charles L. Clay, Jr.
Pratt Clay, LLC
4401 Northside Parkway, Suite 520
Atlanta, Georgia 30327

22

404-949-8118
404-949-8159 (Facsimile)
chuck@prattclay.com
*Counsel for Plaintiff Jane Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2020 a true and correct copy of the foregoing was served by E-Mail.

*/s/Roland Christensen*
Roland Christensen

23